Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com
Atty ID# 312476

| | |
|---|---|
| JAMES EVERETT SHELTON | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff | |
| v. | |
| FCS CAPITAL LLC, ET AL. Defendants | |
| | No.  2:18-cv-03723-NIQA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
FCS CAPITAL LLC, EMIL YASHAYEV, BARRY SHARGEL, JACOVETTI LAW, P.C.
AND ROBERT C. JACOVETTI (DEFENDANTS) MOTION TO VACATE THE
CLERK'S ENTRIES OF DEFAULT**

   /s/ Joshua Thomas_____
Joshua L. Thomas and Associates
Joshua Thomas Esq.
Supreme Court ID No. 003992012
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

Defendants, respectfully submit this memorandum of law in support of its motion to vacate the Clerk's entry of default against Chase, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The default that was entered against all Defendants should be vacated, as good cause exists to set aside the default. First, Plaintiff knowingly and intuitionally entered into a waiver of service for Emil Yashayev, Barry Shargel and FCS Capital LLC. Plaintiff, in fact, uploaded this waiver on October 23, 2018 in regards to the initial complaint. Then, two weeks later, the Amended Complaint was filed on November 13, 2018. As Plaintiff was well aware, the affidavit of service permits 60 days to submit a responsive pleading. (See Docket entry 6). Prior to the 60 days expiring, and without Defendants' consent, Plaintiff submitted an amended complaint. (See Docket Entry 7). As such, since they service was originally by waiver of service, and no further attempts at proper service were made of the amended complaint, Defendants still had 60 days to submit responses. After that was sent, a safe harbor letter was sent to Plaintiff. (See Exhibit A – Safe harbor letter). However, prior to the expiration of the 60 days, and instead of responding to the safe harbor letter, a request for default was entered on December 16, 2018. (See Docket Entry 9).

Second, and even more seriously, Plaintiff never properly served Jacovetti Law, P.C. and Robert C. Jacovetti by his own admission. By Plaintiff's own admission, the only "service" on these two entities was via certified mail. (See Docket entries 10 and 11). As such, Plaintiff admitted that proper service was not performed on these entities. As such, the request for default submitted on December 20, 2018 was not proper, by plaintiff's own admission.  As such, the Plaintiff was not entitled to either of these Defaults.

**LEGAL ARGUMENT**
**DEFAULT AGAINST DEFENDANTS SHOULD BE VACATED**

A. Standard of Review

Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." *See also Mrs. Ressler's Food Prods. v. KZY Logistics, LLC*, 675 F. App'x 136, 139 (3d Cir. 2017). In determining whether to vacate default, a court should consider: (1) whether the plaintiff will be prejudiced by a vacatur of default; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the entry of default. See *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also Sourcecorp Inc. v. Croney*, 412 Fed. Appx. 455, 459 (3d Cir. 2011). Vacatur of an entry of default requires a less substantial showing than vacatur of a default judgment. *See Feliciano*, 691 F.2d at 656. The Third Circuit "does not favor entry of defaults or default judgments." *Id*. at 6 (citing *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984). Rather, it prefers adjudication on the merits. *See id*. (citing *Hill v. Williamsport Police Dep't,* 69 Fed. Appx. 49, 51 (3d Cir. 2003)).

In addition, default judgment without proper service of the complaint is, *a fortiori,* void and should be set aside – without the need to consider the Third Circuit's three-part test set forth above in *Feliciano. See Deutsche Bank Nat. Tr. Co. v. Lindsey*, No. CIV.A. 13-2040 JBS, 2014 WL 4793017, at *2 (D.N.J. Sept. 25, 2014 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir. 1985)); *see also United States v. One Toshiba Color TV*, 213 F.3d 147, 156 (3d Cir. 2000); *Mettle v. First Union Nat. Bank,* 279 F.Supp.2d 598, 603 n.3 (D.N.J. 2003) ("As this Court finds that entry of default against [defendant] is void based on the improper service of the summons and complaint, the Court need not consider the factors set forth in *Gold Kist."*). A motion to set aside default is addressed to the sound discretion of the court. *See Emmanouil v.*

*ita Mgmt., LLC*, No. CIV.A. 11-5575 JAP, 2012 WL 2277721, at *6 (D.N.J. June 15, 2012) (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)).

B.  <u>Defendants Have All Satisfied The Standard To Vacate Default</u>

Because Defendants Emil Yashayev, Barry Shargel and FCS Capital LLC had all signed a waiver, pursuant to FRCP 12(a)(1)(A)(ii) and FRCP 4(d), they had 60 days to submit a response to the Amended Complaint, since it was filed prior to a response being submitted to the first complaint and since it had not been submitted per agreement of the parties. As such, the default was entered prematurely as to these parties, since they were not re-served to shorten the time frame to 21 days.

Further, because Defendants Jacovetti Law, P.C. and Robert C. Jacovetti were not properly served with the complaint at all, and Plaintiff even cites to the wrong rules for their alleged service specifically "PA RCP 404(2) and 403" [sic]. Obviously, those rules do not apply for a federal complaint, and the proper form of service is pursuant to FRCP 4(c). Plaintiff admits service was not proper in his affidavits, serving only via certified mail when there was no permission to do so, and further, relies on the improper rules for this alleged service. Further, upon information and belief, Plaintiff had actually discussed waiver of service with a representative for Defendants Jacovetti Law, P.C. and Robert C. Jacovetti, and chose to use the improper method of service instead.

As such, this Court need not even consider the three-part test articulated by the Third Circuit in *Feliciano* for any of the Defendants. Rather, the defaults against all defendants is a fortiori, void. *See Lindsay*, 2014 WL 4793017. Even if, however, the Court were to consider the Third Circuit's three-part test, it would still be appropriate for this Court to vacate the defaults.

C.  Plaintiff Will Not Be Prejudiced by Vacating the Default

Plaintiff will not be prejudiced if the defaults entered against Defendants are vacated. The question of prejudice involves the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default judgment. *See Walker v. Glover*, No. CIV.A. 06-5211SRC, 2007 WL 4557652, at *1 (D.N.J. Dec. 21, 2007) (citing *Feliciano*, 691 F.2d at 657). A plaintiff will not be prejudiced by merely having to litigate a matter that the litigant hoped to prevail on by default. *See id*. Indeed, the law favors adjudicating cases on the merits. *See id*.

As applied here, there is no prejudice to Plaintiff if the default is vacated. Vacating the defaults, and allowing Defendants to file responsive pleadings to the Complaint, will not lead to loss of evidence, or increase the potential for fraud or collusion. Instead, it will enable the Court to reach a decision on the merits of the case, which is encouraged by the policy of the Third Circuit. Further, there is no evidence that the Plaintiff substantially relied upon the default. Plaintiff knew or should have known the proper rules of waiver and service pursuant the FRCP, but chose not to abide by them, in one case trying to rush to default, and in the other trying to use different rules for improper service. Neither of these are proper methods to try and acquire a default and do show any form of reliance.

D.  Defendants All have Meritorious Defenses To The Complaint

   a.  Defendants FCS Capital LLC, Emil Yashayev, Barry Shargel

Substantially all of the "facts" alleged by Plaintiff are either palpable incorrect, or misstated to intentionally be misleading. First,  the T-mobile usage screenshot and also the email that Plaintiff received did not come from any of the Defendants, rather it came from an entity known as "Fast Advance" at the time in question. Plaintiff sent this information to sent to

Defendant Robert C. Jacovetti as "evidence" and as such, we are entering this as an exhibit, as it is already known by the parties. (See Exhibits B and C – T-mobile usage screenshot and email to Plaintiff.) Further, Business Debt Experts and Business Debt Relief, LLC are not actual companies nor are they actual D/B/A's and as such, all facts alleged by Plaintiff in this regard are simply not accurate or have any relation with reality. Further, Michael Deangelis was an employee of Fast Advance Funding (FAF) during the time that Plaintiff is alleging. In fact, Plaintiff even mentions this in his Complaint, yet still continues to reference the improper parties. Mr. Deangelis was calling from his personal cell phone which none of the parties in this case have an authority over. Further, Mr. Deangelis was sending emails from FAF after May 1st and therefore he could not be working for any Defendants because the emails would have been sent from a Defendant entity, which they were not. While the phone number 347-707-7942 is a number owned by FCS Capital LLC, the number could have been spoofed by Michael Deanglis in order to get back at the Defendants for firing him. Further, the application that Deanglis sent Plaintiff from his "FAF" email with Defendant's letter head was once again something that could have been done for "revenge" and the documents were something Deanglis had from his time working with Defendant before the time in question. Further, paragraph 62 on page 14 of the complaint is a phone number that is owned by Defendant but that was not Deanglis' old number.

Further, on page 19, paragraph 110 on the Complaint, pursuant to internal call records, that number did not make the alleged call at that time.  On paragraph 71 on page 15 of the complaint, where calls are alleged, an internal review of the phone records show those calls did not happen at that time. Further, the alleged number does not do text messaging, auto dialer or touch 1 calls, so these assertions are not accurate. Additionally, Plaintiff claims that Anthony Diaz called him several times from May through August. However, during this time, Plaitniff

engaged in conversation with Anthony and expressed interest in our service, that is why Anthony kept calling him to follow up on previous conversations. In Plaintiff's call log on 10/17/2018 a text was allegedly sent from a number ending in 3787. Defendants have reviewed all activity for that extension for that day. It was two calls that came in nothing going out and that number does not, in fact, send texts. Further, Plaintiff says that Terrell called him multiple times and yet again, the phone records do not match this. Finally, in direct opposition to page 10, paragraph 42 of the complaint, The Defendants alleged have not and do not claim that they are a law office. This is merely false.

      b.   Defendants Jacovetti Law, P.C. and Robert C. Jacovetti

It is apparent that Plaintiff only amended the complaint to include these Defendants purely as a form of attempted coercion against Defendant Jacovetti. After several attempts to browbeat Jacovetti via email and phone calls, Plaintiff simply threatened to include him as a Defendant if he did not give in to Plaintiff's demands. There are no actual material facts as to what these Defendants did or allegedly did, besides representing the other defendants in actions. They did not perform collections, nor did they actually attempt to call Plaintiff to sell services. The new claims in the amended complaint against these defendants are completely frivolous and should be dismissed with prejudice as they were only included so these Defendants could not represent the others in this frivolous action.

  E.  Defendants Did Not Engage in Culpable Conduct Leading to the Entry of Defaults

Defendants did not engage in any culpable conduct, mistake, oversight, or negligence that led to the default. To the contrary, the default was entered based solely upon the culpable conduct, mistake, oversight, or negligence of Plaintiff, who admitted to improper service on the one hand, and moved for default to quickly on the other.

Courts have consistently granted motions to vacate default (and default judgment) where the defendant rebutted the alleged service of process. *See, e.g.*, *Live Face on Web, LLC v. Zeobit, LLC*, No. CV 17-1255, 2017 WL 4390505, at *5 (E.D. Pa. Oct. 3, 2017) (granting defendant's motion to vacate default, where defendant submitted a declaration stating that the individual whom Plaintiff allegedly served with the Complaint as the defendant's sole registered agent, was not in fact an agent or employee of the defendant, and was never authorized to accept service of process on behalf of the defendant); *Direct Route, LLC v. Spirevision, Inc.*, No. C09- 0486RAJ, 2009 WL 10688090, at *2 (W.D. Wash. July 31, 2009) (granting defendant's motion to vacate default judgment, based upon "the process server's conflicting declarations with the evidence submitted by the Defendants"); *DirecTV, Inc. v. Garcia*, No. 4:03-CV-422-A, 2004 WL 691219, at *4-*6 (N.D. Tex. Mar. 2, 2004) (setting aside default judgment based upon the process served "had made several false returns of service in multiple cases, including that … the process server gave false declarations, under penalty of perjury, that he had made proper service of process in each of those cases").

## CONCLUSION

For these reasons, this Court should vacate the clerk's entries of default.

          /s/ Joshua Thomas_____
Joshua L. Thomas and Associates
Joshua Thomas Esq.
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

# **CERTIFICATION**

I, the undersigned attorney certify that I served a copy of this on Plaintiff, specifically:

James Everett Shelton
316 Covered Bridge Road
King of Prussia, Pa 19406

                                ___/s/ Joshua Thomas_____
                                Joshua L. Thomas and Associates
                                Joshua Thomas Esq.
                                Supreme Court ID No. 312476
                                225 Wilmington-West Chester Pike
                                Suite 200
                                Chadds Ford, PA 19317
                                Phone: (215) 806-1733
                                Email: JoshuaLThomas@gmail.com

JAMES EVERETT SHELTON

      Plaintiff

      v.

FCS CAPITAL LLC, ET AL.
      Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

No.  2:18-cv-03723-NIQA

**ORDER GRANTING
MOTION TO VACATE
CLERK'S ENTRIES OF DEFAULT**

THIS MATTER having been opened to the Court upon the application of attorneys for

Defendants, upon notice to all parties for an Order vacating the Clerk's entries of default,

pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and the Court having considered

the submissions of the parties, and for good cause shown;

IT IS ON THIS _____ day of _____, 2019;

ORDERED:

1. That Defendants motion is hereby granted; and

2. That the Clerk's defaults entered against all Defendants be and hereby is vacated.


_____
HONORABLE NITZA I QUINONES ALEJANDRO, U.S.D.J.

Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com
Atty ID# 312476

| | |
|---|---|
| JAMES EVERETT SHELTON<br><br>       Plaintiff<br><br>       v.<br><br>FCS CAPITAL LLC, ET AL.<br>       Defendants | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br><br><br>No.  2:18-cv-03723-NIQA |

**DECLARATION IN SUPPORT OF DEFENDANTS'**
**FCS CAPITAL LLC, EMIL YASHAYEV, BARRY SHARGEL, JACOVETTI LAW, P.C.**
**AND ROBERT C. JACOVETTI (DEFENDANTS) MOTION TO VACATE THE**
**CLERK'S ENTRIES OF DEFAULT**

I,  Joshua L. Thomas, declare as follows:

1.      I am admitted to practice law in the United States District Court, Eastern District of

Pennsylvania  and attorney of record herein for all Defendants. If called as a witness in

this Action, I am competent to testify of my own personal knowledge, to the best of my

recollection, as to the matters set forth in this Declaration.

2.      I submit this declaration in support of Chase's Motion to Vacate Default pursuant to

Federal Rule of Civil Procedure 55.

3.      A safe harbor letter was sent to Plaintiff via regular mail at 316 Covered Bridge Road

King of Prussia, PA 19406 on December 5, 2018. (See Exhibit A).

4.      The letter was not returned but no response was forthcoming to the letter.

5.      After discussion at length this matter with Defendant, Barry Shargel he sent the T-mobile

        usage screenshot (See Exhibit B).

6.      Mr. Shargel sent me the email that Plaintiff from an entity known as "Fast Advance".

        (See Exhibit C – email to Plaintiff).

7.      Mr. Shargel also sent me detailed information regarding the call logs that are referenced

        in this pleading.


Dated: January 7, 2019

                                                   ___/s/ Joshua Thomas_____
                                                   Joshua L. Thomas and Associates
                                                   Joshua Thomas Esq.
                                                   Supreme Court ID No. 003992012
                                                   225 Wilmington-West Chester Pike
                                                   Suite 200
                                                   Chadds Ford, PA 19317
                                                   Phone: (215) 806-1733
                                                   Email: JoshuaLThomas@gmail.com

# EXHIBIT A

## Joshua L. Thomas & Associates, PLLC

**Joshua L. Thomas, Esq.**
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone:215-806-1733
Fax: 888-314-8910
E-mail: JoshuaLThomas@gmail.com

December 5, 2018

**Re: SHELTON v. FCS CAPITAL LLC, YASHAYEV, SHARGEL, JACOVETTI LAW, P.C. and ROBERT C. JACOVETTI; Docket: 2:18-cv-03723-NIQA**

Subject: **Matter regarding JACOVETTI LAW, P.C. and ROBERT C. JACOVETTI**

Dear Mr. Shelton,

In regard to the above-referenced matter, this letter should be considered a correspondence sent for the purposes of F.R.C.P 11 and is being sent 21 days prior to a motion for sanctions being filed against you.  As you are well aware at this point, Mr. Jacovetti and his firm have not been involved in **any** of the allegations cited in your amended complaint. Further, even if they were, which again, they were not, any involvement on their party would not only not be a violation of the claims you are raising, and your claims are clearly raised in bad faith as an attempt at forcing a settlement under threat of attempted duress of my clients.

Further, as has been previously made clear to you, any claims against FCS Capital, LLC or any of the other named defendants are completely meritless and the Amended Complaint not only failed to show any merit in the case, but actually made it worse by adding in additional parties. This letter is our one offer to let you withdraw the entire pleading at this time, and not face the threat of sanctions against you. Further, while you mailed copies of the amended

complaint to at least some of the Defendants around November 29, 2018, as you must be well aware, there has been no proper service according to the Federal Rules of Procedure on any Defendants whatsoever, nor has anyone accepted service, particularly since regular mail is not a proper method, especially for an initial pleading.

Further, As you are attempting to hold yourself out as an attorney on several of the documents filed with the court, you could not only face sanctions in this case, but also with the state bar or bars where you seek to practice, face potential liability with your law school, if you are enrolled, and face insurance issues with any firm you attempt to work with or if you attempt to self-insure yourself if you do attempt to go into practice. Filing a frivolous lawsuit is a very serious matter and the best chance to escape relatively unscathed professionally as well as personally is to immediately withdraw this suit. If you have any questions, I can be reached at 215-806-1733.

Thank you for your consideration,

_/s/ Joshua Thomas_____
            Joshua Thomas, Esq.

# EXHIBIT B

| BILLING (HTTPS://MY.T-MOBILE.COM/BILLANDPAY) | USAGE (/USAGE/USAGEOVERVIEW.HTML) | PLAN (/PLANS.HTML) | PHONE (/MYPHONE/MYPHONEDETAILS.HTML) | SHOP (/PURCHASE/SHOP) |
|---|---|---|---|---|

Apr. 07 - May. 06, 2018          James, (484) 626-3942

Voice      Messaging      Data      T-Mobile purchases      Third-party purchases

All      Charged      Filter **:** (347) 493-7857   X

**Total use:** 10 minutes
**Total charges:** $0.00

Filter by selecting the value you would like to see in the table below.

| Date & Time (Pacific) | Destination | Number | Min | Type | Charge |
|---|---|---|---|---|---|
| 05/01/18, 5:31 PM | to BRONX NYC/NY | (347) 493-7857 | 3 | T-Mobile to T-Mobile | -- |
| 05/01/18, 5:06 PM | Incoming | (347) 493-7857 | 7 | Call Waiting | -- |

Download usage records

**SUPPORT (HTTP://SUPPORT.T-MOBILE.COM/WELCOME.HTML)**

**CONTACT US (/CONTACT-US.HTML)**

**STORE LOCATOR (HTTP://WWW.T-MOBILE.COM/STORE-LOCATOR.HTML)**

**COVERAGE (HTTPS://WWW.T-MOBILE.COM/COVERAGE/LTE-COMPARISON-MAP)**

**T-MOBILE.COM (HTTP://WWW.T-MOBILE.COM)**

**TERMS & POLICIES**

**About T-Mobile USA (https://www.t-mobile.com/about-us)**

**Terms & Conditions (https://www.t-mobile.com/Templates/Popup.aspx?**

**PAsset=Ftr_Ftr_TermsAndConditions&print=true)**

**Privacy Policy (https://www.t-mobile.com/company/website/privacypolicy.aspx)**

**Return Policy (https://www.t-mobile.com/Templates/Popup.aspx?**

**PAsset=Ftr_Ftr_ReturnPolicy&print=true)**

**Terms of Use (https://www.t-mobile.com/Templates/Popup.aspx?**

**PAsset=Ftr_Ftr_TermsOfUse&print=true)**

**Privacy Resources (https://www.t-mobile.com/responsibility/privacy)**

**LOG OUT**

© 2002 - 2018 T-Mobile USA, Inc (http://www.t-mobile.com/Templates/Popup.aspx?

PAsset=Ftr_Ftr_Copyright&print=true',922,'width=568,height=400,screenX=568,screenY=400,left=50,top=50,toolbar=no,location=no,menubar=no,status=no,resizable,scrollbars)

# EXHIBIT C

 Gmail

Jamie Shelton <jeshelton595@gmail.com>

## Fast Advance Funding/ Michael Deangelis

1 message

**Ben Schorr** <ben@fastadvancefunding.com>                                   Fri, Mar 16, 2018 at 9:49 AM
To: jeshelton595@gmail.com

Hello James,

I'm following up with some information regarding working capital for your business. We look forward to getting you the funding necessary to take your business to the next level.

Here's what I'll need from you in order to get you approved:

1. The completed and signed 1 page application (attached)

2. Your business's last 3months of bank statements (all pages, all bank accounts)

3. Scan, attach and email the items above to ben@fastadvancefunding.com

Once I receive your information, I'll get back to you within 24 hours with an approval, your funding options, and next steps.  I look forward to working with you!


Mike DeAngelis


**Senior Funding Specialist**



777 3rd Avenue
New York, New York 10017
Office: 267-435-8161 ext 1046  cell 347-493-7857
Fax: (917)534-6273
Email: ben@fastadvancefunding.com
Website: www.fastadvancefunding.com

Join our mailing list!

**CONFIDENTIAL:**  The information in this email and in any attachments is confidential and may be privileged. If you are not the intended recipient, please destroy this message, delete any copies held on your systems and notify the sender immediately. You should not retain, copy or use this email for any purpose, nor disclose all or any part of its content to any other person. Information exchanged is proprietary between the intended user and our company

.

---

 **FAF APPLICATION-Ben .pdf**
663K