IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON,<br><br>    Plaintiff<br><br>    v.<br><br>FCS CAPITAL LLC, EMIL YASHAYEV,<br>BARY SHARGEL, JACOVETTI LAW, P.C.,<br>& ROBERT C. JACOVETTI<br><br>    Defendants | Case No. 2:18-cv-03723-NIQA |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE DEFAULT**

**INTRODUCTION**

Plaintiff James Everett Shelton ("Plaintiff") filed this suit alleging that FCS Capital LLC ("FCS") and its two partners, Emil Yashayev ("Yashayev") and Barry Shargel ("Shargel") made at least eighteen (18) unwanted robocalls using an automatic telephone dialing system ("ATDS") to Plaintiff's cellular telephone line, which are prohibited by the Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff also sued Jacovetti Law, P.C. and its sole owner, Attorney Robert C. Jacovetti (hereinafter "Jacovetti") because these illegal calls were made on Jacovetti's behalf to drum up business for his debt-relief legal services, and because Jacovetti personally directed these illegal calls to be made. The calls were made despite the fact that Plaintiff's telephone number was on the National Do Not Call Registry.

Plaintiff filed his complaint on August 30, 2018. Plaintiff sent a waiver of service to Defendants' counsel on September 3, 2018. See Exhibit A. On October 23, 2018, Defendants FCS, Shargel, and Yashayev appeared – Attorney Joshua L. Thomas filed a Notice of Appearance. See ECF No. 5. The same day, October 23, 2018, *Defendants' counsel* uploaded and submitted a Waiver of Service on behalf of FCS, Yashayev, and Shargel. The Waiver of Service indicates that these three (3) defendants accepted service on September 24, 2018. See ECF No. 6.

Plaintiff filed an Amended Complaint on November 13, 2018. Plaintiff served the Amended Complaint on counsel for FCS, Yashayev, and Shargel via CM/ECF, as well as via U.S. Mail, on November 14, 2018. See Pl.'s Certificate of Service, ECF No. 8. Defendants Jacovetti Law, P.C. and Robert C. Jacovetti were served via Certified Mail on November 26, 2018. See ECF Nos. 10-11. After Plaintiff filed the Amended Complaint, Defendants failed to file a responsive pleading, so Plaintiff filed a Request for Entry of Clerk's Default on December 16, 2018. See ECF No. 9. The Clerk entered Default against FCS, Yashayev, and Shargel as of

December 16, 2018. On December 20, 2018 Plaintiff filed a Request for Entry of Default against Jacovetti Law, P.C. and Robert C. Jacovetti. The Clerk entered default against the Jacovetti defendants as of December 20, 2018.

Defendants, through their same counsel that submitted the Waiver of Service on October 23, 2018, Joshua L. Thomas, Esq., filed a motion to vacate the defaults. For the following reasons, Defendants' Motion should be DENIED.

### Defendants Had Fourteen (14) Days from the Date of Service of the Amended Complaint to File an Answer or Motion, Not 60 Days

Per F.R.C.P. 4(d)(3): *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent.

Defendants FCS, Yashayev, and Shargel had sixty (60) days to answer the Complaint from the date Defendants waived service, which in this case was September 24, 2018. This means Defendants had until November 23, 2018 to file a responsive pleading or answer. However, Plaintiff filed an Amended Complaint on November 13, 2018. The Amended Complaint was entered on the docket on November 14, 2018 and was served on counsel for FCS, Yashayev, and Shargel on November 14, 2018 via the Court's CM/ECF system and via U.S. Mail. See Pl.'s Certificate of Service, ECF No. 8. Per F.R.C.P. 5(b)(E), Plaintiff may serve his Amended Complaint by "sending it to a registered user by filing it with the court's electronic-filing system". Additionally, Plaintiff mailed the Amended Complaint to Defendants' counsel on November 14, 2018.

Defendants' main argument seems to be that Defendants should be allowed an additional sixty (60) days to respond to the Amended Complaint. Defendants are incorrect that they get an

additional sixty (60) days from the date of filing the Amended Complaint to answer or move. They are only allowed an additional fourteen (14) days. Per F.R.C.P. 15(a)(3):

> *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Here, Defendants had nine (9) days to respond to the original Complaint when they were served with the Amended Complaint on November 14, 2018. However, per F.R.C.P. 15(a)(3), Defendants could respond to the Amended Complaint within fourteen (14) days of service, which put their deadline to answer or respond at November 28, 2018. No such answer or responsive pleading was filed.

It should also be noted that Defendants' counsel, *who had already been retained as early as October 23, 2018* when he uploaded and submitted a Notice of Apparance and a Waiver of Service on behalf of these three Defendants, did not request an extension of time within which to respond. Nor did Defendants' counsel seek an extension of time to answer from the Court. Plaintiff did not seek a "snap" default. Plaintiff waited eighteen (18) days after an answer to the Amended Complaint was due to request entry of default against defendants. So Plaintiff had actually waited thirty-two (32) days after service of the Amended Complaint to seek entry of default.

### The Amended Complaint was filed as a Matter of Course per Rule 15(a)

Defendants also argue that Plaintiff erred by amending the complaint without leave of Court or Defendants' consent. This argument is similarly unfounded. Rule 15 provides that a

plaintiff may amend as a matter of course at any time within (a) "21 days after serving it" or (b) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e),or (f), whichever is earlier."

However, courts have consistently held that this rule establishes only the latest date upon which a plaintiff may amend a pleading without leave of court. See, e.g., *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (collecting cases recognizing right to amend within 21 days of service); *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015) (explaining that the 2009 amendments to Rule 15 did not alter the longstanding rule that a "plaintiff is allowed to amend as a matter of course at any time between filing his complaint and receiving the defendant's answer"). Also see *Fuqua v. Associated Credit Serv., Inc.*, No. 17-CV-00324-SMJ (E.D. Wash. Jan. 18, 2018).

## **Service of Process by Certified Mail on the Jacovetti Defendants is Valid under PA R.C.P. 404(2) and 403**

Federal Rule of Civil Procedure 4(e)(1) permits Plaintiff to serve a summons and complaint following Pennsylvania's state laws for service of process.

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

The Pennsylvania Rules of Civil Procedure permit service by mail when process is served outside of Pennsylvania. Pa. R. Civ. P. 404(2). A copy of the process must be "mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Plaintiff submitted proof of delivery with a signed return receipt on

Jacovetti Law, P.C. and Robert C. Jacovetti. See Proof of Service, ECF No. 10 and 11, respectively. Plaintiff also submitted an affidavit signed by the process server, who swore under penalty of perjury that service was completed "Per PA Rule 404(2) and 403." Id. Such a certification is sufficient evidence of service "in the absence of proof to the contrary." *Gottlieb v. Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971); see also *Davis v. Walker*, No. 861 C.D. 2016, 2017 WL 2290137, at *2–3 (Pa. Commw. Ct. May 24, 2017).

Here, the Jacovetti defendants do not deny they received service via certified mail, return receipt requested. Rather, they incorrectly claim: *"Obviously, those rules do not apply for a federal complaint, and the proper form of service is pursuant to FRCP 4(c). Plaintiff admits service was not proper in his affidavits, serving only via certified mail when there was no permission to do so, and further, relies on the improper rules for this alleged service."*

In fact, other district court judges of the Eastern District of Pennsylvania have previously held that service of process outside of Pennsylvania was valid per PA Rule 404(2) and 403. See *Shelton v. Doan Solns., LLC,* No. 2:17-cv-02368. In his July 17, 2017 Order granting Plaintiff's Motion for Default Judgment (Exhibit A), District Judge Legrome D. Davis held that service of process via certified mail, return receipt requested was proper, and granted default judgment in Plaintiff's favor. Also see *Perrong v. Tranzvia, LLC,* No. 2:17-cv-03664, Dkt. No. 2, E.D.P.A. In a hearing held January 12, 2018 and in his January 16, 2018 Order granting Plaintiff's Motion for Default Judgment, District Judge Joel H. Slomsky found that service via certified mail, return receipt requested on defendants located outside of Pennsylvania was proper. See Dkt. No. 18.

### **Defendants Have Not Shown Good Cause to Set Aside the Defaults**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause. A decision to set aside an entry of default is primarily left to a court's

own sound discretion. See *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

The Third Circuit requires that courts consider four factors when deciding to vacate the entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

**1. <u>Defendants' FCS, Yashayev, and Shargel's Conduct was Culpable and Inexcusable</u>**

Defendants FCS Capital LLC, Emil Yashayev, and Barry Shargel were represented by counsel and submitted a waiver of service to the Court on October 23, 2018. See ECF No. 6. Defendants were clearly aware of this case, had entered an appearance through a licensed Pennsylvania attorney, and had waived service. September 24, 2018 was not the first time defendants found out about the lawsuit, either, as Plaintiff had e-mailed and mailed the summons and complaint to Defendants' counsel in New York, Robert C. Jacovetti, Esquire. Using the September 24, 2018 date, which was when defendants waived service, Defendants waited an entire *105 days* to file a pleading. This type of dilatory conduct is unacceptable.

"In this context, culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.* 700 F.2d 120, 123-24 (3d. Cir. 1983). Here, it is clear defendants acted willfully or in bad faith. Defendants' counsel, Joshua Thomas, was served with Plaintiff's Request for Entry of Default against defendants FCS, Yashayev, and Shargel on December 16, 2018. Yet instead of taking swift action to move to set aside the entry of default, defendants waited over three weeks to file anything. This is further evidence of the fact that defendants FCS, Yashayev, and Shargel were culpable in their default. These three defendants were forty (40)

days late in filing any pleadings other than a waiver of service. Despite receiving service of the Amended Complaint on November 14, 2018, Defendants waited fifty-four (54) days before filing the Motion to Vacate on January 7, 2019. Such conduct does not constitute excusable neglect; it is clearly culpable on the part of the defendants. FCS, Yashayev, and Shargel had an attorney who was receiving service of Plaintiff's pleadings, yet they did nothing. They could have filed a motion for extension of time within which to respond. Nothing was filed, defendants are in default, and defendants have not shown good cause to vacate the default.

**2. Defendants Jacovetti Law, P.C. and Robert C. Jacovetti's Conduct was Grossly Negligent and Culpable and Good Cause does not Exist to Vacate the Default**

The Jacovetti defendants are not unsophisticated, they consist of a law firm and its sole owner, Robert C. Jacovetti. Mr. Jacovetti is a licensed New York attorney who has been practicing law since 2006. The Jacovetti defendants were notified of this suit as early as September 3, 2018, when Plaintiff e-mailed and mailed Mr. Jacovetti a courtesy copy of the summons and original complaint filed against FCS Capital LLC, Emil Yashayev, and Barry Shargel. See Exhibit B. Jacovetti was properly served via Certified Mail, Return Receipt Requested on November 26, 2018. See ECFs No. 10 and 11. When the clerk entered default against Jacovetti on December 20, 2018, Jacovetti failed to appear and try to vacate the default until January 7, 2019. Jacovetti has failed to bring up any purported excuses for his failure to timely move to vacate the entry of default.

Jacovetti does not claim that he did not receive service via certified mail. Jacovetti only claims that service via certified mail was improper. However, as previously discussed, this is a frivolous argument by defendants, and service was properly completed. Jacovetti, who is an attorney, should know better than to ignore a federal summons and complaint. Additionally, Mr. Jacovetti and his firm were sued twice previously in federal court for violating the TCPA. See

*Cunningham v. Jacovetti*, No. 3:16-cv-02922, U.S.D.C. for the Middle District of Tennessee, and *Sapan v. Law Office of Robert Jacovetti, P.C.*, No. 8:16-cv-01716, U.S.D.C. for the Central District of California. As this is his third time being sued for allegedly violating the TCPA, Jacovetti, an attorney, has no excuse for failing to timely respond to the lawsuit.

### 3. Defendants Purported "Safe Harbor Letter"

Defendants' counsel, Joshua Thomas, alleges that he sent a "safe harbor letter" to the Plaintiff on December 5, 2018. Plaintiff did not receive this letter and suspects Defendants' counsel did not send it. Defense counsel has Plaintiff's e-mail address and could have e-mailed correspondence to the Plaintiff. No such e-mail was sent. Defendants' purported "safe harbor letter" threatens Plaintiff with all sorts of sanctions and punishments if Plaintiff does not immediately withdraw this suit with prejudice. This is just an attempt by defense counsel to coerce the Plaintiff into dropping his lawsuit. Plaintiff declines to do so, as his suit is well-grounded in both law and fact, and will let the Court decide who prevails in this matter. However, even assuming that counsel did send this letter to the Plaintiff (he did not), the date indicates the letter was sent on December 5, 2018. This was a week after defendants FCS, Yashayev, and Shargel's answer to the Amended Complaint was due. So defendants were already late by that point. Either way, a safe harbor letter does not constitute a responsive pleading and in no way relieves defendants of their responsibility to answer the Amended Complaint.

### CONCLUSION

For the foregoing reasons, defendants' motion should be denied.

Dated: January 21, 2019     By:  */s/ James Everett Shelton*
                                 James Everett Shelton
                                 316 Covered Bridge Road
                                 King of Prussia, PA 19406
                                 (484) 626-3942
                                 Jeshelton595@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2019, I filed the foregoing with the Clerk of Court, which will automatically send notification of such filing to all attorneys of record by placing the same on the Court's electronic docket.

                                                                                                 */s/ James Everett Shelton*  
                                                                                                   James Everett Shelton

Case 2:18-cv-03723-NIQA   Document 15   Filed 01/21/19   Page 10 of 10