# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 18-3723** |
| v. | : | |
| | : | |
| **FCS CAPITAL LLC**, *et. al.* | : | |
| *Defendants* | : | |

## O R D E R

**AND NOW**, this 28th day of January 2019, upon consideration of Defendants' *motion to vacate the Clerk's entries of default*, [ECF 14], Plaintiff's response in opposition thereto, and for good cause shown, it is hereby **ORDERED** that the motion is **GRANTED**.[1]  Accordingly, the entries of default by the Clerk of December 16, 2018, and December 20, 2018, are **VACATED**.

---

[1]  On August 30, 2018, Plaintiff James Shelton ("Plaintiff"), proceeding *pro se*, filed a complaint against Defendants FCS Capital LLC ("FCS"), Emil Yashayev ("Yashayev"), and Barry Shargel ("Shargel"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. [ECF 1]. On October 23, 2018, Attorney Joshua Thomas entered an appearance on behalf of FCS, Yashayev, and Shargel, [ECF 5], and filed a waiver of service dated September 24, 2018. [ECF 6]. Pursuant to Federal Rule of Civil Procedure ("Rule") 4(d)(3), a defendant who returns a waiver need not serve an answer to the complaint until 60 days after the request was sent. Here, these Defendants had until November 23, 2018, to file an answer.

On November 13, 2018, Plaintiff filed an amended complaint, which added Robert Jacovetti ("Jacovetti") and Jacovetti Law, P.C. ("Jacovetti Law") as additional Defendants. [ECF 7]. Service onto these additional Defendants was done by certified mail. [ECF 10, 11]. On December 16, 2018, Shelton requested the Clerk of Court to enter defaults against FCS, Yashayev, and Shargel. [ECF 9]. The requested defaults were entered that same day. On December 20, 2018, Shelton filed proofs of service for Jacovetti and Jacovetti Law and, separately, requested that the Clerk of Court enter defaults against Jacovetti and Jacovetti Law, which was done that same day.

On January 7, 2019, Attorney Thomas entered an appearance on behalf of Jacovetti and Jacovetti Law and filed the instant *motion to vacate the clerk's entries of default* on behalf of all named Defendants. [ECF 13, 14]. In the motion, Defendants argue that the defaults should be vacated because (1) when entered against FCS, Yashayev, and Shargel, these Defendants still had time to answer the amended complaint under the terms of the waiver of service, and (2) Jacovetti and Jacovetti Law were not properly served. In response, Plaintiff argues that: (1) FCS Yashayev, and Shargel had until November 28, 2018 to respond to the amended complaint under Rule 15(a)(3), which allows a party to respond to an amended complaint

It is further **ORDERED** that Defendants shall answer or otherwise respond to the amended complaint within fourteen (14) days from the date of this Order.

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

within the later of the time remaining to respond to the original complaint or 14 days after service of the amended complaint; and (2) Jacovetti and Jacovetti law were properly served pursuant to Rule 4(e)(1) and Pennsylvania Rules of Civil Procedure 403 and 404(2). [ECF 15].

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts are to consider the following factors when ruling on a motion to vacate the entry of default; *to wit*: whether the plaintiff will be prejudiced; whether the defendant has a meritorious defense; and whether culpable conduct of the defendant led to the default. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982). The culpability factor focuses on whether the defendant acted willfully or in bad faith. *Id.* In addition, the United States Court of Appeals for the Third Circuit has stressed a "preference that cases be disposed of on the merits whenever practicable," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), and that the entry of default judgment is "an extreme sanction," *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984), and "generally disfavored." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). Accordingly, "in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross*, 700 F.2d at 122.

Here, at this early stage in the proceedings, this Court has considered the prejudice Plaintiff may suffer and finds none. Indeed, Plaintiff has not even asserted that he will be prejudiced by vacating the entries of default. As to the second factor, in their motion, Defendants have provided a defense which, if accepted as true (but without adjudicating the argument) appears to have merit. Finally, Defendants' conduct was not sufficiently culpable to ultimately warrant a default judgment. At most, in the context of the procedural history described above, Defendants' counsel arguably misunderstood or miscalculated how much time each of his two sets of clients had to respond to the amended complaint. In light of this analysis, this Court finds that Defendants have established good cause to vacate the defaults. *Feliciano*, 691 F.2d at 656. As such, the motion is granted.