Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com
Atty ID# 312476

| | |
|---|---|
| JAMES EVERETT SHELTON<br><br>Plaintiff<br><br>v.<br><br>FCS CAPITAL LLC, ET AL.<br>    Defendants | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br><br><br>No.  2:18-cv-03723-NIQA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
FCS CAPITAL LLC, EMIL YASHAYEV, BARRY SHARGEL, (DEFENDANTS)
MOTION TO DISMISS pursuant to 12(B)(1) and 12(B)(6)**

　　　　　　　　　　　　　　　   /s/ Joshua Thomas
　　　　　　　　　　　　　　Joshua L. Thomas and Associates
　　　　　　　　　　　　　　Joshua Thomas Esq.
　　　　　　　　　　　　　　Supreme Court ID No. 003992012
　　　　　　　　　　　　　　225 Wilmington-West Chester Pike
　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　Chadds Ford, PA 19317
　　　　　　　　　　　　　　Phone: (215) 806-1733
　　　　　　　　　　　　　　Email: JoshuaLThomas@gmail.com

Defendants, respectfully submit this memorandum of law in support of its motion to vacate the Clerk's entry of default against Chase, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

## SUMMARY

This entire case is stated on incredibly false information, and apparently by Plaintiff, colluding with a third party to try and extract an improper settlement where he is not entitled to one. Plaintiff knowingly and intentionally entered into a waiver of service for Emil Yashayev, Barry Shargel and FCS Capital LLC. Plaintiff, in fact, uploaded this waiver on October 23, 2018 in regards to the initial complaint. Then, two weeks later, the Amended Complaint was filed on November 13, 2018. As Plaintiff was well aware, the affidavit of service permits 60 days to submit a responsive pleading. (See Docket entry 6). Prior to the 60 days expiring, and without Defendants' consent, Plaintiff submitted an amended complaint. (See Docket Entry 7). As such, since they service was originally by waiver of service, and no further attempts at proper service were made of the amended complaint, Defendants still had 60 days to submit responses. After that was sent, a safe harbor letter was sent to Plaintiff. (See Exhibit A – Safe harbor letter). However, prior to the expiration of the 60 days, and instead of responding to the safe harbor letter, a request for default was entered on December 16, 2018. (See Docket Entry 9). The default has been vacated and now the case itself should be dismissed as it is clearly the work of a group with the sole intent of trying to take money improperly from innocent parties.

## LEGAL ARGUMENT
## THE CASE SHOULD BE DISMISSED WITH PREJUDICE

A. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction. When a motion to dismiss pursuant to Rule 12(b)(1) is

presented, the plaintiff is required to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). Plaintiffs "bear the burden of establishing their standing." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006)).

Article III of the Constitution requires federal courts to adjudicate only "cases" and "controversies." Raines v. Byrd, 521 U.S. 811, 818 (1997); Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003). In order to have standing, a plaintiff must prove (1) injury in fact, (2) a causal connection between the injury and the challenged action, and (3) a likelihood that the injury is redressible by a favorable judicial decision. Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 258 (3d Cir. 2009).

In resolving a motion to dismiss, the court must "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, it will separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, it will "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

In this case, none of the factors are met as will be discussed below. There was no actual injury, as Plaintiff brought on the messages himself and any messages her did not were by parties who are not part of this action. There is no causal connection between any perceived injury and the actions claimed here and there is no likelihood that the injury is redressable. As such, the case must be dismissed on these grounds.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff,

and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955 at 1974.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

In this case, even if all facts are accepted to be accurate, this is no case that can be pursued here as there are no damages by the alleged parties that Plaintiff is attempting to sue. Instead, this is merely an attempt by plaintiff, as part of a larger group, to extract monies from innocent parties who have not wronged him.

Substantially all of the "facts" alleged by Plaintiff are either palpable incorrect, or misstated to intentionally be misleading. First, the T-mobile usage screenshot and also the email that Plaintiff received did not come from any of the Defendants, rather it came from an entity known as "Fast Advance" at the time in question. Plaintiff sent this information to Defendant Robert C. Jacovetti as "evidence" and as such, we are entering this as an exhibit, as it is already known by the parties. (See Exhibits B and C – T-mobile usage screenshot and email to Plaintiff.)

Further, Business Debt Experts and Business Debt Relief, LLC are not actual companies nor are they actual D/B/A's and as such, all facts alleged by Plaintiff in this regard are simply not accurate or have any relation with reality. Further, Michael Deangelis was an employee of Fast Advance Funding (FAF) during the time that Plaintiff is alleging. In fact, Plaintiff even mentions this in his Complaint, yet still continues to reference the improper parties. Mr. Deangelis was calling from his personal cell phone which none of the parties in this case have an authority over. Further, Mr. Deangelis was sending emails from FAF after May 1st and therefore he could not be working for any Defendants because the emails would have been sent from a Defendant entity, which they were not. While the phone number 347-707-7942 is a number owned by FCS Capital LLC, the number could have been spoofed by Michael Deanglis in order to get back at the Defendants for firing him. Further, the application that Deanglis sent Plaintiff from his "FAF" email with Defendant's letter head was once again something that could have been done for "revenge" and the documents were something Deanglis had from his time working with Defendant before the time in question. Further, paragraph 62 on page 14 of the complaint is a phone number that is owned by Defendant but that was not Deanglis' old number.

     Further, on page 19, paragraph 110 on the Complaint, pursuant to internal call records, that number did not make the alleged call at that time.  On paragraph 71 on page 15 of the complaint, where calls are alleged, an internal review of the phone records show those calls did not happen at that time. Further, the alleged number does not do text messaging, auto dialer or touch 1 calls, so these assertions are not accurate. Additionally, Plaintiff claims that Anthony Diaz called him several times from May through August. However, during this time, Plaitniff engaged in conversation with Anthony and expressed interest in our service, that is why Anthony kept calling him to follow up on previous conversations. In Plaintiff's call log on 10/17/2018 a

text was allegedly sent from a number ending in 3787. Defendants have reviewed all activity for that extension for that day. It was two calls that came in nothing going out and that number does not, in fact, send texts. Further, Plaintiff says that Terrell called him multiple times and yet again, the phone records do not match this. Finally, in direct opposition to page 10, paragraph 42 of the complaint, The Defendants alleged have not and do not claim that they are a law office. This is merely false.

Finally, it is clear these actions are being encouraged by a group of other individuals. In deciding a motion to dismiss, this Court may consider the full text of documents that are quoted in or attached to the complaint, or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit. "Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion." Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 44 (2d Cir. 1991). The first email was from an individual who just happened to send an email the day after the motion to vacate was filed, with an obviously prepared email ready to go. (See Exhibit D). Further, I then receive an email from an attorney, who has not gotten involved in the case in any way, claiming to be "representing Mr. Shelton in a number of cases." (See Exhibit E). This attorney is known for filing frivolous complaints of the exact same nature as this case. This case, like many of his others, should be dismissed with prejudice.

## CONCLUSION

For these reasons, this Court should dismiss the complaint with prejudice.

                                                             ___/s/ Joshua Thomas_____
                                                              Joshua L. Thomas and Associates

Joshua Thomas Esq.
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: <u>JoshuaLThomas@gmail.com</u>

## **CERTIFICATION**

I, the undersigned attorney certify that I served a copy of this on Plaintiff, specifically:

James Everett Shelton
316 Covered Bridge Road
King of Prussia, Pa 19406

                                                                                                    ___/s/ Joshua Thomas_____
                                                            Joshua L. Thomas and Associates
                                                            Joshua Thomas Esq.
                                                            Supreme Court ID No. 312476
                                                            225 Wilmington-West Chester Pike
                                                            Suite 200
                                                            Chadds Ford, PA 19317
                                                           Phone: (215) 806-1733
                                                           Email: JoshuaLThomas@gmail.com

| | |
|---|---|
| JAMES EVERETT SHELTON<br><br>Plaintiff<br><br>v.<br><br>FCS CAPITAL LLC, ET AL.<br>Defendants | UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br><br><br>No.  2:18-cv-03723-NIQA |

**ORDER GRANTING
MOTION TO VACATE
CLERK'S ENTRIES OF DEFAULT**

THIS MATTER having been opened to the Court upon the application of attorneys for Defendants, upon notice to all parties for an Order vacating the Clerk's entries of default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and the Court having considered the submissions of the parties, and for good cause shown;

IT IS ON THIS _____ day of _____, 2019;

ORDERED:

1. That Defendants motion is hereby granted; and

2. That the Clerk's defaults entered against all Defendants be and hereby is vacated.

_____
HONORABLE NITZA I QUINONES ALEJANDRO, U.S.D.J.

Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com
Atty ID# 312476

| | |
|---|---|
| JAMES EVERETT SHELTON<br><br>Plaintiff<br><br>v.<br><br>FCS CAPITAL LLC, ET AL.<br>Defendants | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br><br>No.  2:18-cv-03723-NIQA |

**DEFENDANTS'**
**FCS CAPITAL LLC, EMIL YASHAYEV, BARRY SHARGEL, (DEFENDANTS)**
**MOTION TO DISMISS**

1. Under Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction.

2. When a motion to dismiss pursuant to Rule 12(b)(1) is presented, the plaintiff is required to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). Plaintiffs "bear the burden of establishing their standing." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006)).

3. Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."

4. Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

5. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S.Ct. 1955 at 1974.

6. This entire case is stated on incredibly false information, and apparently by Plaintiff, colluding with a third party to try and extract an improper settlement where he is not entitled to one.

7. A safe harbor letter was sent to Plaintiff. (See Exhibit A – Safe harbor letter).

8. It was ignored.

9. Substantially all of the "facts" alleged by Plaintiff are either palpable incorrect, or misstated to intentionally be misleading.

10. The T-mobile usage screenshot and also the email that Plaintiff received did not come from any of the Defendants, rather it came from an entity known as "Fast Advance" at the time in question. (See Exhibits B and C – T-mobile usage screenshot and email to Plaintiff.)

11. Plaintiff sent this information to Defendant Robert C. Jacovetti as "evidence" and as such, we are entering this as an exhibit, as it is already known by the parties. (See Exhibits B and C – T-mobile usage screenshot and email to Plaintiff.)

12. This entire case is based on a false narrative, propagated by third parties to try and extract funds improperly and as such, should be dismissed.

Dated: February 10, 2019

                                                   /s/ Joshua Thomas  
Joshua L. Thomas and Associates  
Joshua Thomas Esq.  
Supreme Court ID No. 003992012  
225 Wilmington-West Chester Pike  
Suite 200  
Chadds Ford, PA 19317  
Phone: (215) 806-1733  
Email: JoshuaLThomas@gmail.com