**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES EVERETT SHELTON** <br><br> Plaintiff, <br> v. <br> **SHELTON v. FCS CAPITAL LLC et al** <br><br><br> Defendants. | Case No. 2:18-cv-03723 <br><br> Honorable Joshua D. Wolson. |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Everett Shelton*

---

**PLAINTIFF'S REQUESTS FOR ADMISSIONS**
**PROPOUNDED UPON DEFENDANTSS**

---

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff James Shelton, by and through the undersigned counsel hereby propounds the following Requests for Admission Propounded Upon Defendants.

You are required to answer these requests for admission in writing, You are required to respond to these requests no later than thirty (30) calendar days after receipt of these requests for admission. Please return the completed requests to Plaintiff's Counsel at his above address.

1) Admit that Plaintiff is suing Defendants for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2)   Admit that James Shelton is an adult natural person who is domiciled in Montgomery County, State of Pennsylvania.

3)   Admit that FCS Capital LLC is a limited liability company existing by and through the laws of the State of New Jersey, which does business in the State of Pennsylvania.

4)   Admit that United States District Court for the Eastern District of Pennsylvania in Philadelphia County, Pennsylvania has subject matter jurisdiction over the instant civil action.

5)   Admit that United States District Court for the Eastern District of Pennsylvania in Philadelphia County, Pennsylvania has personal jurisdiction over Defendants.

6)   Admit that Defendants conduct business in Pennsylvania.

7)   Admit that venue is proper at United States District Court for the Eastern District of Pennsylvania in Philadelphia County, Pennsylvania.

8)   Admit that Plaintiff James Shelton has no account with Defendants.

9)   Admit that Defendants have no established business relationship with Plaintiff.

10) Admit that Defendants lack express prior written consent to contact Plaintiff on his cellular phone for tele-solicitation purposes.

11) Admit that Plaintiff's cellular phone number 484-626-3942 is a personal and not a business number.

12) Admit that Defendants lack any sort of express prior consent, written, verbal, or otherwise, to contact Plaintiff on his cellular phone for commercial purposes.

13) Admit that Plaintiff never opted-in or requested contact.

14) Admit that Defendants do not have any documentary evidence in its possession showing an opt-in by Plaintiff.

15) Admit that Defendants do not hold any note to which Plaintiff is obligated.

16) Admit to all allegations, factual and legal, in Plaintiff's complaint.

17) Admit that Defendants were given repeated "do not call" requests by Plaintiff or an individual at Plaintiff's number.

18) Admit that Defendants made repeated calls to number 484-626-3942.

19) Admit that Defendants know 484-626-3942 is on the national Do Not Call Registry.

20) Admit that Defendants have no knowledge as to whether 484-626-3942 is on the national Do Not Call Registry.

21) Admit Defendants do not scrub against the national Do Not Call Registry.

22) Admit Defendants do not honor Do Not Call requests as a matter of routine.

23) Admit Defendants do not purchase the national Do Not Call list from the FTC.

24) Admit Defendants have neither policies nor procedures in place to honor "do not call" requests.

25) Admit Defendants do not maintain an internal "Do Not Call" list.

26) Admit that Defendants used an Automated Telephone Dialing System ("ATDS") to place the calls that are the subject of the dispute in the instant action.

27) Admit that Defendants' ATDS has the ability to be made to store and dial, whether randomly or sequentially, telephone numbers of parties to be called.

28) Admit Plaintiff has Article III standing to proceed on his claims.

29) Admit Plaintiff has prudential standing.

30) Admit that Defendants never recorded any Do Not Call request made from number 484-626-3942.

31) Admit that Defendants did not honor Plaintiff Shelton's Do Not Call requests.

32) Admit that Defendants do not comply with the TCPA.

33) Admit that Defendants do not have TCPA compliance policies available for production upon request.

34) Admit that Mr. Deangelis was an employee of Defendants at the time the calls were made.

35) Admit that Mr. Deangelis is still an employee of Defendants.

36) Admit that Defendants have not terminated Mr. Deangelis despite actual knowledge of his violating the TCPA.

37) Admit that Mr. Deangelis repeatedly called Plaintiff's cellular phone number 484-626-3942 from telephone number 347-493-7857.

38) Admit that Plaintiff made numerous "do not call" requests to Mr. Deangelis.

39) Admit that Plaintiff emailed Mr. Deangelis at least once telling him not to make telemarketing calls.

40) Admit that Mr. Deangelis received and read the "no more telemarketing calls" email.

41) Admit that Mr. Deangelis understood the email in question.

42) Admit that Mr. Deangelis continued to make calls to Plaintiff.

43) Admit that Defendants and Mr. Deangelis sent numerous text messages to Plaintiff.

44) Admit that Defendants failed to provide Plaintiff with a copy of their Do Not Call compliance policies upon Plaintiff's request.

45) Admit that Defendants failed to provide Plaintiff with a copy of their TCPA compliance policies upon Plaintiff's request.

46) Admit that Defendants called Plaintiff at least five times after being told to stop calling.

47) Admit that Defendants made a total of 18 calls to Plaintiff that were commercial solicitations.

48) Admit that none of Defendants' Affirmative Defenses have any merit.

49) Admit that the TCPA is facially constitutional.

50) Admit that the TCPA is constitutional as applied to the parties in this action.

51) Admit that Plaintiff had no duty to mitigate his damages.

52) Admit that the TCPA is a strict liability statute.

53) Admit that any damages Plaintiff has suffered are entirely the fault of Defendants.

54) Admit that any opt-in Defendants have that allegedly shows an opt-in by Plaintiff is false and was fabricated by Defendants for their benefit in the present litigation.

55) Admit that the 18 calls Defendants placed to Plaintiff all violated the TCPA, 227(c).

56) Admit that the 18 calls Defendants made to Plaintiff violated the TCPA, 227(b).

57) Admit that Defendants made all of the calls knowingly.

58) Admit that Defendants made all of the calls willfully.

59) Admit that Defendants were aware of the facts that constituted the offense.

60) Admit Defendants were acting of their own volition when they made the calls.

61) Admit that treble damages are warranted on all of Plaintiff's claims where treble damages are statutorily available.

        SINCERELY,

        /s/ BRYAN ANTHONY REO_____
        **REO LAW LLC**
        By:  Bryan Anthony Reo (#0097470)
        P.O. Box 5100
        Mentor, OH 44061
        (Business):  (216) 505-0811
        (Mobile):  (440) 313-5893
        (E):  Reo@ReoLaw.org
        *Attorney for Plaintiff James Everett Shelton*

## Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted electronically, in a text searchable and editable format to Defendants at-

joshualthomas@gmail.com

Additionally a true and accurate copy was served on Defendants via USPS, first class, postage prepaid mail, at

JOSHUA L. THOMAS & ASSOCIATES PLLC
225 WILMINGTON-WEST CHESTER PIKE
SUITE 200
CHADDS FORD, PA 19317

On this 21 day of July, 2019.

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Shelton*