
**REO LAW, LLC**
By: Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Shelton*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 2:18-cv-03723 |
| | Hon. JOSHUA D. WOLSON |
| Plaintiff, | |
| v. | |
| **FCS CAPITAL LLC et al.** | |
| Defendants. | |

## PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT

Plaintiff James Everett Shelton, by and through the undersigned counsel, hereby moves this Honorable Court to enter an order granting summary judgment in favor of Plaintiff Shelton as to all claims against Defendants FCS CAPITAL LLC, doing business as Funding Capital Source, doing business as Business Debt Experts, formerly known as Business Debt Relief LLC, Emil Yashayev, and Barry Shargel on the basis that Defendants failed to timely respond to Requests for Admission which are now deemed admitted via F.R.C.P Rule 36.

A brief in support is attached to this motion as well as a proposed order.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100

1

>Mentor, OH 44061
>(Business):  (216) 505-0811
>(Mobile):  (440) 313-5893
>(E):  Reo@ReoLaw.org
>*Attorney for Plaintiff James Shelton*

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for James Shelton*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 2:18-cv-03723 |
| | Hon. JOSHUA D. WOLSON |
| Plaintiff, <br> v. <br> **FCS CAPITAL LLC et al.** | |
| Defendant. | |

**BRIEF IN SUPPORT OF AMENDED MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS**

This case was initiated on August 30, 2018. Plaintiff Shelton was initially pro se. Defense Counsel appeared in the case but prior to appearance of Plaintiff's Counsel in the case. Plaintiff's Counsel entered his appearance via a pro hac vice application [which was granted] on February 21, 2019 and assumed representation of Plaintiff Shelton.

On July 12, 2019 the Court issued a scheduling order that all discovery would be completed by September 10, 2019 On July 21, 2019, Plaintiff, through Counsel, served upon Defendant, via USPS mail and via electronic means [proof of email attached as Exhibit 1] to defense counsel's email address [joshualthomas@gmail.com], Requests for Admission [attached as Exhibit 2], in addition to also serving Requests for Production of Documents and Interrogatories. Plaintiff's counsel attaches a declaration attesting to this.

Defendants elected not to respond to *any* of Plaintiff's discovery or to coordinate and cooperate with Plaintiff in any way. Defendant also elected not to propound one single discovery request upon Plaintiff. In short, Defendant has borrowed a page from Fast Advance Funding, LLC and elected not to participate in this case. See *Shelton v. Fast Advance Funding, LLC*, 2:18-cv-02071-CFK, (E.D. Pa. May 8, 2019) wherein the Honorable Judge Chad F. Kenney held:

> In completely failing to participate in discovery and in ignoring Plaintiffs requests for information despite FRCP 36(a)(3)'s requirement that a "matter is admitted unless ... the party ... serves ... a written answer or objection," Defendant compelled the Court to find for the Plaintiff. FRCP 36 provides the parties an opportunity to "reduce the area of dispute at the trial," and allows the parties to provide a "studied response" made by the party with the "direction and supervision of counsel." *Airco Indus. Gases, Inc. Div. of the BOC Grp., Inc. v. Teamsters Health & Welfare Pension Fund of Philadelphia & Vicinity*, 850 F.2d 1028, 1036 (3d Cir. 1988). "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." *Langer v. Monarch Life Ins. Co.*, 966 F .2d 786, 803 (3d Cir. 1992).

The instant action with Defendants in this case is essentially identical to the situation from *Shelton v. Fast Advance Funding*. Indeed, Defendants make repeated references to Plaintiff Shelton's case against Fast Advance Funding in their Motion to Dismiss filed February 12, 2019 and were obviously following the Fast Advance Funding case and were well-aware of that case. The situation can be summed up thusly, "Plaintiff timely propounded Requests for Admission, Defendants blew the Requests for Admission off, Defendants never participated in this case in any meaningful capacity, and now the procedurally proper result is that Plaintiff prevails and Defendants lose."

Pursuant to Fed. R. Civ. P. 36(a)(3), "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

## NO GENUINE DISPUTE OF MATERIAL FACT EXISTS BECAUSE DEFENDANTS HAVE ADMITTED EVERY SINGLE ALLEGATION IN PLAINTIFF'S COMPLAINT VIA REQUESTS FOR ADMISSION.

Plaintiff properly propounded discovery and Requests for Admission upon Defendants in physical form via USPS First Class Mail, and in text modifiable format in word and PDF via electronic mail [e-mail].

"The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988).

Federal Rule of Civil Procedure 36(a)(3) provides that unless an answer or objection is served upon a party requesting admissions within 30 days, the "matter is admitted." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976); *McNeil v. AT&T Universal Card*, 192 F.R.D. 492, 494 (E.D. Pa. 2000) ("Plaintiffs never responded to the requests for admissions, and therefore the matters addressed in the requests for admission are deemed admitted."); *Siss v. County of Passaic*, 75 F. Supp. 2d 325, 331 (D. N.J. 1999). Thus, a matter deemed admitted for a failure to respond to a request for admissions will be treated as dispositive in a motion for summary judgment. E.g., *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n.7 (3d Cir. 1990) ("This Court and others have held that 'deemed admissions' under Fed. R. Civ. P. 36(a) are sufficient to support orders of summary judgment"); *Rissinger v. State Farm Ins.*, Case No. 1:14-CV-2439, 2016 WL 3027822, *3 (M.D. Pa. May 27, 2016); *Harrison v. Ammons,* Case No. 1:05–CV–2323, 2009 WL 2588834, *4 (M.D. Pa. Aug. 19, 2009). Here the Defendants have completely failed to respond.

The Third Circuit has held that an admission of facts under Rule 36 "is not merely another layer of evidence, upon which the district court can superimpose its own assessment of weight and validity," but rather is an "unassailable statement of fact that narrows the triable

issues in the case." *Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pen. Fund*, 850 F.2d 1028, 1037 (3d Cir. 1988) (holding that district court's factual finding, which contradicted a party admission, was clearly erroneous); see also *McSparran v. Hanigan*, 225 F. Supp. 628 (E.D. Pa. 1963) (Freedman, J.), aff'd sub nom. *McSparran v. Subers*, 356 F.2d 983 (3rd Cir. 1966) (granting defendant's motion for judgment notwithstanding the verdict where an "issue [that] had been removed from controversy by plaintiff's admission of [defendant]'s request" was submitted to the jury in error).

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Startzell v. City of Philadelphia*, 533 F.3d 183, 192 (3d Cir. 2008); also see *Davis v. Mountaire Farms, Inc.,* 453 F.3d 554, 556 (3d Cir.2006).

Through the Requests for Admission which are now irrefutably admitted, Plaintiff has fully discharged his burden as the moving party under F.R.C.P 56 and is entitled to summary judgment as to all of his claims against Defendants. The Requests for Admissions propounded upon Defendants were not denied and as such are admitted, irrefutably admitted, and thus there is no genuine issue of material fact and it is clear that reasonable minds could come to but one conclusion, a conclusion adverse to the Defendants.

Request #16 provides- *Admit to all allegations, factual and legal, in Plaintiff's complaint.* With that Request for Admission, along with the others, there is no genuine dispute of a single material fact. Defendants have admitted to everything.

Here Defendants have not cooperated in any way with discovery, not responded to interrogatories, and not responded to requests for production. Defendants have not taken this case seriously.

Based on the Requests for Admission which are now admitted, the only reasonable conclusion that any trier of fact could come to is one that is adverse to the Defendants. Summary judgment should be entered in Plaintiff's favor.

## TCPA Violations

Plaintiff has alleged the following violations of the Telephone Consumer Protection Act ("TCPA"): placing a telemarketing call to Plaintiff's cellular telephone number using an "automatic telephone dialing system" ("ATDS"), 47 U.S.C. § 227(b)(1)(A); making a telephone solicitation to Plaintiffs cellular phone number which was included in the National Do Not Call Registry, 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2); initiating a call for telemarketing purposes to his cellular phone without having a written policy, available on demand, for maintaining an internal do-not-call list, 47 C.F.R. § 64.1200(d)(l); failing to record his do-not-call request at the time such a request was made and failing to honor his do-not-call request within 30 days from the date of the request, 47 C.F.R. § 64.1200(d)(3).

Request #55 provides- "Admit that the 18 calls Defendants placed to Plaintiff all violated the TCPA, 227(c)."

Request #56 provides- "Admit that the 18 calls Defendants placed to Plaintiff all violated the TCPA, 227(b)."

Request #57 provides- "Admit that Defendants made all of the calls knowingly."

Request #58 provides- "Admit that Defendants made all of the calls willfully."

Request #59 provides- "Admit that Defendants were aware of the facts that constituted the offense."

Request #60 provides- "Admit Defendants were acting of their own volition when they made the calls."

Request #61 provides- "Admit that treble damages are warranted on all of Plaintiff's claims where treble damages are statutorily available."

## Damages under Section 227(b) of the TCPA (Autodialed Calls)

Plaintiff is entitled to bring a private right of action for violation of the regulations prescribed under §227(b)(1)(A) pursuant to 47 U.S.C. § 227(b)(3)(B) for every call made to his cell phone using an "automatic telephone dialing system" ("ATDS"). Here, there are eighteen (18) violations of 227(b), as established by Request for Admission #56. Plaintiff is further entitled to recover actual damages or "receive $500 in damages for each such violation," whichever is greater. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, Plaintiff may recover treble damages of $1,500 per call. 47 U.S.C. § 227(b)(3)(B). Plaintiff is entitled to recover treble damages of $1,500 per violation of §227(b) because Defendants made all of the calls knowingly and willfully. See RFAs # 57-58. Defendants were aware of the facts that constituted the offense. RFA #59. Defendants were acting of their own volition when they made the calls. RFA #60. Finally,

Defendants admitted that treble damages are warranted on all of Plaintiff's claims where treble damages are statutorily available. RFA #61.

Therefore, Plaintiff is entitled to recover $1,500 for each call made using an ATDS, of which there were 18, for a total of $27,000 in damages under Section 227(b).

### Damages under Section 227(c) of the TCPA (Calling a number on the DNC list):

Plaintiff is entitled to bring a private right of action for violation of the regulations prescribed under §227(c) pursuant to §227(c)(5) if he has "received more than one telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5). Plaintiff is further entitled to recover actual damages or "receive up to $500 in damages for each such violation," whichever is greater, and if the "court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(c)(5)(C).

Plaintiff's number has been successfully registered on the National Do-Not-Call Registry since June 26, 2015. See Dkt. No. 7 at ¶53 (admitted as per RFA #16, which deemed all allegations, factual and legal as admitted in the complaint). Also see Exhibit 3, Plaintiff's DNC Registration verification email from the Federal Trade Commission confirming that his number has been on the DNC list since June 26, 2015.

Here, there were eighteen (18) calls that violated §227(c). RFA #55. Defendants admitted that Plaintiff has Article III standing to proceed on his claims. RFA #28. Defendants further admitted that Plaintiff has prudential standing. RFA #29. Therefore, Defendants have no defenses to liability on Plaintiff's §227(c) claims. As previously discussed, all 18 calls were knowing and willful, Defendants were acting of their own volition when they made the calls, and

finally, Defendants admitted that treble damages are warranted on all of Plaintiff's claims where treble damages are statutorily available. RFA #61.

Therefore, Plaintiff is entitled to recover $1,500 for each call to Plaintiff's number listed on the National Do-Not-Call Registry, of which there were eighteen (18), for a total of $27,000 in damages under Section 227(b).

### **Plaintiff May Recover Under Both 227(b) and 227(c)**

Courts have found that a plaintiff could recover separate "statutory TCPA damages for § 227(b) and § 227(c) violations arising from the same phone call." *Drew*, 2016 WL 9185292, at *10; *Roylance v. ALG Real Estate Servs., Inc.*, Case No. 14-cv-2445-PSG, 2015 WL 1522244, at *10 (N.D. Cal. Mar. 16, 2015). In Roylance, the district court explained that "'the fact that the statute includes separate provisions for statutory damages in subsections (b) and (c) suggests that a plaintiff could recover under both.'" 2015 WL 1522244, at *10 (quoting *Charvat v. NMP, LLC*, 656 F.3d 440, 448 (6th Cir. 2011).

In the Eastern District of Pennsylvania, judges have routinely award Plaintiffs damages under both sections of the TCPA, 227(b) and 227(c). See *Perrong v. Tranzvia, LLC.*, Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018)(Judge Joel H. Slomsky awarded treble damages of $1,500 for each violation of 227(b) and 227(c)); *Shelton v. Doan Sols., LLC.*, Civ. No. 2:17-cv-02368, at *5 (E.D. Pa. July 18, 2017)(Judge Legrome D. Davis, same); *Shelton v. Capital Advances* LLC, Civ. No. 2:18-cv-02186, at *13 (E.D. Pa. July 25, 2018)(Judge Timothy J. Savage awarded damages of $500 for each violation of 227(b) and 227(c)); *Newell v. Optima Advocates, Inc.*, Civ. No. 2:18-cv-04183 at *13 (E.D. Pa. July 17, 2019)(Judge Gerald A. McHugh, same); *Perrong v. Stars and Stripes Chimney Services, LLC, LLC, Civ. No.* 2:19-cv-00039 at *12 (E.D. Pa. July 29, 2019)(Judge Gene E.K. Pratter, same); *Perrong v. Space Coast*

*Marketing, LLC*, Civ. No. 2:18-cv-05510 at *15 (E.D. Pa. July 17, 2019)(Judge Gerald A. McHugh, same).

### **Statutory Damages for Violations of Pennsylvania's Telemarketer Registration Act**

Plaintiff also alleges that the Defendants violated the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("PCPL") due to their violation of Pennsylvania's Telemarketer Registration Act, 73 P.S. § 2241 *et seq*. ("PTRA"). Dkt. No. 13, ¶3. The calls that occurred after July 31, 2018 were a violation of the PTRA because they were made to his residential telephone number that [Plaintiff] had placed on the Commonwealth of Pennsylvania Do Not Call list. ¶4. The PTRA prohibits any call to numbers on Pennsylvania's Do Not Call list:

> No telemarketer shall initiate or cause to be initiated a telephone solicitation call to a residential telephone number of a residential telephone subscriber who does not wish to receive telephone solicitation calls and has caused his name, address and telephone number to be enrolled on a do-not-call- list maintained by the list administrator.  This prohibition shall be effective 30 days after a quarterly do-not-call list is issued by the list administrator which first contains a residential telephone subscriber's name, address and residential telephone number.

*See* 73 P.S. § 2245.2.

The statutory violation described above is also a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 2246(a). Pursuant to 73 P.S. § 201-9.2(a), Plaintiff is entitled to recover statutory damages in the amount of $100.00 per illegal call to Plaintiff's number which was on PA's Do Not Call list, of which there were five (5). Because the violations were knowing and willful (RFAs #57-58), and because Defendant admitted treble damages are warranted (RFA #61), Plaintiff respectfully requests that the Court award treble damages of $300 for each of the five (5) calls in violation of the PTRA, for total damages of $1,500 pursuant to the PCPL.

Finally, Plaintiff respectfully requests $4,200 in attorney's fees, because the PTRA and PCLC provide for an award of attorney's fees and costs. Plaintiff's counsel expended a total of fourteen (14) hours in this case (rounded down). Plaintiff's reasonable hourly rate is $300.00 per hour. Plaintiff also seeks to recover the costs associated with bringing this action, which would be $400.00 for the filing fee and approximately $40.00 in certified mailing expenses to serve Defendants.

In the aggregate Plaintiff seeks $27,000 in statutory damages for violations of Section 227(b) of the TCPA, $27,000 in statutory damages for violations of Section 227(c), $1,500 in statutory damages for violations of the PTRA, for a total of $55,500.00. Plaintiff further seeks $450 in recoverable costs for the filing fee and service of process on the Defendants. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). Finally, Plaintiff seeks $4,200.00 in attorney's fees for a total award of **$60,150.00**, jointly and severally against all three Defendants (FCS Capital LLC, Emil Yashayev, and Barry Shargel), exclusive of pre-judgment interest, which Plaintiff will seek via a post-judgment motion for the same.

## Conclusion

As Judge Kenney said, "anybody that ignores Request for Admissions, ignores them at their own expense." Tr. Oral Argument, 6:8-10, *Shelton v. Fast Advance Funding, LLC*, No. 18-cv-02071 (E.D. Pa May 1, 2019), ECF. No. 65 The expense in the present case is calculated as $60,150.00 dollars.

## Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted to the Court's Electronic Filing System on October 8, 2019, which should serve said document upon all attorneys of record for the instant civil action:

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Shelton*