**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JAMES EVERETT SHELTON <br><br> Plaintiff <br><br> v. <br><br> FCS CAPITAL LLC, et. al <br><br> Defendants | Case No. 2:18-cv-03723 <br><br> Honorable Joshua D. Wolson |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS:**

Plaintiff James E. Shelton submits the following statement of undisputed material facts pursuant to Section II.B.4 of Judge Wolson's Policies and Procedures.

**Introduction:**

<u>All Requests for Admissions have been Deemed Admitted and the Admitted Admissions Are Now Undisputed Material Facts</u>

All of Plaintiff's requests for admissions ("RFAs") propounded upon Defendants' counsel, Joshua L. Thomas, Esq., on July 21, 2019 are deemed admitted due to Defendants' failure to respond to the RFAs. The RFAs are automatically deemed admitted in accordance with Federal Rules of Civil Procedure 36(a); *McNeil v. AT&T Universal Card*, 192 F.R.D. 492, 494 (E.D. Pa. 2000), *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038, 97 S. Ct. 732 (1977). See Exhibit 1, a true and correct copy of Plaintiff's RFAs propounded upon Defendants on July 21, 2019, Exhibit 2, E-mail from Plaintiff's counsel

to Defendants' counsel propounding discovery, including RFAs, directed to Defendants. Also see Exhibit 3, Declaration of Plaintiff's counsel, Bryan Anthony Reo, Esq. that the RFAs were served to Defendants' counsel electronically and via U.S. Mail on July 21, 2019.

## **Undisputed Material Facts (Deemed Admitted Per F.R.C.P. 36)**

1. Plaintiff is suing Defendants for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). See **RFA #1**.

2. James Shelton is an adult natural person who is domiciled in Montgomery County, State of Pennsylvania. See **RFA #2**.

3. FCS Capital LLC is a limited liability company existing by and through the laws of the State of New Jersey, which does business in the State of Pennsylvania. See **RFA #3**.

4. Defendants conduct business in Pennsylvania. See **RFA #6.**

5. Plaintiff James Shelton has no account with Defendants. See **RFA #8**.

6. Defendants have no established business relationship with Plaintiff. See **RFA #9**.

7. Defendants lack express prior written consent to contact Plaintiff on his cellular phone for tele-solicitation purposes. **RFA #10**.

8. Plaintiff's cellular phone number 484-626-3942 is a personal and not a business number. **RFA #11.**

9. Defendants lack any sort of express prior consent, written, verbal, or otherwise, to contact Plaintiff on his cellular phone for commercial purposes. **RFA #12.**

10. Plaintiff never opted-in or requested contact. **RFA #13.**

11. Defendants do not have any documentary evidence in its possession showing an opt-in by Plaintiff. **RFA #14**.

12. Defendants do not hold any note to which Plaintiff is obligated. **RFA #15.**

13.  **All allegations, factual and legal, in Plaintiff's complaint are admitted. RFA #16**.

14.  Defendants were given repeated "do not call" requests by Plaintiff. **RFA #17.**

15.  Defendants made repeated calls to number 484-626-3942. **RFA #18**.

16.  Defendants know 484-626-3942 is on the national Do Not Call Registry. **RFA #19.**

17.  Defendants do not scrub against the national Do Not Call Registry. **RFA #21.**

18.  Defendants do not honor Do Not Call requests as a matter of routine. **RFA#22.**

19.  Defendants do not purchase the national Do Not Call list from the FTC. **RFA #23.**

20.  Defendants have neither policies nor procedures in place to honor "do not call" requests. **RFA#24.**

21.  Defendants do not maintain an internal "Do Not Call" list. **RFA #25.**

22.  Defendants used an Automated Telephone Dialing System ("ATDS") to place the calls that are the subject of the dispute in the instant action. **RFA #26.**

23.  Defendants' ATDS has the ability to be made to store and dial, whether randomly or sequentially, telephone numbers of parties to be called. **RFA #27**.

24.  Defendants never recorded any Do Not Call request made from number 484-626-3942. **RFA #30.**

25.  Defendants did not honor Plaintiff Shelton's Do Not Call requests. **RFA #31**.

26.  Defendants do not comply with the TCPA. **RFA #32.**

27.  Defendants do not have TCPA compliance policies available for production upon request. **RFA #33.**

28.  Mr. [Michael] Deangelis was an employee of Defendants at the time the calls were made. **RFA #34.**

29.  Plaintiff made numerous "do not call" requests to Mr. Deangelis. **RFA#38.**

30.     Plaintiff emailed Mr. Deangelis at least once telling him not to make telemarketing calls. **RFA #39.**

31.     Mr. Deangelis received and read the "no more telemarketing calls" email. **RFA #40**.

32.     Mr. Deangelis understood the email in question. **RFA #41**.

33.     Admit that Mr. Deangelis continued to make calls to Plaintiff. **RFA #42**.

34.     Defendants and Mr. Deangelis sent numerous text messages to Plaintiff. **RFA #43.**

35.     Defendants failed to provide Plaintiff with a copy of their Do Not Call compliance policies upon Plaintiff's request. **RFA #44**.

36.     Defendants failed to provide Plaintiff with a copy of their TCPA compliance policies upon Plaintiff's request. **RFA #45.**

37.     Defendants made a total of 18 calls to Plaintiff that were commercial solicitations. **RFA #47.**

38.     Any damages Plaintiff has suffered are entirely the fault of Defendants. **RFA #53.**

39.     The 18 calls Defendants placed to Plaintiff all violated the TCPA, 227(c). **RFA #55.**

40.     The 18 calls Defendants made to Plaintiff violated the TCPA, 227(b). **RFA #56.**

41.     Defendants made all of the calls knowingly. **RFA #57.**

42.     Defendants made all of the calls willfully. **RFA #58.**

43.     Defendants were aware of the facts that constituted the offense. **RFA #59.**

44.     Defendants were acting of their own volition when they made the calls. **RFA #60.**

45.      Treble damages are warranted on all of Plaintiff's claims where treble damages are statutorily available. **RFA #61.**

Dated: 10/8/2019                               /s/ BRYAN ANTHONY REO_____

**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Shelton*

# Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted to the Court's Electronic Filing System on October 8, 2019, which should serve said document upon all attorneys of record for the instant civil action:

/s/ BRYAN ANTHONY REO_____
**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*