# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON**, <br><br> *Plaintiff* <br><br> v. <br><br> **FCS CAPITAL LLC, et al.**, <br><br> *Defendants* | Case No. 2:18-cv-03723-JDW |

## **MEMORANDUM**

Plaintiff James Everett Shelton can fairly be called a serial plaintiff. Indeed, a docket search reveals at least 18 cases in the Eastern District of Pennsylvania in which Shelton appeared as the plaintiff. News reports document Shelton's litigation efforts.[1] This particular case is one of several that Shelton has filed for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Shelton also asserts claims in this case under the Pennsylvania Telemarketer Registration Act ("PTRA"), 73 P.S. § 2241 *et seq*. He seeks summary judgment on all of his claims.

While Shelton has made litigation his avocation, Defendants FCS Capital LLC, Emil Yashayev, and Barry Shargel (collectively "FCS") have taken the opposite approach to this case: they have largely stuck their heads in the sand. FCS initially had a default entered against it. After having that vacated, FCS filed a motion to dismiss, which was denied. That seems to have ended FCS's participation in the case, however. It did not respond to the discovery that Shelton served. Then, it elected not to respond to Shelton's Motion for summary judgment.

---

[1] *See, e.g.*, *REPUBLISHED: Money piles up for serial TCPA lawsuit-filer from King of Prussia; This week's trial looks like a win*, TCPA World, https://www.lexology.com/library/detail.aspx?g=5d01f8d0-0b72-43c6-b8b4-9f3a02433618 (last visited Dec. 11, 2019); Christian Hetrick, *King of Prussia man, 23, wins $33,000 after suing over illegal sales calls*, Phila. Inquirer, May 11, 2019.

FCS's abdication of its obligations in this case has consequences. It means that Shelton has established the facts necessary to prevail on his claims under the TCPA. However, because there is no private right of action under the PTRA, Shelton cannot prevail on his claims under Pennsylvania law, regardless of FCS's failure to participate in the case.

## I.     FACTS

FCS made 18 commercial solicitation phone calls to Shelton's cellphone between May 4, 2018, and October 23, 2018. Shelton uses his cellphone for personal rather than business purposes. Shelton does not have an account or an established business relationship with FCS, and FCS did not have permission to contact Shelton for commercial purposes.

Shelton's cellphone number is listed on the national Do Not Call Registry. FCS does not honor do-not-call requests, nor does it maintain an internal do-not-call list. When FCS made the calls to Shelton's cellphone, it used an automatic telephone dialing system ("ATDS"). It neither made note of nor honored Shelton's various do-not-call requests. FCS failed to provide Shelton with a copy of its internal TCPA and do-not-call compliance policies when Shelton asked for them. FCS was aware of the facts that constituted various violations of the TCPA when it made the calls to Shelton's cellphone. It made all 18 calls willfully and knowingly.

As a result, Shelton filed the instant lawsuit against Defendants on August 30, 2018, seeking redress for various violations of the TCPA and the PTRA. During the course of discovery, Shelton propounded Requests for Admission ("RFA") on FCS. FCS, however, never responded to Shelton's RFAs. Similarly, FCS did not respond to Shelton's present Motion, which was filed on October 8, 2019. The motion is before the Court for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Dodson v. Coatesville Hosp. Corp.*, No. 18-3065, --- Fed. App'x ----, 2019 WL 2338461, at *2 n.6 (3d Cir. June 3, 2019) (quotation omitted).

"If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3). Thus, a moving party is not entitled to summary judgment as a matter of right just because the adverse party does not respond. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir.

1990) (quotation omitted). Instead, the court must conduct a full analysis to determine "whether the moving party has shown itself to be entitled to judgment as a matter of law." *Id.*

## III. ANALYSIS

### A. TCPA Claims

Shelton asserts claims for violations of 47 U.S.C. § 227(b) and § 227(c). Section 227(b) prohibits the use of an ATDS to make calls to a cellphone, with certain exceptions. Section 227(c) prohibits solicitation calls to residential telephone subscribers who have registered their phone numbers on the national Do-Not-Call registry. Shelton has established violations of both statutory sections as a result of FCS's failure to respond to Shelton's RFAs.

The Federal Rules of Civil Procedure permit a party to serve RFAs relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). A matter is "admitted unless, within 30 days after being served the party to whom the request is directed serve on the requesting party a written answer or objection . . . ." Fed. R. Civ. P. 36(a)(3). A matter admitted under Rule 36 is "conclusively established …." Fed. R. Civ. P. 36(b). It is "well settled that admissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment and that failure to respond to a request for admissions will permit entry of a summary judgment if the facts admitted are dispositive of the case." *Acosta v. Central Laundry, Inc.*, Case No. 18-cv-190, 2019 WL 3413514, at * 4 (E.D. Pa. July 29, 2019) (quotes omitted).

Here, FCS admits that all of the calls that it made to Plaintiff violated Sections 227(b) and (c). (ECF No. 41-2 at RFA Nos. 55, 56.) These RFAs arguably require the application of law to fact. In the absence of an argument to the contrary, the Court therefore concludes that they fall within the scope that Rule 36(a) contemplates for RFAs. FCS's failure to respond, therefore,

conclusively establishes its violation of Sections 227(b) and (c) for purposes of this lawsuit. In addition, FCS has admitted that it made all of the calls knowingly and willfully. (*Id.* at RFA Nos. 57, 58.)

In light of these admitted, willful violations of the TCPA, the Court concludes that Shelton is entitled to recover $1,500 for each violation of Section 227(b) and $1,500 for each violation of Section 227(c). Thus, in total, Shelton is entitled to statutory damages of $54,000 for violations of the TCPA.

### B. PTRA Claim

The PTRA vests enforcement authority with Pennsylvania's Attorney General, not individual consumers. *See* 73 P.S. § 2245.2(k)(1). "[W]here the General Assembly commits the enforcement of a regulatory statute to a government body or official, this precludes enforcement by private individuals." *Lerro ex rel. Lerro v. Upper Darby Twp.*, 798 A.2d 817, 822 (Pa. Commw. Ct. 2002) (citations omitted); *see also Cty. of Butler v. CenturyLink Commc'ns, LLC*, 207 A.3d 838, 852 (Pa. 2019) (no private right of action to enforce statute where Legislature "provided sufficient indicia evincing its intention to centralize enforcement authority in the relevant state agency"). Here, the PTRA's language demonstrates the General Assembly's intent to commit enforcement of the PTRA to the Attorney General. Shelton therefore cannot maintain such a claim as a matter of law.

In his Motion, Shelton also references the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (ECF No. 41 at 11.) Shelton has not asserted a claim under that statute. (ECF No. 7.) It therefore cannot provide a basis for liability. In any event, the UTPCPL only creates a private right of action for persons who "purchase[] or lease[] goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable

loss of money or property" as a result of a defendant's violation of the UTPCPL. 73 P.S. § 201-9.2(a). Shelton has not put forth any evidence that he purchased or leased goods or services from FCS or that he suffered any ascertainable loss of money or property.

## IV. CONCLUSION

Shelton is entitled to summary judgment against FCS on his claims under the TCPA. However, Shelton cannot maintain a cause of action under the PTRA. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: December 11, 2019