**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON <br> Plaintiff <br> v. <br> FCS CAPITAL LLC, BARRY SHARGEL, and EMIL YASHAYEV <br> Defendants | No. 2:18-cv-03723 <br><br> Honorable Joshua D. Wolson |

### MOTION TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES

Plaintiff/Judgment Creditor James Everett Shelton hereby respectfully moves this Court for an Order to compel Defendants/Judgment Debtors, Barry Shargel and Emil Yasheyev, to provide verified responses to his post-judgment discovery requests, and in support thereof avers as follows.

**1.** The Court granted Plaintiff's Motion for Summary Judgment and entered judgment in favor of Plaintiff and against Defendants in the amount of $54,000.00 on December 11, 2019. See ECF No. 38.

**2.** On January 27, 2020, Defendants filed a Motion for Reconsideration of the Court's December 11, 2019 order granting Plaintiff's Motion for Summary Judgment. See ECF No. 50.

**3.** By order dated January 29, 2020, the Court denied Defendants' Motion for Reconsideration. ECF No. 51.

**4.** Defendants did not file an appeal to the Third Circuit; therefore, the judgment is final and binding.

**5.** Defendants have paid zero dollars [$0.00] towards satisfaction of the judgment.

**6.** On April 1, 2020, Plaintiff's counsel served Fed.R.Civ. P. 69 post-judgment discovery requests to Defendant's counsel of record, Joshua L. Thomas, Esq., via electronic mail in a text-modifiable format to [joshualthomas@gmail.com](mailto:joshualthomas@gmail.com), which is the e-mail address of record for Attorney Thomas, with physical copies sent to Mr. Thomas via Federal Express (FedEx) Ground, with tracking number 3915 7241 8693 the following day, April 2, 2020. *See* Exhibit "A", Certificates of Service signed by the undersigned counsel of record for Plaintiff, Bryan Anthony Reo. Esq, and proof of mailing to Defendants' counsel via FedEx on April 2, 2020, and a true and correct copy of the e-mail sent to Defendants' counsel on April 1, 2020 with the post-judgment discovery requests attached in Microsoft Word (text modifiable) and PDF format.

**7.** Plaintiff's post-judgment discovery requests consisted of interrogatories and requests for production of documents in aid of execution. *See* Exhibit "B", Interrogatories in Aid of Execution served to Defendants Barry Shargel and Emil Yashayev, and Exhibit "C", Requests for Production of Documents in Aid of Execution served to Defendants Barry Shargel and Emil Yashayev.

**8.** All of Plaintiff's post-judgment discovery requests were reasonably calculated to lead to information about Defendants' assets and income available to satisfy the judgment in this matter, information which Plaintiff is entitled to as a judgment creditor.

**9.** Defendants' answers and objections to the interrogatories in aid of execution were due no later than May 2, 2020, but Defendants provided no responses or objections whatsoever, instead choosing to ignore the discovery requests.

**10.** Therefore, Defendants must respond fully and completely, without objections, and must produce all responsive documents, without objection, to Plaintiff to aid in the execution of his judgment.

**11.** Pursuant to Fed.R.Civ. P. 37 and 69, Defendants Barry Shargel and Emil Yashayev should be compelled to provide verified responses to Plaintiff's post-judgment interrogatories and be compelled to produce all responsive documents to Plaintiff's requests for production, so that Plaintiff can attempt to collect on the judgment.

**12.** Prior to filing the instant motion, Plaintiff made a good-faith effort to resolve this discovery dispute by e-mailing counsel for Defendants, Joshua L. Thomas, Esq. on May 13, 2020. *See* Exhibit "D", a true and correct copy of the e-mail sent to Defendants' counsel attempting to confer with Defendants and advising that a motion would be filed absent compliance.

**13.** Defendants' counsel finally responded on Monday, May 18, 2020 and requested until Wednesday, May 20, 2020 to provide responses to the post-judgment discovery.

**14.** However, no responses were provided by the date requested by defense counsel, and Plaintiff believes that Defendants are simply attempting to delay the proceedings and frustrate Plaintiff, so as to avoid collection efforts.

WHEREFORE, for the foregoing reasons and for the reasons set forth in the accompanying Memorandum of Law, Plaintiff respectfully requests that the Court compel Defendants to serve verified responses to Plaintiff's interrogatories and produce all documents responsive to Plaintiff's requests for production in aid of execution within twenty (20) days of the entry of the attached Order.

                        RESPECTFULLY SUBMITTED,

                        /s/ BRYAN ANTHONY REO_____

Dated: May 21, 2020         **REO LAW LLC**
                                        By: Bryan Anthony Reo (#0097470)
                                        P.O. Box 5100
                                        Mentor, OH 44061
                                        (Business): (216) 505-0811
                                        (Mobile): (440) 313-5893
                                        (E): Reo@ReoLaw.org
                                        *Attorney for Plaintiff James Everett Shelton*

Reo Law LLC
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON | No. 2:18-cv-03723 |
| Plaintiff | |
| v. | Honorable Joshua D. Wolson |
| FCS CAPITAL LLC, BARRY SHARGEL, and EMIL YASHAYEV | |
| Defendants | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES FROM DEFENDANTS

Plaintiff hereby respectfully files this memorandum of law in support of his Motion to Compel Defendants Barry Shargel and Emil Yashayev to provide responses to his post-judgment discovery requests.

**I.     MATTER BEFORE THE COURT**

Plaintiff/Judgment Creditor James Everett Shelton's Motion to Compel Post-Judgment Discovery Responses from Defendants Barry Shargel and Emil Yashayev.

**II.    STATEMENT OF QUESTION INVOLVED**

Should Defendants be compelled to respond to Plaintiff's post-judgment discovery requests?

*Proposed Answer: YES*

**III.   ARGUMENT**

As the U.S. Supreme Court has noted, "The rules governing discovery in postjudgment execution proceedings *are quite permissive*." *Republic of Argentina v. NML Capital, Ltd.,* 134 S.Ct. 2250, 2254 (2014) (Emphasis added). Pursuant to Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person – including the judgment debtor—as provided in the rules or by the procedure of the state where the court is located." *Id*. (citations omitted).

The Third Circuit has held that "[d]iscovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." *Haiying Xi v. Shengchun Lu*, 330 Fed. Appx. 403, 406, 2009 WL 1497246, at *3 (3d. Cir. 2009) (citation omitted). Fed.R.Civ.P. 69(a)(2)) "is to be used as a device to obtain information regarding a judgment debtor's assets. *JobConnecting Services, Inc. v. Munoz,* 2015 WL 5542512, at *3 (D.N.J., 2015) (citations omitted); *see also ITOCHU Intern, Inc. v. Devon Robotics, LLC,* 303 F.R.D. 229, 232 (E.D.Pa. 2014) (citations omitted) (describing Rule 69 discovery as allowing "judgment creditor … freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.").

"A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located." *First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002). "The principal constraint is that the evidence "must be calculated to assist in collecting on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). See also *EM Ltd.*, 695 F.3d at 208 (noting that it is not unusual "for the judgment creditor to seek disclosure related to assets held outside the jurisdiction of the court where the discovery request is made").

On April 1, 2019, Plaintiff's counsel served Fed.R.Civ.P. 69 post-judgment discovery requests, upon Defendants' counsel of record. via email, with hard copies sent via FedEx on April 2, 2020. *See* Exhibit "A". Defendants have failed/refused to provide any information or documents in response. Pursuant to Fed.R.Civ.P. 37 and 69, Defendants should be compelled to provide this information, without objections, so that Plaintiff may collect on the judgment.

Prior to filing the instant motion, Plaintiff made a good-faith effort to resolve this discovery dispute by e-mailing counsel for Defendants, Joshua L. Thomas, Esq. on May 13, 2020, demanding that Defendants respond fully and completely, on or before May 18, 2020. *See* Exhibit "D", a true and correct copy of the e-mail sent to Defendants' counsel, Mr. Thomas. On May 18, 2020, Defendants' counsel e-mailed Plaintiff's counsel, requesting until Wednesday, May 20, 2020 to provide responses. As can be seen, Defendants were provided with the additional time they sought to respond to Plaintiff's post-judgment discovery requests, but Defendants have failed to do so to date. Consequently, the instant motion has become necessary.

## IV.   CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Plaintiff's motion for an Order to compel Defendants Barry Shargel and Emil Yashayev to provide verified responses to his post-judgment discovery requests and to produce all responsive documents requested within twenty (20) days of the entry of the attached Order.

                                                              RESPECTFULLY SUBMITTED,
                                                              /s/ BRYAN ANTHONY REO_____

Dated: May 21, 2020          **REO LAW LLC**
                                            By:  Bryan Anthony Reo (#0097470)
                                            P.O. Box 5100
                                            Mentor, OH 44061
                                            (Business): (216) 505-0811
                                            (Mobile): (440) 313-5893
                                            (E):  Reo@ReoLaw.org
                                            *Attorney for Plaintiff James Everett Shelton*

## **CERTIFICATE OF SERVICE**

    I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on May 21, 2020, I submitted Plaintiff's Motion to Compel Post-Judgment Discovery Responses, Memorandum of Law in support, Exhibits, and Proposed Order to the Court's Electronic Filing System, which should automatically provide notification to all attorneys of record that said filing has been submitted.

Dated: May 21, 2020

                                            /s/ Bryan A. Reo
                                            Bryan A. Reo, Esq.
                                            P.O. Box 5100
                                            Mentor, OH 44061
                                            (T): (216) 505-0811
                                            (E): reo@reolaw.org
                                            *Attorney for James Everett Shelton*