Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com
Atty ID# 312476

| | |
|---|---|
| JAMES EVERETT SHELTON | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff | |
| v. | |
| FCS CAPITAL LLC, ET AL. Defendants | No.  2:18-cv-03723-NIQA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
FCS CAPITAL LLC, EMIL YASHAYEV, BARRY SHARGEL, (DEFENDANTS)
RENEWED MOTION TO RECONSIDER PURSUANT TO F.R.C.P. 60(b)(2)**

_____/s/ Joshua Thomas_____
Joshua L. Thomas and Associates
Joshua Thomas Esq.
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

# INITIAL SUMMARY

As this court is well aware, Plaintiff Shelton runs a scheme and is a well known serial filer of carbon copy complaints, alleging TCPA (Telephone Consumer Protection Act) and other similar actions against various firms and defendants, forcing them into settlement based on materially misrepresented facts and/or entirely fabricated scenarios that Shelton alleges. While this court apparently did not have before it sufficient evidence to reconsider the granting of the Motion for Summary Judgment on 12/11/2019, in light of the new evidence attached, we ask this court to re-open this mater so it can be more fully litigated.

# MATERIAL FACTS

Since the last order denying the motion to reconsider, a few very crucial facts have come to light regarding Plaintiff and his ongoing scheme. First, we now have third party evidence that not only has Shelton been working with others to continue this ongoing scheme, but he has also contacted others to now continue to harass the same defendants in this matter. First, is the new transcripts were recently received and clearly shows that Plaintiff has not problem pursuing not only his own actions, but enlisting others to work with him as well. (See Exhibit A – May 15, 2020 Transcripts.) In it, Shelton is speaking with an individual, who he later unsuccessfully sued because this individual refused to work with him, and has clearly shown he's researched this person as a potential "target" (See Exhibit A, page 2, lines 2-18). He goes on further, to stated "But if I had a judgment against  you, I mean, I 100 percent could put a lien against your house.  And -- and that would be a sizable amount of  equity that I could conceivably take."   (See Exhibit A, page 3, lines 9-12).

He then elaborated on his scheme by saying "MR. SHELTON: I understand. It's like – I

research these people a lot before I even write them a demand letter, because I want to know, Okay, do they own real property? Do they have bank accounts? Do they have money?  How -- how big is their company? How many employees do they have? All that -- I research that stuff in advance. And if they're a small -- if they're -- if they're driving a brand new Mercedes or -- or a Lambo or something, or they're  living in a brand new house, then they can afford to pay me." (See Exhibit A, page 4, lines 21-25 to page 5, lines 1-5). Additionally, he states, "MR. SHELTON: Meanwhile, I know -- I know where  the person banks before I even -- before I even file the case,  and how much money they have." (See Exhibit A, page 5, lines 19-21).

Further elaboration of his scheme is, "MR. SHELTON: Here's the thing -- here's the thing: Like, I sue the people individually and get – get individual liability. So that's the first hurdle. So you can  close your company up, but I'm going -- but I'm going to have a  judgment against you personally. And that's going -- that's going to mean that I can still levy your personal account. If you own a real -- if you own real property, I can put a lien against it, or I can even -- I mean, I can take -- take it if I want. If -- if there's equity in it, I can take the house. I mean, that -- there's a ton of weapons -- MR. O'HARE: Would you do that? Would you do that? MR. SHELTON: -- that I can use. Yeah. We're in the process of doing it to someone in -- in Southern California right now. But they're -- they're scumbags." (See Exhibit A, page 6, lines 20-25 to page 7, lines 1-11).

Shelton goes on to stated he, and others, are working together to target and harm these defendants, "MR. SHELTON: Yeah. No. You're right. No. We're pillaging them. No. We're absolutely pillaging them. I mean, that's -- that's the point." (See Exhibit A, page 5, lines 13-15). He further elaborates how he works with others, "MR. SHELTON: Oh, yeah. Absolutely. Because what we do is -- not you in particular, but, like, what – what we'll do is we'll say, Hey, yeah, these guys just paid me "X" number of dollars, or, Hey, you know, I just collected a judgment against

these guys. I just made $20,000. Yo. Any of you guys got any calls? Yeah. Sure have. Let's go after them." (See Exhibit A, page 6, lines 9-15).

This conspiracy is not an ephemeral occurrence either. It is still on going, and proof of this is that soon after the most recent case was initiated, Defendants begin receiving very similar threatening messages from "Heidarpour Law Firm, PLLC." (See Exhibit B). Further, they have been attempting to respond, however Heidarpour Law Firm, PLLC appears to be using the exact same tactics as the current Plaintiff. Further, Heidarpour Law Firm, PLLC is a serial filing firm, and a known litigant in the TCPA field. As such, it should come as no surprise that they would be willing to work with the likes of the Plaintiff in this matter, particularly if he tipped them of about the case. Further, based on some investigation, it seems more than likely Plaintiff is working with these other serial litigators as well, including those listed in the report found by the third party investigator. (See Exhibit C). Given that the Plaintiff has now admitted to participating in such schemes, and apparently employs the same tactics used here in other cases with other serial litigants, this should be taken into consideration in this case, it should be reopened and further discovery be permitted, to find out if any of Plaintiff's claims are actually legitimate, or merely part of the ongoing scheme. Further, it should be pointed out that substantially all "outstanding discovery" in this case was in fact responded to, via prior pleadings and actual submissions sent to plaintiff, and relying on the alleged lack of discovery by Plaintiff to procure their summary judgment was improper.

Finally, it should be pointed out that a "renewed" motion to compel was filed on May 25, 2020, and then one day later, without permitting time for a response, the court granted it. We are filing for an injunction against such relief concurrently with this motion, but ask the court consider this a motion fore reconsideration of that relief as well.

## LEGAL ARGUMENT

Defendants respectfully submit this Motion to Reconsider pursuant to F.R.C.P. 60(b)(2) and (3), specifically: "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party". Rule 60(b) thus provides "a grand reservoir of equitable power to do justice in a particular case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (internal quotation marks omitted), cert. denied sub nom. *Wetzel v. Cox*, 135 S. Ct. 1548 (2015). As made patent in *Coltec Industries, Inc. v. Hobgood*, a movant's particular situation in the context of a Rule 60(b)(6) motion is vitally important. *Coltec Industries, Inc. v. Hobgood* 280 F.3d 262, 274–75 (3d Cir. 2002).

In the Shelton v Target Advance, No. 18-2070, 2019 U.S. Dist. LEXIS 64713 (E.D. Pa. Apr. 16, 2019), the court found that "the Plaintiff lacked standing to bring claims predicated on the TCPA's prohibition against sales calls to telephone numbers listed on the DNC because the cell number at issue was also for business use, and business numbers are not permitted to be registered on the National Do Not Call Registry." See  Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."); 47 C.F.R. § 64.1200(c). Plaintiff admitted that his phone number is used for business purposes. Business numbers are not permitted to be registered on the Federal Do Not Call registry. As such, no violation has occurred in this case.

In addition, Plaintiff expressed a desire to be contacted by requesting information from Defendants, again by his own admission. As stated above, the TCPA does not prohibit all calls to phones listed on the Do Not Call Registry. It only prohibits calls that meet certain criteria, among which are calls made with robo-dialers (ATDS) to residential lines. As Defendants did not violate those or any other criteria, Plaintiff's contention that a TCPA breach occurred, is without merit.

Additionally, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility

determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In this case, summary judgment should have been denied because Plaintiff not only relied on insufficient evidence, but the evidence is so contradictory, that Plaintiff essentially defeats himself with his own evidence. To further these proofs though, Defendants now present their own evidence as well, to show substantial material facts now in issue.

Article III of the Constitution requires federal courts to adjudicate only "cases" and "controversies." Raines v. Byrd, 521 U.S. 811, 818 (1997); Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003). In order to have standing, a plaintiff must prove (1) injury in fact, (2) a causal connection between the injury and the challenged action, and (3) a likelihood that the injury is redressible by a favorable judicial decision. Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 258 (3d Cir. 2009).In this case, none of the factors were met as discussed above. There was no actual injury, as Plaintiff brought on the messages himself and any messages her did not were by parties who are not part of this action. There is no causal connection between any perceived injury and the actions claimed here and there is no likelihood that the injury is redressable. As such, the case must be dismissed on these grounds.

The relevant cited rule in the order was "Local R. Civ. P. 26(g)" was presumably a reference to Local R. Civ. P. 26.1(g) which states "A routine motion to compel answers to interrogatories or to compel compliance with a request for production under Fed.R.Civ.P. 34,

**wherein it is averred that no response or objection has been timely served**, need have no accompanying brief, and need have no copy of the interrogatories or Rule 34 request attached. The court may summarily grant or deny such motion without waiting for a response." Additionally, according to FRCP rule 7(d) "Unless otherwise prescribed by these rules, or by order of the court, a response to a motion must be served within 21 days after service of such motion, except that a response to a dispositive motion must be served within 35days after service of such motion. The movant has 21 days after service of the response to a dispositive motion to serve a reply."

In this case, we had an objection, which was attached to Plaintiff's motion as part of the email chain. Further, since there was an objection, we should have been granted the time to actually respond to the motion, rather than have it summarily granted. When the court granted the motion to compel one day later, there was no order stating that Defendants' objection time would be abridged, nor was on requested. Further, the court gave no reason for this abridged time, of approximately one day, as to why this motion should have been granted. There is no good faith reason for this, and as such, we ask the court reconsider the granting of that motion as well, particularly in light of all evidence presented in this pleading.

## CONCLUSION

For these reasons, this Court should dismiss the complaint with prejudice.


Dated: June 1, 2020

<div style="margin-left:40%">

___/s/ Joshua Thomas_____
Joshua L. Thomas and Associates
Joshua Thomas Esq.
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733

</div>

Email: JoshuaLThomas@gmail.com

## **<u>CERTIFICATION</u>**


     I, the undersigned attorney certify that I served a copy of this on Plaintiff, specifically:

BRYAN ANTHONY REO
REO LAW LLC
PO BOX 5100
MENTOR, OH 44061


CLAYTON S. MORROW
MORROW & ARTIM, P.C.
304 ROSS ST., 7TH FL.
PITTSBURGH, PA 15219

                                         _____/s/ Joshua Thomas_____
                                         Joshua L. Thomas and Associates
                                         Joshua Thomas Esq.
                                         Supreme Court ID No. 312476
                                         225 Wilmington-West Chester Pike
                                         Suite 200
                                         Chadds Ford, PA 19317
                                         Phone: (215) 806-1733
                                         Email: JoshuaLThomas@gmail.com

Joshua L. Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
Phone: 215-806-1733
Fax: (888) 314-8910
Email: JoshuaLThomas@gmail.com
Atty ID# 312476

| | |
|---|---|
| JAMES EVERETT SHELTON<br><br>Plaintiff<br><br>v.<br><br>FCS CAPITAL LLC, ET AL.<br>Defendants | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br><br><br>No.  2:18-cv-03723-NIQA |

## DEFENDANTS'
## FCS CAPITAL LLC, EMIL YASHAYEV, BARRY SHARGEL, (DEFENDANTS) MOTION TO RECONSIDER

1.  Defendants respectfully submit this Motion to Reconsider pursuant to F.R.C.P. 60(b)(2) and (3), specifically: "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party".

2.  Rule 60(b) thus provides "a grand reservoir of equitable power to do justice in a particular case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (internal quotation marks omitted), cert. denied sub nom. *Wetzel v. Cox*, 135 S. Ct. 1548 (2015).

3. As made patently clear in *Coltec Industries, Inc. v. Hobgood*, a movant's particular situation in the context of a Rule 60(b)(6) motion is vitally important. *Coltec Industries, Inc. v. Hobgood* 280 F.3d 262, 274–75 (3d Cir. 2002).

4. Since the last order denying the motion to reconsider, a few very crucial facts have come to light regarding Plaintiff and his ongoing scheme.

5. We now have third party evidence that not only has Shelton been working with others to continue this ongoing scheme, but he has also contacted others to now continue to harass the same defendants in this matter.

6. First, is the new transcripts were recently received and clearly shows that Plaintiff has not problem pursuing not only his own actions, but enlisting others to work with him as well. (See Exhibit A – May 15, 2020 Transcripts.)

7. In it, Shelton is speaking with an individual, who he later unsuccessfully sued because this individual refused to work with him, and has clearly shown he's researched this person as a potential "target", breaks down how his scheme works, and that he works with others as well.

8. This conspiracy is not an ephemeral occurrence either.

9. It is still on going, and proof of this is that soon after the most recent case was initiated, Defendants begin receiving very similar threatening messages from "Heidarpour Law Firm, PLLC." (See Exhibit B)

10. Further, they have been attempting to respond, however Heidarpour Law Firm, PLLC appears to be using the exact same tactics as the current Plaintiff.

11.  Further, Heidarpour Law Firm, PLLC is a serial filing firm, and a known litigant in the TCPA field.

12. As such, it should come as no surprise that they would be willing to work with the likes of the

Plaintiff in this matter, particularly if he tipped them of about the case.

13. Further, based on some investigation, it seems more than likely Plaintiff is working with these other serial litigators as well, including those listed in the report found by the third party investigator. (See Exhibit C).

14. Given that the Plaintiff has now admitted to participating in such schemes, and apparently employs the same tactics used here in other cases with other serial litigants, this should be taken into consideration in this case, it should be reopened and further discovery be permitted, to find out if any of Plaintiff's claims are actually legitimate, or merely part of the ongoing scheme.

15. Further, it should be pointed out that substantially all "outstanding discovery" in this case was in fact responded to, via prior pleadings and actual submissions sent to plaintiff, and relying on the alleged lack of discovery by Plaintiff to procure their summary judgment was improper.

16. Finally, it should be pointed out that a "renewed" motion to compel was filed on May 25, 2020, and then one day later, without permitting time for a response, the court granted it.

17. We are filing for an injunction against such relief concurrently with this motion, but ask the court consider this a motion fore reconsideration of that relief as well.

Dated: June 1, 2020

___/s/ Joshua Thomas_____
Joshua L. Thomas and Associates
Joshua Thomas Esq.
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

# EXHIBIT A

```
 1                      STATE OF OHIO
          IN THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY
 2                      CIVIL DIVISION
     _____
 3
 4   JAMES SHELTON,
     11304 Hessler Road
 5   Cleveland, OH 44106
 6            Plaintiff,
 7   vs.
 8   BLINDBID INC d/b/a TCPA LITIGATOR,
     LIST
 9   405 Cherry Hills Way
     Colorado Springs, CO 80921
10
     MICHAEL CONVEY O'HARE
11   405 Cherry Hills Way
     Colorado Springs, CO 80921
12
              Defendants.
13   _____
14            TRANSCRIPT OF AUDIO RECORDINGS
15            TRANSCRIBED:  MAY 15, 2020
16   _____
17
18
19
                         TRANSCRIPT PROVIDED BY:
20                       Stevens-Koenig Reporting
                         A Veritext Company
21                       700 17th Street, Suite 1750
                         Denver, Colorado 80202
22                       303-988-8470
23
24
25
                                             Page 1
```

```
 1                        (Beginning of audio recording.)

 2                    MR. SHELTON:  See -- look -- right.  This is

 3       what I would do.  So I type in your name.

 4                        You live in Colorado Springs?

 5                    MR. O'HARE:  Yes.

 6                    MR. SHELTON:  That's a super nice area.  I've

 7       been there a few times.  I -- my dad is good friends with a guy

 8       that was in the Air Force.  He's a colonel.  He's retired now.

 9       But they were stationed on the U.S. Air Force base.  And so we

10       went out there and stayed at their place for a couple days, and

11       then we went skiing, which was really, really great.  A really

12       good time.  So I'm somewhat familiar with the area.

13                        Yes, I would -- I would run you -- I would

14       see -- okay.  You know, you have a house in Colorado Springs.

15       Loan him out 340,000.  So then I would type in your property,

16       pull it up on sale.  It's worth 512,000.  So I'd be like, All

17       right, that's a pretty nice house.  You have, like, a lot of

18       people -- I don't know if you're (inaudible).

19                    MR. O'HARE:  But -- but -- but, James --

20       because the house -- when I bought it for 340, it was worth

21       340.  Okay.  It went up --

22                    MR. SHELTON:  Right.

23                    MR. O'HARE:  -- in the past three years.

24                    MR. SHELTON:  It's going to go up, and then

25       it's going to go done down, because the real estate market is
```

Page 2

1   going to go down.

2                   MR. O'HARE:  Yeah.  So -- but, I mean,

3   it's -- but -- but I -- you know, if my value of the house went

4   up 100,000 the last three years, it's not because -- you know,

5   it's more luck than anything else, you know.  It's just a lot

6   of people wanted to move out here.

7                   MR. SHELTON:  Yeah.  And you don't -- you don't

8   have -- you don't have any expensive vehicles.  So I would say

9   you're not rich by any means.  But if I had a judgment against

10  you, I mean, I 100 percent could put a lien against your house.

11                  And -- and that would be a sizable amount of

12  equity that I could conceivably take, if it's -- if it's really

13  worth that much.  But that's just the -- so that would be my

14  analysis.  Right?

15                  I would say, Okay, you have two six- or

16  seven-year-old cars.  I would just kind of look at you like,

17  All right, you know.  But depending on collectability, I look

18  at it as where someone lives and what they're driving, what

19  their lifestyle is.

20                  So --

21                  MR. O'HARE:  Yeah.  We --

22                  MR. SHELTON:  -- that's a far cry

23  from -- that's a far cry from someone that lives in Calabasas;

24  or Beverly Hills; or, you know, Santa Anna, California, for

25  example; Newport Beach.

                                                    Page  3

```
 1                    (End of audio recording.)

 2                         * * * * * * *

 3                    (Beginning of audio recording.)

 4               MR. SHELTON:  I'll tell you what,

 5     because -- because you run -- because you can run them -- you

 6     can run her on Lexis -- not the Lexis; on TLO.

 7                    (End of audio recording.)

 8                         * * * * * * *

 9                    (Beginning of audio recording.)

10               MR. O'HARE:  I don't know why I --

11               MR. SHELTON:  I have -- I have Clear Choice

12     Credit.  For 10 bucks, you can run -- it's $9.50 each -- you

13     can run -- you can pull a credit report, TransUnion or Equifax.

14     All you need to have is Social, date of birth, address.  It's

15     very --

16               MR. O'HARE:  Okay.  Well, take --

17               MR. SHELTON:  -- very easy.

18                    (End of audio recording.)

19                         * * * * * * *

20                    (Beginning of audio recording.)

21               MR. SHELTON:  I understand.  It's like -- I

22     research these people a lot before I even write them a demand

23     letter, because I want to know, Okay, do they own real

24     property?  Do they have bank accounts?  Do they have money?

25     How -- how big is their company?  How many employees do they
```

Page 4

```
1    have?

2                      All that -- I research that stuff in advance.

3    And if they're a small -- if they're -- if they're driving a

4    brand new Mercedes or -- or a Lambo or something, or they're

5    living in a brand new house, then they can afford to pay me.

6                      If there's someone living in their apartment,

7    has no money, is driving a 1995 truck, I mean --

8                      (End of audio recording.)

9                              * * * * * * *

10                     (Beginning of audio recording.)

11                     MR. O'HARE:  How do you -- how do you justify

12   that --

13                     MR. SHELTON:  Yeah.  No.  You're right.  No.

14   We're pillaging them.  No.  We're absolutely pillaging them.  I

15   mean, that's -- that's the point.

16                     (End of audio recording.)

17                              * * * * * * *

18                     (Beginning of audio recording.)

19                     MR. SHELTON:  Meanwhile, I know -- I know where

20   the person banks before I even -- before I even file the case,

21   and how much money they have.

22                     (End of audio recording.)

23                              * * * * * * *

24                     (Beginning of audio recording.)

25                     MR. SHELTON:  I just justify it as, Hey, I want
```

Page 5

```
 1   to make some money, and, I mean, that's --
 2                  (End of audio recording.)
 3                      * * * * * * *
 4                  (Beginning of audio recording.)
 5                  MR. O'HARE:  What?  Okay.  You find the
 6   company.  They call you.  I mean, are you then going to go say,
 7   Hey, Craig -- Craig Cunningham or these other -- Rayburn
 8   (phonetic) or whoever -- Hey, Michael, here's an easy target?
 9                  MR. SHELTON:  Oh, yeah.  Absolutely.  Because
10   what we do is -- not you in particular, but, like, what -- what
11   we'll do is we'll say, Hey, yeah, these guys just paid me "X"
12   number of dollars, or, Hey, you know, I just collected a
13   judgment against these guys.  I just made $20,000.  Yo.  Any of
14   you guys got any calls?  Yeah.  Sure have.  Let's go after
15   them.
16                  (End of audio recording.)
17                      * * * * * * *
18                  (Beginning of audio recording.)
19                  MR. O'HARE:  Well, what --
20                  MR. SHELTON:  Here's the thing -- here's the
21   thing:  Like, I sue the people individually and get -- get
22   individual liability.  So that's the first hurdle.  So you can
23   close your company up, but I'm going -- but I'm going to have a
24   judgment against you personally.  And that's going -- that's
25   going to mean that I can still levy your personal account.
```

Page 6

```
 1                    If you own a real -- if you own real property,

 2      I can put a lien against it, or I can even -- I mean, I can

 3      take -- take it if I want.  If -- if there's equity in it, I

 4      can take the house.  I mean, that -- there's a ton of

 5      weapons --

 6                    MR. O'HARE:  Would you do that?  Would you do

 7      that?

 8                    MR. SHELTON:  -- that I can use.

 9                    Yeah.  We're in the process of doing it to

10      someone in -- in Southern California right now.  But

11      they're -- they're scumbags.  They're -- have you -- do you

12      have any extended auto warranty --

13                    (End of audio recording.)

14                         *  *  *  *  *  *  *

15

16

17

18

19

20

21

22

23

24

25
```

Page 7

```
 1                        REPORTER'S CERTIFICATE

 2

 3

 4            I, Laurel S. Tubbs, do hereby certify that I am a

 5   Professional Shorthand Reporter and Notary Public within the

 6   State of Colorado.

 7            I further certify that the foregoing transcript

 8   constitutes a true and correct transcript to the best of my

 9   ability to hear and understand the audio recording.

10            I further certify that I am not related to, employed

11   by, nor of counsel for any of the parties or attorneys herein,

12   nor otherwise interested in the result of the within action.

13

14            My commission expires September 1, 2023.

15

16

17

18

19

20

21            LAUREL S. TUBBS

22            Registered Professional Reporter

23            and Notary Public

24

25

                                                      Page  8
```

**[1 - guys]**

| 1 |
|---|
| **1**  8:14 |
| **10**  4:12 |
| **100**  3:10 |
| **100,000**  3:4 |
| **11304**  1:4 |
| **15**  1:15 |
| **1750**  1:21 |
| **17th**  1:21 |
| **1995**  5:7 |

| 2 |
|---|
| **20,000**  6:13 |
| **2020**  1:15 |
| **2023**  8:14 |
| **22402**  8:19 |

| 3 |
|---|
| **303-988-8470**  1:22 |
| **340**  2:20,21 |
| **340,000**  2:15 |

| 4 |
|---|
| **405**  1:9,11 |
| **44106**  1:5 |

| 5 |
|---|
| **512,000**  2:16 |

| 7 |
|---|
| **700**  1:21 |

| 8 |
|---|
| **80202**  1:21 |
| **80921**  1:9,11 |

| 9 |
|---|
| **9.50**  4:12 |

| a |
|---|
| **ability**  8:9 |
| **absolutely**  5:14 6:9 |
| **account**  6:25 |

**accounts**  4:24
**action**  8:12
**address**  4:14
**advance**  5:2
**afford**  5:5
**air**  2:8,9
**amount**  3:11
**analysis**  3:14
**anna**  3:24
**apartment**  5:6
**area**  2:6,12
**attorneys**  8:11
**audio**  1:14 2:1 4:1 4:3,7,9,18,20 5:8 5:10,16,18,22,24 6:2,4,16,18 7:13 8:9
**auto**  7:12

| b |
|---|
| **b**  1:8 |
| **bank**  4:24 |
| **banks**  5:20 |
| **base**  2:9 |
| **beach**  3:25 |
| **beginning**  2:1 4:3 4:9,20 5:10,18,24 6:4,18 |
| **best**  8:8 |
| **beverly**  3:24 |
| **big**  4:25 |
| **birth**  4:14 |
| **blindbid**  1:8 |
| **bought**  2:20 |
| **brand**  5:4,5 |
| **bucks**  4:12 |

| c |
|---|
| **calabasas**  3:23 |
| **california**  3:24 7:10 |

**call**  6:6
**calls**  6:14
**cars**  3:16
**case**  5:20
**certificate**  8:1
**certify**  8:4,7,10
**cherry**  1:9,11
**choice**  4:11
**civil**  1:2
**clear**  4:11
**cleveland**  1:5
**close**  6:23
**collectability**  3:17
**collected**  6:12
**colonel**  2:8
**colorado**  1:9,11,21 2:4,14 8:6
**commission**  8:14
**common**  1:1
**company**  1:20 4:25 6:6,23
**conceivably**  3:12
**constitutes**  8:8
**convey**  1:10
**correct**  8:8
**counsel**  8:11
**county**  1:1
**couple**  2:10
**court**  1:1
**craig**  6:7,7
**credit**  4:12,13
**cry**  3:22,23
**cunningham**  6:7
**cuyahoga**  1:1

| d |
|---|
| **d**  1:8 |
| **dad**  2:7 |
| **date**  4:14 |
| **days**  2:10 |
| **defendants**  1:12 |

**demand**  4:22
**denver**  1:21
**depending**  3:17
**division**  1:2
**doing**  7:9
**dollars**  6:12
**driving**  3:18 5:3,7

| e |
|---|
| **easy**  4:17 6:8 |
| **employed**  8:10 |
| **employees**  4:25 |
| **equifax**  4:13 |
| **equity**  3:12 7:3 |
| **estate**  2:25 |
| **example**  3:25 |
| **expensive**  3:8 |
| **expires**  8:14 |
| **extended**  7:12 |

| f |
|---|
| **familiar**  2:12 |
| **far**  3:22,23 |
| **file**  5:20 |
| **find**  6:5 |
| **first**  6:22 |
| **force**  2:8,9 |
| **foregoing**  8:7 |
| **friends**  2:7 |
| **further**  8:7,10 |

| g |
|---|
| **go**  2:24,25 3:1 6:6 6:14 |
| **going**  2:24,25 3:1 6:6,23,24,25 |
| **good**  2:7,12 |
| **great**  2:11 |
| **guy**  2:7 |
| **guys**  6:11,13,14 |

Page 1

[hear - sue]

**h**

hear  8:9
hessler  1:4
hey  5:25 6:7,8,11
  6:12
hills  1:9,11 3:24
house  2:14,17,20
  3:3,10 5:5 7:4
hurdle  6:22

**i**

inaudible  2:18
individual  6:22
individually  6:21
interested  8:12

**j**

james  1:4 2:19
judgment  3:9 6:13
  6:24
justify  5:11,25

**k**

kind  3:16
know  2:14,18 3:3
  3:4,5,17,24 4:10
  4:23 5:19,19 6:12
koenig  1:20

**l**

lambo  5:4
laurel  8:4,21
letter  4:23
levy  6:25
lexis  4:6,6
liability  6:22
lien  3:10 7:2
lifestyle  3:19
list  1:8
litigator  1:8
live  2:4
lives  3:18,23

living  5:5,6
loan  2:15
look  2:2 3:16,17
lot  2:17 3:5 4:22
luck  3:5

**m**

market  2:25
mean  3:2,10 5:7
  5:15 6:1,6,25 7:2
  7:4
means  3:9
mercedes  5:4
michael  1:10 6:8
money  4:24 5:7,21
  6:1
move  3:6

**n**

name  2:3
need  4:14
new  5:4,5
newport  3:25
nice  2:6,17
notary  8:5,23
number  6:12

**o**

o'hare  1:10 2:5,19
  2:23 3:2,21 4:10
  4:16 5:11 6:5,19
  7:6
oh  1:5 6:9
ohio  1:1
okay  2:14,21 3:15
  4:16,23 6:5
old  3:16

**p**

paid  6:11
particular  6:10
parties  8:11

pay  5:5
people  2:18 3:6
  4:22 6:21
percent  3:10
person  5:20
personal  6:25
personally  6:24
phonetic  6:8
pillaging  5:14,14
place  2:10
plaintiff  1:6
pleas  1:1
point  5:15
pretty  2:17
process  7:9
professional  8:5
  8:22
property  2:15
  4:24 7:1
provided  1:19
public  8:5,23
pull  2:16 4:13
put  3:10 7:2

**r**

rayburn  6:7
real  2:25 4:23 7:1
  7:1
really  2:11,11,11
  3:12
recording  2:1 4:1
  4:3,7,9,18,20 5:8
  5:10,16,18,22,24
  6:2,4,16,18 7:13
  8:9
recordings  1:14
registered  8:22
related  8:10
report  4:13
reporter  8:5,22
reporter's  8:1

reporting  1:20
research  4:22 5:2
result  8:12
retired  2:8
rich  3:9
right  2:2,17,22
  3:14,17 5:13 7:10
road  1:4
run  2:13 4:5,5,6
  4:12,13

**s**

s  8:4,21
sale  2:16
santa  3:24
scumbags  7:11
see  2:2,14
september  8:14
seven  3:16
shelton  1:4 2:2,6
  2:22,24 3:7,22 4:4
  4:11,17,21 5:13,19
  5:25 6:9,20 7:8
shorthand  8:5
signature  8:19
six  3:15
sizable  3:11
skiing  2:11
small  5:3
social  4:14
somewhat  2:12
southern  7:10
springs  1:9,11 2:4
  2:14
state  1:1 8:6
stationed  2:9
stayed  2:10
stevens  1:20
street  1:21
stuff  5:2
sue  6:21

Stevens-Koenig Reporting, A Veritext Company
303-988-8470

**[suite - yo]**

| | |
|---|---|
| **suite**  1:21 | **way**  1:9,11 |
| **super**  2:6 | **weapons**  7:5 |
| **sure**  6:14 | **went**  2:10,11,21 |
| | 3:3 |
| **t** | **worth**  2:16,20 |
| **take**  3:12 4:16 7:3 | 3:13 |
| 7:3,4 | **write**  4:22 |
| **target**  6:8 | |
| **tcpa**  1:8 | **x** |
| **tell**  4:4 | **x**  6:11 |
| **thing**  6:20,21 | |
| **three**  2:23 3:4 | **y** |
| **time**  2:12 | **yeah**  3:2,7,21 5:13 |
| **times**  2:7 | 6:9,11,14 7:9 |
| **tlo**  4:6 | **year**  3:16 |
| **ton**  7:4 | **years**  2:23 3:4 |
| **transcribed**  1:15 | **yo**  6:13 |
| **transcript**  1:14,19 | |
| 8:7,8 | |
| **transunion**  4:13 | |
| **truck**  5:7 | |
| **true**  8:8 | |
| **tubbs**  8:4,21 | |
| **two**  3:15 | |
| **type**  2:3,15 | |
| | |
| **u** | |
| **u.s.**  2:9 | |
| **understand**  4:21 | |
| 8:9 | |
| **use**  7:8 | |
| | |
| **v** | |
| **value**  3:3 | |
| **vehicles**  3:8 | |
| **veritext**  1:20 | |
| **vs**  1:7 | |
| | |
| **w** | |
| **want**  4:23 5:25 7:3 | |
| **wanted**  3:6 | |
| **warranty**  7:12 | |

# EXHIBIT B

**JACOVETTI LAW, P.C.**
194 Old Country Road
Mineola, New York 11501
(516) 744-5454 telephone / (877) 212-9156 facsimile
cs@jacovettilaw.com

May 1, 2020

Heidarpour Law Firm, PLLC
1300 Pennsylvania Avenue, NW 190-318
Washington, DC  20004

VIA FIRST CLASS MAIL

     RE:    Violation of the Telephone Consumer Protection Act

Dear Andrew:

    Jacovetti Law, P.C. sends this letter in response to your demand letter sent to my clients dated April 14, 2020.  As described in my response letter dated October 11, 2019 with respect to your two previous baseless demands, this instant demand to is baseless.

    As previously stated it is my clients business practice to purchase and use "opt-in" data records that are then "scrubbed" both against an internal database and again against the National Do-Not-Call (DNC) Registry.  Only after a record is successfully processed through this procedure is the data used to make HAND-DIALED calls.  Subsequently if a representative is advised to place the telephone number on a DNC list - that is done so immediately.

**April 14, 2020**

    In response to your demand contained in your April 2020 letter, the telephone number you stated as my client's telephone number (973-348-3770), belongs to another company.   See attached.  This number does not belong to my client.  Additionally, the wireless telephone number 831-737-7919 is not included in any records that are in my client's possession.

    If you wish to discuss these demands in a courtious manner, I am open to doing so in good faith.

Sincerely,

Robert C. Jacovetti, Esq.

encs.



**SHOULD I ANSWER?**

# CALLED YOU FROM 9733483770 ?

## +1 973-348-3770
NEGATIVE TELEMARKETER
fixed or mobile line
United States, New Jersey

umber **9733483770** has negative rating. **19** users rated it as **negative**. Approximated caller location is WARREN, SOMERSI
ZIP code is 07059. It's registered in AT&T LOCAL. This phone number is mostly categorized as **Telemarketer** (9 times),
ted call (6 times) and Financial services (2 times). This ratings are based on reports of visitors of this web site and report:
our protection agains unwanted calls which is available for free on Google Play.

JNITY REVIEWS

of the reviews are written by real users of our applications or visitors of this website. The content of reviews contains rea
ice with the phone number. In most cases the reviews are short because written on mobile devices. Short reviews are alsc
nd can help others. Please be aware that reviews violating our terms of use are removed or censored.

Horrible, disgusting, vulgar comments. They don't stop calling! (Financial services) *Dan*                        04
They keep calling trying to give me a business loan. You argue with them time after time to stop calling and yet they don't stop. They
will have another # call immediately from Colorado just to **** you off further. They make **** comments sexually toward my spouse eve
though I'm not married. I wish they would go away!!!

Financial services *SIA User*
                                                                                                                2 mi

Telemarketer *FTC DNC Complaint*
                                                                                                                3 mi

4/28/2020                          Who called you from 9733483770 (+19733483770) ? | shouldianswer.com

Telemarketer 174.221.133.xxx                                                                          4 mi
business debt adjuster

Unsolicited call 174.254.195.xxx                                                                      6 mi
business loans

Unsolicited call FTC DNC Complaint                                                                    6 mi

Unsolicited call FTC DNC Complaint                                                                    6 mi

Telemarketer 107.77.226.xxx                                                                           6 mi
get out boy

Unsolicited call FTC DNC Complaint                                                                    7 mi

Telemarketer SIA User                                                                                 7 mi

                                    .

Scam call missAnn                                                                                     8 mi
keeps calling but never leaves a message

Telemarketer FTC DNC Complaint                                                                        9 mi

Telemarketer FTC DNC Complaint                                                                       13 mi

Unsolicited call 174.58.19.xxx                                                                       16 mi
hangs up early

Telemarketer 24.166.211.xxx                                                                          16 mi
Brooklyn driving specialist

Unsolicited call *172.58.217.xxx*
Unknown caller,no message left                                                                              17 mu

.

UR RATING

:eep the information just for yourself. Describe Your experience using our form and You will help also the other users. Tha
review.

number call you?

NO

'OU SHOULD KNOW

important to be prepared to new threats. That's why our team writes stories which could help you to identify and protect a
frauds. Here are some tips to our stories, but feel free to visit our stories section for next useful tips.

Your child's first cell phone. A useful guide for parents

Who called? Find out for free

How do Americans fight robocalls? Read the latest data

More Stories »

R PHONE NUMBERS

nes the unwanted calls are conducted from similar phone numbers - good to know! Here is a list of similar phone number:
stored in our database.

| 3483764 | 9733483765 | 9733483766 | 9733483767 | 9733483768 | 9733483769 |
| 3483771 | 9733483772 | 9733483773 | 9733483774 | 9733483775 | 9733483776 |

Who called you from 9733483770 (+19733483770) ? | shouldianswer.com

support | facebook | terms | privacy policy

Cookies help us to deliver our services. By continuing to use this site you agree to the use of cookies. Find out more

© 2013-2019 shouldianswer.com ALL RIGHTS RESERVED



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**April 14, 2020**

**Via Email: troy@centuryrelief.com; louis@centuryrelief.com; adam@centuryrelief.com; terrell@centuryrelief.com; grace@centuryrelief.com**

**Century Relief**
**ATTN: LEGAL DEPARTMENT**

Re:   **Violation of the Telephone Consumer Protection Act**

To Whom It May Concern:

My Client, Mariano Benitez (Client), wishes to bring to your attention a telemarketing concern. In January and March of 2020, my Client received unsolicited telemarketing calls to their wireless line 831-737-7919 from your company, or some company on your behalf, from number 973-348-3770. My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call (DNC) Registry, thus constituting DNC violations as well.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by April 21, 2020. If we do not hear from you at that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

Sincerely,

Heidarpour Law Firm, PLLC

Andrew W. Heidarpour, Esq

www.HLFirm.com

**JACOVETTI LAW, P.C.**
194 Old Country Road
Mineola, New York 11501
(516) 744-5454 telephone / (877) 212-9156 facsimile
cs@jacovettilaw.com

October 11, 2019

Heidarpour Law Firm, PLLC
1300 Pennsylvania Avenue, NW 190-318
Washington, DC  20004

VIA FIRST CLASS MAIL

      RE:    Violation of the Telephone Consumer Protection Act

Dear Andrew:

      Jacovetti Law, P.C. sends this letter in response to your demand letters sent to my clients dated June 24, 2019 and October 8, 2019.  First, I must note that this is my first experience during my years of practice that an opposing counsel refused to speak with me about a matter on a telephone call.  Your lack of professional courtesy is noteworthy.

      I have conducted an interview with my clients.  Please be advised that it is my clients business practice to purchase and use "opt-in" data records that are then "scrubbed" both against an internal database and again against the National Do-Not-Call (DNC) Registry.  Only after a record is successfully processed through this procedure is the data used to make HAND-DIALED calls.  Subsequently if a representative is advised to place the telephone number on a DNC list - that is done so immediately.

**June 24, 2019**

      In response to your demand contained in your June 2019 letter, the telephone number 510-540-7210 in the control of your corporate client Abante Rooter and Plumbing, Inc. was placed on an internal DNC list on February 19, 2019 at 12:07 pm. No further hand-dialed calls were placed to this telephone number by my client.

**October 8, 2019**

      In response to your demand contained in your October 2019 letter, the telephone number 805-520-9210 in the control of your client Terry Fabricant was placed on a internal DNC list on October 7, 2019 at 12:10 pm.  No further hand-dialed calls were placed to this telephone number by my client.

**JACOVETTI LAW, P.C.**
194 Old Country Road
Mineola, New York 11501
(516) 744-5454 telephone / (877) 212-9156 facsimile
cs@jacovettilaw.com

If you wish to discuss these demands in a courtesy manner, I am open to doing so in good faith.

Sincerely,

Robert C. Jacovetti, Esq.

encs.



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

**Heidarpour Law Firm, PLLC**

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**October 8, 2019**

**Via Email:** louis@centuryrelief.com; adam@centuryrelief.com; louis@centuryrelief.com; kevin@centuryrelief.com; grace@centuryrelief.com

**Century Relief**
**ATTN: LEGAL DEPARTMENT**

   Re: <u>Violation of the Telephone Consumer Protection Act</u>

To Whom It May Concern:

  My Client, Terry Fabricant (Client), wishes to bring to your attention a telemarketing concern. In September and October of 2019, my Client received multiple unsolicited telemarketing calls to their wireless line 805-520-9210, from your company, or some company on your behalf, from numbers 805-870-9176, 646-506-3453, 201-579-5221, 805-870-9176, and 347-707-7958 . My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the number in question is also on the National Do-Not-Call (DNC) Registry, thus constituting DNC violations as well.

  Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by October 15, 2019. If we do not hear from you at that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

       Sincerely,

       Heidarpour Law Firm, PLLC

       Andrew W. Heidarpour, Esq



1300 Pennsylvania Ave. NW 190-318
Washington, D.C. 20004
AHeidarpour@HLFirm.com
TEL: (202) 234-2727

Andrew W. Heidarpour, Esq
D.C BAR # 1022137

**Heidarpour Law Firm, PLLC**

**June 24, 2019**

**Via Email: grace@businessdebtexperts.com; info@businessdebtexperts.com;
barry@businessdebtexperts.com**

**Business Debt Expert / Renaissance Capital Group, LLC**
**ATTN: LEGAL DEPARTMENT**
**1644 East 14th St**
**Brooklyn, NY 11229**

        Re:   <u>**Violation of the Telephone Consumer Protection Act**</u>

To Whom It May Concern:

        My Client, Abante Rooter and Plumbing, Inc (Client), wishes to bring to your
attention a telemarketing concern. In January and February of 2019, my Client received
multiple unsolicited telemarketing calls to their wireless line 510-540-7210, from your
company, or some company on your behalf. My Client did not provide their consent to your
company to make these telemarketing calls. It is my understanding that according to the
Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line
using an ATDS or Pre-Recorded message without first obtaining the express written consent
of the recipient or business. Furthermore, the number in question is also on the National Do-
Not-Call (DNC) Registry, thus constituting DNC violations as well.

        Please forward to my attention all documents that evidence any purported consent to
receive telemarketing calls from your company, as well as any other documents that support
your position there is no claim against your company, if that is your contention. Before my
Client proceeds with a formal claim, they wish to give your company the opportunity to
explain their actions. Please forward this information to my attention by July 1, 2019. If we do
not hear from you at that time, my Client will consider all legal remedies available, including
but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any
third parties that you worked with related to the telephone campaign at issue, are hereby
notified of your obligation to preserve all electronic and non-electronic files regarding this
claim. This includes, but is not limited to, all e-mail communications and records reflecting
telephone calls.

                        Sincerely,

                        Heidarpour Law Firm, PLLC

                        Andrew W. Heidarpour, Esq

**www.HLFirm.com**

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Subject: Re: Pre-Suit Notification of Federal Telemarketing Law Violation**
**Date:** May 29, 2020 at 2:47:46 PM EDT
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>

They are not unlawful.

Again, I think a telephone conversation would be helpful to resolve this amicably.

Regards,
Robert


Robert Jacovetti, Esq.
Jacovetti Law, P.C.
194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone
(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com


Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.


On May 29, 2020, at 2:45 PM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

Robert,  I sent an email on May 11 with four attachments. On May 22, you informed me your client was reviewing the emails. Your client has had 18 days to review a few pages of documents.

What is your client's position regarding those emails?

Regards
----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-00hmgxkp.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Sent:** Friday, May 29, 2020 2:30 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

Once again - I believe a telephone conversation would do very well before you take action.

What time are you available to speak next Tuesday?

Regards,
Robert

Robert Jacovetti, Esq.
Jacovetti Law, P.C.
194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone

(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com

Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.

On May 29, 2020, at 10:47 AM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

Hi Robert, any update?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-anbabu2z.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Sent:** Friday, May 22, 2020 10:43 AM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

I have been out - Forward the emails to my client and they are under review.

I will email you when we return from the Memorial Day holiday.

Regards,
Robert




Robert Jacovetti, Esq.
Jacovetti Law, P.C.
194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone
(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com

Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.

On May 20, 2020, at 12:32 PM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

Robert, we have waited long enough.

Are you authorized to accept service?

Regards
----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-5yqsiuyt.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Friday, May 15, 2020 7:12 PM
**To:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Any update Robert?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-jj0oqq2w.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Monday, May 11, 2020 1:30 PM
**To:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

They are attached.

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-n40nxwel.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Sent:** Friday, May 8, 2020 3:01 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

Send me copies of the emails and I will present them to my client.

Regards,

Robert Jacovetti, Esq.
Jacovetti Law, P.C.

194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone
(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com

Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.

On May 8, 2020, at 2:51 PM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

Robert, I would speak with your client again. If they did not call my client, and the number is not your client's, why or how was my client speaking to Troy, Louis, and Mark, all of whom sent emails to the client? All of which are from Century Debt Relief.

Please also confirm your client does not use an Automatic Telephone Dialing System.

Furthermore, my client's number is on the DNC, and was still called.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-2lc4avaz.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Sent:** Friday, May 8, 2020 2:27 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andew,

Didn't you receive the letter?  You should have - see attachment.

Regards,
Robert


Robert Jacovetti, Esq.
Jacovetti Law, P.C.
194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone
(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com

Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.

On May 8, 2020, at 2:13 PM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

I assume you will not provide a copy?

Service of process will be sent shortly.

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-dawzcusz.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Sent:** Friday, May 1, 2020 3:50 PM
**To:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Can a copy be sent via email?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com

AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-anrbstwb.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Sent:** Friday, May 1, 2020 3:35 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

Our response letter is drafted and will be mailed today.

Regards,
Robert

Robert Jacovetti, Esq.
Jacovetti Law, P.C.
194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone
(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com

Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.

On May 1, 2020, at 1:56 PM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

Hi Robert, any update?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-sahwhklf.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Sent:** Tuesday, April 28, 2020 2:37 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

Yes - I am drafting a formal response letter that will be sent to you within the next day or two.

Once again, my client does not use an auto-dialer, nor does my client engage in "Press 1" campaigns.

The telephone number documented in your letter does not appear in my clients system.  Finally, the telephone number that you attribute to my client does not belong to my client.

These facts, together with other factual information, will be included in my forthcoming response letter together.

Regards,
Robert


Robert Jacovetti, Esq.
Jacovetti Law, P.C.
194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone
(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com

Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.


On Apr 28, 2020, at 1:53 PM, Andrew Heidarpour <aheidarpour@hlfirm.com> wrote:

Robert, did you investigate the calls?

Regards

----

Andrew Heidarpour

Heidarpour Law Firm, PLLC

www.HLFirm.com

AHeidarpour@HLFirm.com

[P] 202-234-2727

<Outlook-dnfpumpd.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Robert Jacovetti <rcjesq@jacovettilaw.com>
**Sent:** Tuesday, April 21, 2020 1:10 PM
**To:** Andrew Heidarpour <aheidarpour@hlfirm.com>
**Subject:** Re: Pre-Suit Notification of Federal Telemarketing Law Violation

Andrew,

Please be advised that due to the pandemic, and the impact that has had on my staff, my response has been delayed.  I will respond via letter as soon as practicable.

Attached please find your demand letter dated April 14, 2020, as well as our response letter to the two previous demands sent to my client.

Additionally, it has come to my attention that you are purposely directing demands to my client employees - cease and desist.

Finally, my attempts to communicate with you directly during your previous two demands were rejected by you.  I feel that it would helpful if we schedule a telephone call.

Regards,

Robert

Robert Jacovetti, Esq.
Jacovetti Law, P.C.
194 Old Country Road
Mineola, New York 11501
(516) 744-5454  Telephone
(877) 212-9156 Facsimile
rcjesq@jacovettilaw.com
www.jacovettilaw.com

Confidentiality Statement: The information contained in, and attached to, this email is confidential and intended for the personal use of the addressee named above.  If the reader of this message is not the intended recipient, or is not an agent responsible for delivering this message to the recipient, you are hereby notified that you are in receipt of this email in error.  Please contact the sender immediately by reply email and destroy all copies of this email as well as any and all attachments.  Any review, distribution, or reproduction of the information contained herein, and attached to, this email is strictly prohibited.

On Apr 21, 2020, at 12:18 PM, Emil Yashayev <emil@centuryrelief.com> wrote:

This attorney is emailing everybody individually and harassing the employees

---------- Forwarded message ---------
From: **Louis Abramson** <louis@centuryrelief.com>
Date: Tue, Apr 21, 2020 at 12:18 PM
Subject: Fwd: Pre-Suit Notification of Federal Telemarketing Law Violation
To: Barry Shargel <barry@centuryrelief.com>, Emil Yashayev
<emil@centuryrelief.com>

---------- Forwarded message ---------
From: **Andrew Heidarpour** <aheidarpour@hlfirm.com>
Date: Tue, Apr 21, 2020 at 10:55 AM
Subject: Re: Pre-Suit Notification of Federal Telemarketing Law Violation
To: troy@centuryrelief.com <troy@centuryrelief.com>, louis@centuryrelief.com <louis@centuryrelief.com>, adam@centuryrelief.com <adam@centuryrelief.com>, terrell@centuryrelief.com<terrell@centuryrelief.com>, grace@centuryrelief.com <grace@centuryrelief.com>


Hi, my firm previously sent correspondence regarding violations of the TCPA, but have yet to receive a response.

Was my prior correspondence received?

Regards

----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-memqfrgt.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Heidarpour
**Sent:** Tuesday, April 14, 2020 1:56 PM
**To:** troy@centuryrelief.com <troy@centuryrelief.com>; louis@centuryrelief.com <louis@centuryrelief.com>; adam@centuryrelief.com <adam@centuryrelief.com>; terrell@centuryrelief.com <terrell@centuryrelief.com>;grace@centuryrelief.com <grace@centuryrelief.com>.
**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**


----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

\<Outlook-irbskhz3.png\>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


--
Best Regards,

Emil Yashayev
Chief Financial Officer
Direct: 718-864-1216 | Fax: 800-660-5292
Email@centuryrelief.com | www.centuryrelief.com

Disclaimer: This email and any files transmitted with it are confidential, may be privileged, and are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.


...

[Message clipped]  View entire message



**Josh Thomas <joshualthomas@gmail.com>** 12:07 PM (50 minutes ago)

 to Robert

Got both thanks.

Joshua Thomas, Esq.

CONFIDENTIALITY NOTICE: UNAUTHORIZED INTERCEPTION IS PROHIBITED BY
FEDERAL LAW [Electronic
Communication Privacy Act of 1986, 18 U. S. C. 2701(a) and 2702(a)]

<Outlook-memqfrgt.png>

This email message may contain legally privileged and/or confidential information. If you are
not the intended recipient(s), or the employee or agent responsible for delivery of this message
to the intended recipient(s), you are hereby notified that any dissemination, distribution or
copying of this e-mail message is strictly prohibited. If you have received this message in error,
please immediately notify the sender and delete this e-mail message from your computer.

**From:** Andrew Heidarpour
**Sent:** Tuesday, April 14, 2020 1:56 PM
**To:** troy@centuryrelief.com <troy@centuryrelief.com>; louis@centuryrelief.com <louis@centuryrelief.c
om>; adam@centuryrelief.com <adam@centuryrelief.com>; terrell@centuryrelief.com <terrell@centur

yrelief.com>;grace@centuryrelief.com <grace@centuryrelief.com>
**Subject:** Pre-Suit Notification of Federal Telemarketing Law Violation

**ATTN: LEGAL DEPARTMENT**

**Hi, my name is Andrew Heidarpour from Heidarpour Law Firm, PLLC. I am sending this correspondence on behalf of my client. Please review it at your earliest convenience.**

**Thank you**


----
Andrew Heidarpour
Heidarpour Law Firm, PLLC
www.HLFirm.com
AHeidarpour@HLFirm.com
[P] 202-234-2727

<Outlook-irbskhz3.png>

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


--
Best Regards,

Emil Yashayev
Chief Financial Officer
Direct: 718-864-1216 | Fax: 800-660-5292
Email@centuryrelief.com | www.centuryrelief.com

Disclaimer: This email and any files transmitted with it are confidential, may be privileged, and are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

# EXHIBIT C

| Name | Number of Cases in Jan-Mar |
|---|---|
| ABANTE ROOFER AND PLUMBING | 22 |
| SIDNEY NAIMAN | 16 |
| CRAIG CUNNINGHAM | 11 |
| KEITH HOBBS | 5 |
| MELINDA MICHELLE DOUGLAS | 5 |
| MARK AUSSIEKER | 4 |
| RICHARD WINTERS JR | 4 |
| TRACY L WORSHAM | 4 |
| DEBORAH SCHICK | 3 |
| DON HILDRE | 3 |
| LALA SLOATMAN | 3 |
| LOUIS JOHNSON | 3 |
| MARK METZLER | 3 |
| MELISSA MEYER | 3 |
| NICOLE L BOETTGER | 3 |
| SHARON TULLOCH | 3 |
| THANE CHARMAN | 3 |
| ABLE HOME HEALTH | 2 |
| ADRIANA BARBIERI | 2 |
| ANTHONY ROBINSON | 2 |
| BRANDON CALLIER | 2 |
| CANDY WORKMAN | 2 |
| DANIEL DECLEMENTS | 2 |
| DARREL DRESSEL | 2 |
| DAVID WEISBERG | 2 |
| DEIRDRE MILLER | 2 |
| ERIKA L GRUENERT | 2 |
| GEORGE MOORE | 2 |
| JASON LATHEM | 2 |
| JAYSON ROGERS | 2 |
| JENNIFER CARRERA | 2 |
| JESANIEL MARRERO | 2 |
| JOHN NICHOLS | 2 |
| JOSEPH BOND | 2 |
| JOUREY NEWELL | 2 |
| KELLY D CRUMBY | 2 |
| KIMBERLY SHEARS-BARNES | 2 |
| LADARRIUS COOLEY | 2 |
| LAKISHA LONG | 2 |
| LOUIS FLOYD | 2 |
| MARK B ARONSON | 2 |
| MICHAEL C WORSHAM | 2 |
| MOHAMED ELHENDI | 2 |
| MONIQUE M WRIGHT | 2 |
| OUSSAMA ISSA | 2 |
| PAUL SUSHEREBA | 2 |
| RYAN TURIZO | 2 |
| SCOTT M RUNYON | 2 |
| TASHIA TASCHLER | 2 |
| WARREN SPIES | 2 |
| YVETTE GRIFFIN | 2 |

NUMBER OF CASES IN JAN-MAR