IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JAMES EVERETT SHELTON**,

    *Plaintiff,*

  v.

**FCS CAPITAL LLC, et al.**,

    *Defendants.*

Case No. 2:18-cv-03723-JDW

## MEMORANDUM

For the third time, Defendants FCS Capital LLC, Emil Yashayev, and Barry Shargell (collectively, "FCS") try to avoid the judgment that this Court entered against them after they failed to respond to a motion for summary judgment. For the third time, they fail. They base this effort on transcripts that they have obtained of Plaintiff James Everett Shelton discussing his litigation strategy. But they have not shown that those transcripts are admissible or relevant. They therefore do not justify reconsideration. FCS also has not shown that the transcripts or anything else justifies putting a hold on Mr. Shelton's efforts to execute on the judgment in this case.

**I.     BACKGROUND**

    **A.     History Of This Litigation**

Mr. Shelton sued FCS for violating the Telephone Consumer Protection Act, 47 U.S.C. § 277, its implementing regulations, and the Pennsylvania Telemarketer Registration Act, 73 P.S. § 2241 *et seq*. FCS did not participate in discovery in the case. On October 8, 2019, Mr. Shelton filed a motion for summary judgment. (ECF No. 41.) He relied in substantial part on requests for

admission to which FCS had not responded and which the Federal Rules of Civil Procedure therefore deemed admitted. FCS did not respond to the summary judgment motion.

On December 11, 2019, the Court granted Shelton's summary judgment motion in part. It did so after treating the facts in Shelton's Statement of Undisputed Material facts as undisputed, given the lack of a response. The Court concluded that those undisputed facts established a violation of the TCPA but that Pennsylvania law did not create a private right of action under the PTRA. (ECF No. 47). The Court therefore awarded Mr. Shelton statutory damages of $54,000. (ECF No. 48.) The Court entered judgment on December 13, 2019. (ECF NO. 49.)

FCS has tried several times to undo the judgment against them. On January 27, 2020, it filed a motion to reconsider. (ECF No. 50.) In that Motion, FCS sought to make factual arguments to challenge the grant of summary judgment. The Court denied that Motion. (ECF No. 51.) Around the same time, FCS joined as plaintiffs in a separate action asserting that Mr. Shelton and his company Final Verdict Solutions violated RICO in their pursuit of this litigation. *See Jacovetti Law, P.C. et al. v. Shelton et al.*, Case No. 2:20-cv-00163. Although FCS originally joined that case, they later dropped out as plaintiffs, apparently to avoid any *res judicata* effects.

On May 25, 2020, Mr. Shelton filed a motion to compel responses to discovery in aid of execution that he served on FCS. Because the motion represented that FCS had not responded to the discovery at all, the Court granted the motion the next day pursuant to Local Rule of Civil Procedure 26.1(g). FCS then filed two motions, one seeking reconsideration of both the judgment and the order compelling responses to post-judgment discovery and a second seeking a preliminary injunction to halt discovery in aid of execution.

### B.   The Transcripts

FCS has submitted to the Court a transcript of audio recordings. The transcripts have a date of May 15, 2020, and have a case caption from a case in the Court of Common Pleas for Cuyahoga County, Ohio. However, nothing on the transcript indicates the date of the conversations, who made the recordings, the circumstances of the conversation recorded, or how the recordings were made. In the conversations, Mr. Shelton appears to do the following:

- Explain his process for executing on judgments that he obtains,

- Describe how he determines whether potential defendants have sufficient assets to satisfy a judgment; and

- Discusses communications he might have with other potential TCPA plaintiffs about a potential defendant.

## II.   ANALYSIS

### A.   Reconsideration Of Judgment

FCS point to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3) as a basis for the Court to reconsider the judgment that it entered in this case. A court may grant a Rule 60(b) motion only in extraordinary circumstances, but different standards apply to the different paragraphs of the Rule.

#### 1.   Rule 60(b)(2)

Rule 60(b)(2) provides that a court may relieve a party from a final judgment due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The Rule requires that the new evidence "(1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the

outcome of trial." *Compass Tech., Inc. v. Tseng Labs, Inc.*, 71 F.3d 1125, 1130 3d Cir. 1995) (quote omitted). The new evidence must be "both credible and admissible." *Brown v. United States* No. CIV. 10-2784 JBS, 2012 WL 2132449, at *3 (D.N.J. June 12, 2012); *see also Goldstein v. MCI WorldCom,* 340 F.3d 238, 257 (5th Cir.2003); *U.S. v. McGaughey,* 977 F.2d 1067, 1075 (7th Cir.1992).

The transcript that FCS identifies does not satisfy the standard of new evidence under Rule 60(b)(2). First, FCS has not shown that the transcribed conversations are admissible evidence. Under Fed. R. Evid. 901, FCS must show that the transcript actually describes a complete conversation in which Shelton participated. It has not done so. Indeed, the Court has no way of knowing from the record before it that the transcribed recordings are authentic.

Second, FCS have not shown that the recorded conversations are material or would have changed the outcome. Even taken in the light most favorable to FCS (which is not the applicable standard), the recordings demonstrate that Mr. Shelton sues only parties from whom he can collect a judgment and that he shares information about those parties. Neither of those facts has any bearing on whether FCS violated the TCPA by using an automatic telephone dialing system to call a cellphone in violation of 47 U.S.C. § 227(b). Nor do they have any bearing on whether FCS violated Section 227(c) by calling a residential telephone subscriber who registered his or her number with the national Do-Not-Call registry. Because the recordings do not shed light on any fact that is "of consequence in determining the action," they are not relevant. *See* Fed. R. Evid. 401(b). They therefore cannot satisfy Rule 60(b)(2).

FCS also offers arguments about why the Court should have reached a different conclusion when it analyzed Mr. Shelton's summary judgment motion, including that Mr. Shelton's phone number is not residential and that Mr. Shelton expressed a desire to have FCS contact him. FCS

could have discovered all of that information before the summary judgment motion if it had participated in discovery in this case. It cannot now reargue the facts that it conceded by failing to respond to the summary judgment motion.

### 2. Rule 60(b)(3)

Rule 60(b)(3) permits a court do so for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). The standard is an exacting one, and it requires a movant to prove fraud by clear and convincing evidence. *See Gibson v. Beard*, No. 2:10-cv-0455, 2019 WL 6907399, at * 3 (E.D. Pa. Dec. 19, 2019).

Although FCS invoke Rule 60(b)(3), they make no argument about any fraud or misrepresentation that Mr. Shelton made. The transcribed recordings on which FCS rely do not demonstrate fraud or misrepresentation. They only show that Mr. Shelton views litigation through a pecuniary lens. Some people might consider that unseemly, but it is not fraudulent. Nor does it demonstrate misconduct on Mr. Shelton's part. In creating a private right of action under the TCPA, Congress chose to incent private litigants to enforce the law, rather than having government regulators do it. The fact that Mr. Shelton and other litigants respond to the economic incentives that Congress created is not evidence of misconduct.

### B. Reconsideration Of Discovery Order/Emergency Relief

FCS must respond to Mr. Shelton's efforts to execute on the judgment in this case, including by responding to discovery in aid of execution. Under Local Rule of Civil Procedure 26.1(g), when a party does not respond to discovery, the Court can summarily grant a motion to

compel. Here, Mr. Shelton filed a Motion demonstrating that FCS did not respond to the discovery that Mr. Shelton served on it. So the Court granted the Motion.

It its reconsideration motion, FCS suggests that it had a right to respond under "FRCP 7(d)," which FCS cite as allowing 21 days to respond to a motion. The Court finds the argument puzzling because **there is no Federal Rule of Civil Procedure 7(d).**. Rule 7 only has a subpart (a) and a subpart (b). The Court does not know what FCS relied on when it drafted its brief, but it was not Federal Rule 7.

FCS also claims that it objected to Mr. Shelton's discovery and that the discovery was "attached to Plaintiff's motion as part of the email chain." (ECF No. 58 at 8.[1]) But FCS do not point the Court to the objection on which they rely. FCS's argument makes no sense. The "email chain" to which FCS refer is Exhibit 4 to Mr. Shelton's Motion to Compel (ECF No. 54-4.) In that chain, Mr. Shelton's counsel summarizes a conversation with FCS's counsel, in which he relates, "You [FCS's counsel] have stated that your clients will not provide responses to Shelton v FCS post-judgment discovery because they believe they have other options and meritorious defenses to the underlying claims." (ECF No. 54-4 at 5.) But nothing before the Court suggests that FCS served responses to the post-judgment discovery that Mr. Shelton served or otherwise did anything to preserve its objection. The Court sees no reason to revisit its prior order compelling responses to this discovery.

Finally, the Court will deny FCS's request for a preliminary injunction to prevent Mr. Shelton from executing on his discovery. That request fails for a number of reasons. Among them:

---

[1] The reconsideration motion does not have page numbers, so the Court's citation is to the eighth page of the pdf.

- In light of the Court's analysis of FCS's reconsideration motion, FCS cannot demonstrate a likelihood of success on the merits needed to obtain preliminary injunctive relief;

- FCS cannot show the good cause needed to obtain a protective order under Rule 26(c) (which is the rule on which FCS should have relied in seeking relief from discovery);

- If FCS wants to stay execution of the judgment in this case, it must follow Federal Rule of Civil Procedure 62, not seek preliminary injunctive relief; and

- Third Circuit law provides that a "decree cannot enjoin conduct about which there has been no complaint" (*see United States v. Spectro Foods Corp.*, 544 F.2d 1175, 1180 (3d Cir. 1976), and FCS do not have a pending complaint about any conduct in this case.

## III.  CONCLUSION

FCS chose not to participate in discovery and chose not to respond to the motion for summary judgment in this case. They have to live with the consequences of those choices, including the judgment that the Court entered against them. Nothing in their Motions absolves them of that obligation. The Court will deny their motions to reconsider and for preliminary injunctive relief. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

June 17, 2020