**REO LAW LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON | : |
| Plaintiff | : No. 2:18-cv-03723-JDW |
| | : |
| v. | : |
| | : Honorable Joshua D. Wolson |
| FCS CAPITAL LLC, BARRY SHARGEL, and EMIL YASHAYEV | : |
| | : |
| Defendants | : |
| | : |

## PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT

Plaintiff, by and through the undersigned counsel, hereby avers as follows in support of his Motion:

**1.** The Court granted Plaintiff's Motion for Summary Judgment and entered judgment in favor of Plaintiff and against Defendants in the amount of $54,000.00 on December 11, 2019. See ECF No. 38.

**2.** Defendants have paid zero dollars [$0.00] towards satisfaction of the judgment.

**3.** On April 1, 2020, Plaintiff served Fed. R. Civ. P. 69 post-judgment discovery requests upon Defendants Barry Shargel and Emil Yashayev.

**4.** Defendants failed to provide any responses to these requests whatsoever.

1

5.      After the time to respond to the requests expired, Plaintiff filed a motion to compel such responses, pursuant to Fed. R. Civ. P. 37 and 69. Plaintiff sought Defendants' responses to his post-judgment discovery requests, so that he can collect on the judgment.

6.      On May 26, 2020, this Court issued an Order which required Defendants to respond to the outstanding discovery requests, on or before June 1, 2020. See ECF No. 55, Exhibit "A".

7.      Instead of complying with the Court's Order, Defendants filed a Renewed Motion to Reconsider Pursuant to F.R.C.P. 60(b)(2) on June 1, 2020 (ECF No. 56) and also filed a "Motion for Emergency Injunctive and Declaratory Relief pursuant to Rule 65(a) and Local Rule 65.1 (ECF No. 57), seeking to vacate and the underlying judgment in this matter, and seeking a stay and/or reconsideration of the Court's order compelling post-judgment discovery (May 26, 2020, ECF No. 55).

8.      Plaintiff filed his oppositions to Defendants' meritless motions on June 11, 2020.

9.      On June 17, 2020, the Court denied Defendants' motion for reconsideration and Defendants' Motion for Emergency Injunctive and Declaratory Relief. See ECF No. 61.

10.      On June 17, 2020, Plaintiff's counsel wrote to Defendants' counsel, Joshua L. Thomas, Esquire via e-mail, stating that Plaintiff would allow Defendants an additional seven (7) days to respond to the post-judgment discovery requests. A true and correct copy of the e-mail is attached hereto as Exhibit "B".

11.      Defendants' counsel ignored the e-mail.

12.      As of the date of this filing, Defendants have brazenly have refused to comply with the Court's May 26, 2020 Order compelling post-judgment discovery responses, and are each individually and separately in contempt of court.

13.     Defendants recently filed a Notice of Appeal of the Court's June 17, 2020 Order (ECF No. 62), however, no stay of execution of the judgment or the Court's May 26, 2020 Order has been granted.

14.     In the absence of any responses to Plaintiff's post-judgment discovery requests, he cannot collect on the judgment. As such, Plaintiff respectfully requests that the Court hold Defendants Barry Shargel and Emil Yashayev each in contempt, and issue whichever penalties it deems appropriate, including but not limited to, monetary sanctions (payable to Plaintiff).

15.     Plaintiff requests that Defendants be ordered to pay Plaintiff his reasonable attorney's fees and costs for preparing and presenting the instant Motion for Contempt.

16.     This Court has broad discretion to impose an appropriate penalty for civil contempt. Accordingly, for the reasons set forth above and in Plaintiff's memorandum of law, this Court should hold Defendants in contempt of court, order Defendants Shargel and Yashayev to pay Plaintiff's reasonable attorney's fees and costs incurred, and further sanctioning Defendants Shargel and Yashayev the amount of $100.00 (payable to Plaintiff) for each and every day the contempt continues.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant his Motion holding Defendants Barry Shargel and Emil Yashayev in contempt, and issue whichever penalties it deems appropriate.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO

Dated: June 29, 2020      **REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E):  Reo@ReoLaw.org

3

Reo Law LLC
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON | No. 2:18-cv-03723 |
| Plaintiff | |
| v. | Honorable Joshua D. Wolson |
| FCS CAPITAL LLC, BARRY SHARGEL, and EMIL YASHAYEV | |
| Defendants | |

## MEMORANDUM OF LAW:

Plaintiff hereby respectfully files this memorandum of law in support of his Motion for Contempt against Defendants Barry Shargel and Emil Yashayev for failure to comply with this Court's May 26, 2020 Order.

## I.    MATTER BEFORE THE COURT

Plaintiff/Judgment Creditor James Everett Shelton's Motion to Hold Defendants in Contempt.

## II.    STATEMENT OF QUESTION INVOLVED

   **a.** Should Defendants/Judgment Debtors Barry Shargel and Emil Yashayev be held in contempt of court for failure to comply with the Court's May 26, 2020 Order?

   *Proposed Answer: YES*

**b.** Should Defendants/Judgment Debtors Barry Shargel and Emil Yashayev be required to pay Plaintiff's attorney fees and costs incurred in bringing the instant Motion for Contempt?

*Proposed Answer: YES*

**c.** Should Defendants/Judgment Debtors Barry Shargel and Emil Yashayev be sanctioned in the amount of $100.00 (payable to Plaintiff) for each and every day they remain in contempt of this court?

*Proposed Answer: YES*

## II.   <u>Legal Argument</u>

There is no question that Plaintiff can meet his burden here of establishing that Defendant

is in contempt of this Honorable Court's May 26, 2020 Order:

> Proof of contempt requires a movant to demonstrate "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak*, 595 F. 3d at 485 (internal quotation omitted); *Roe*; 919 F. 2d at 871. These elements "must be proven by 'clear and convincing' evidence, and ambiguities must be resolved in the favor of the party charged with contempt." *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3rd Cir. 2003). Although courts should hesitate to adjudge a defendant in contempt when " 'there is ground to doubt the wrongfulness of the conduct,'" *Robin Woods Inc. v. Woods,* 28 F.3d 396, 399 (3rd Cir. 1994) (quoting *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974 (3rd Cir. 1982)), an alleged contemnor's behavior need not be willful in order to contravene the appliable decree, *John T.*, 318 F. 3d at 552; *Harley-Davidson*, 19 F.3d at 148-49. In other words, "good faith is not a defense to civil contempt." *Robin Woods*, 28 F.3d at 399.

*F.T.C. v. Lane Labs- USA, Inc.*, 624 F.3d 575, 582 (3rd Cir. 2010).

Here, all three prongs are beyond dispute. A valid court order exists (May 26, 2020, ECF No.

55). Defendants received notice via the Court's ECF system to their counsel of record, Joshua L.

Thomas, Esquire. Defendants demonstrated they had actual knowledge of the Order when they

sought reconsideration of said Order on June 1, 2020. ECF No. 56. Defendants have clearly

displayed disobedience of this order and as of the date of this filing, Defendants have not

requested an extension of time to comply, have not stated that they intend to cooperate, and have not indicated in any manner that they will comply in the future.

Accordingly, there can be no dispute that all three (3) factors have been met, and Defendants Shargel and Yashayev are both individually in contempt for willfully disobeying this Court's Order. Defendants sought relief from the Court's Order, and their motion was denied on June 17, 2020. Since that time, Defendants have still refused to comply. Such conduct shows a willful disregard of this Court's process. It is respectfully submitted that an Order of contempt against Defendants Shargel and Yashayev is warranted under the circumstances.

**b. *Requested Relief*.**

Fed.R.Civ.P. 37(b)(2)(A) sets forth certain sanctions which the Court may Order where a party fails to obey a discovery Order. These include:

> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The fact that final judgment in this action has been issued does not affect this Court's power to hold Defendants in contempt. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456 (1990) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."), *citing United States v. Mine Workers,* 330 U.S. 258, 294, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947) ("Violations of an order are punishable as criminal contempt even though… the basic action has become moot").

6

Here, Defendants failed to obey this Court's May 26, 2020 Order and are clearly in contempt. In *U.S. v. Harris*, 582 F.3d 512, 514-15 (3rd Cir. 2009), the Court discussed the nature of civil contempt penalties:

> Civil contempt orders are intended to be coercive or compensatory in nature, and do not require, *inter alia*, a jury trial. Rather, civil contempt is imposed by the judge upon a finding that one has failed to comply with a valid court order. *See Shillitani v. United States*, 384 U.S. 364, 370-71, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966) ("The conditional nature of the imprisonment based entirely upon the contemnor's continued defiance justifies holding civil contempt proceedings absent the safeguards of indictment and jury, provided that the usual due process requirements are met.") (internal citations and quotations omitted); *Bagwell*, 512 U.S. at 827, 114 S. Ct. 2552 ("[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are *515 considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.").

> With civil contempt, the contemnor will be released subject to compliance with some condition. He is thus understood, in a by-now familiar observation, to "carr[y] the keys of his prison in his own pocket." *Bagwell*, 512 U.S. at 828, 114 S. Ct. 2552 (internal citations and quotations omitted). At the same time, the civil contempt power is regarded as "uniquely ... liable to abuse" because such "proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct." *Id.* at 831, 114 S. Ct. 2552 (internal citations and quotations omitted).

Plaintiff's goal in filing this motion is not to obtain an unjust enrichment. Plaintiff simply wants to ensure that he will be able to collect on his money judgment. Under these circumstances, a monetary sanction of $100.00 per day payable to Plaintiff until Defendants purge themselves of contempt and/or satisfied the entire outstanding judgment would be warranted. *See e.g.*, *Chao v. Koresko*, 2005 WL 252188, at *7 (3rd Cir. 2005) (emphasis added) ("But the provision that Respondents cite speaks only to the authority of the Secretary of DOL to assess civil penalties against ERIAS plan administrators; nowhere does it evince an intent to limit a district court's discretion to fashion appropriate remedies in contempt

proceedings. We conclude that the ***$250 per day*** fine imposed by the District Court in this case was well within the District Court's discretion."); *Simpson v. Andrew L. Capdeville, P.C.*, 2016 WL 1592411, at *3 (V.I. 2016)(emphasis added)("On September 24, 2013, the Superior Court again awarded Capdeville $10,000 in punitive damages, and fined Simpson $165,800 for contempt – constituting ***$100 per day*** for the 1,658 days that Simpson failed to take down the websites…."); *In re Thomas,* 2000 WL 341020, at *5 (Bkrtcy. E.D.Pa 2000)(emphasis added) ("Until CLC purges itself of the contempt by paying the amounts required by the December 20 Order plus 10% interest from December 20, 2019 until the date of payment on the principal amounts of $3,750 and $1,250, a fine of ***$100 per day*** shall be imposed."); *Loftus v. Southeastern Pennsylvania Transp. Authority*, 8 F.Supp.2d 464, 466 (E.D.Pa1998)(emphasis added) (ordering attorney held in contempt to "pay to the Court ***$100 per day*** for each day he does not pay the sanctions…"); *Transportes Aereos de Angola v. Ronairs, Inc.*, 104 F.R.D. 482, 504 (D.C. Del. 1985) (emphasis added)("Winfield is found to be in civil contempt of court. If Winfield fails to appear for, or fails to cooperate in, the scheduled resumption of his deposition, he *will be* fined **$100 for each day** that he does not appear for or cooperate in the taking of his deposition."); *Koury v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helper of America*, 69 F.R.D. 474, 477 (E.D. Pa 1975)(emphasis added) (ruling that attorney was "in contempt of this Court and shall pay a final of ***$100 per day*** for each day that he fails to comply."); *Schall v. Ronak Foods*, Case No. 2:19-cv-01463-JDW, (E.D.Pa 2020) (fining Defendant **$100 per day** Defendant failed to comply with post-judgment discovery order).

Finally, Defendants recently filed a Notice of Appeal of the Court's June 17, 2020 Order denying Defendants' Motions for Reconsideration and Emergency Injunctive and Declaratory

Relief. Said appeal is without merit. An appeal of the Court's order does not have the effect of staying execution of the judgment, or staying enforcement of the Court's May 26, 2020 Order compelling post-judgment discovery. As such, the Notice of Appeal does not in any way effect this Court's ability to hold Defendants in contempt.

## III.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an Order granting his Motion holding Defendants in contempt; and issue sanctions in the amount of $100 per day (payable to Plaintiff) for each day Defendants remain in Contempt of this Court. Plaintiff further requests an award of attorney's fees and costs incurred in bringing the instant Motion, and for further such relief as his Court deems just and appropriate.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO_____

Dated: June 29, 2020            **REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Everett Shelton*

## CERTIFICATE OF SERVICE

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on June 29, 2020, I submitted Plaintiff's Motion for Contempt, Memorandum of Law in support, Exhibits, and Proposed Order to the Court's Electronic Filing System, which should automatically provide notification to all attorneys of record that said filing has been submitted.

Dated:  June 29, 2020

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for James Everett Shelton*