**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES SHELTON** | Case No. 2:18-cv-03723 |
| | Hon. JOSHUA D. WOLSON |
| Plaintiff, | |
| v. | |
| **FCS CAPITAL LLC et al.** | |
| Defendant. | |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for James Shelton*

---

**PLAINTIFF'S MOTION FOR SANCTONS**
**(ORAL ARGUMENT NOT REQUESTED)**

---

NOW COMES James Everett Shelton ("Shelton") (hereinafter "Plaintiff"), and hereby propound upon FCS Capital LLC ("FCS"), Barry Shargel ("BS"), and Emil Yashayev ("EY"), (collectively "Defendants"), and this Honorable Court Defendants James Everett Shelton's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37:

1.  For the reasons set forth in Plaintiff's brief accompanying this motion, Defendants are liable to Plaintiff for sanctions pursuant to Fed. R. Civ. P. 37 for the costs and attorney's fees associated with Plaintiff procuring the granting of an order compelling post-judgment discovery and the costs and attorney's fees associated with defending against Defendants' motion for a

preliminary injunction which could be seen as a de facto motion for a protective order, as well as the frivolous conduct Defendants engaged in by seeking relief under FRCP 7(d).[1]

WHEREFORE, Defendants pray that this Honorable Court will award sanctions [in an amount to be proven/demonstrated at a hearing on this Motion] against Defendants in favor of Plaintiff James Everett Shelton and payable to Reo Law LLC for costs and fees directly resulting from the Defendants' non-compliance with the Federal Rules of Civil Procedure as they relate to discovery and post-judgment discovery, and their flagrant non-compliance with Court orders compelling discovery.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for Plaintiff James Everett Shelton*

Dated:  June 29, 2020

---

[1] As the court [correctly] noted in its order denying the Defendants' motion for reconsideration, there is no such thing as Federal Rule of Civil Procedure 7(d).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SHELTON** | Case No. 2:18-cv-03723 |
| | Hon. JOSHUA D. WOLSON |
| Plaintiff, | |
| v. | |
| **FCS CAPITAL LLC et al.** | |
| Defendant. | |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for James Shelton*

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION
## FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37

For the sake of brevity Plaintiff will simply refer this Honorable Court to its own docket which reveals that the Court granted a motion compelling post-judgment discovery in favor of Plaintiff on 5/26/2020 [docket entry ECF # 55] with the order that the discovery be responded to on or before 6/1/2020.

Defendants have not responded in any manner but rather have filed frivolous and untimely motions for reconsideration, motions for preliminary injunction, and now a notice of appeal from the [proper] denial of the untimely motion for reconsideration.

Plaintiff has incurred, and is entitled to recover, costs [including attorney's fees] for the costs and fees associated with obtaining the granting of a motion to compel discovery and the costs and fees associated with defending against an opponents attempt to defeat the motion to compel or to obtain a protective order. Defendants have essentially pursued a de facto protective order in the form of a motion for reconsideration and a motion for a preliminary injunction, and a motion for relief under Rule 7(d)[2]

Federal Rule of Civil Procedure 37 is abundantly clear. Rule 37(5)(A) provides-

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed— the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Here the Plaintiff, as movant, attempted in good faith to resolve the dispute without court intervention, the opposing party made no objection or even a response and simply did not respond to the request for discovery, and there is no other circumstance or basis that would make award of expense unjust. Defendants position for not cooperating with discovery can be summed up as, "we believe we have other remedies available" and then proceeding to file an untimely

---

[2] Plaintiff is still uncertain as to what precisely was sought by Defendants via Rule 7(d) because, as noted by this Court, no such rule exists.

4

motion for reconsideration, an absurd motion for a preliminary injunction[3], and request for relief under Rule 7(d).

Plaintiff respectfully move this Court to hold a hearing or to provide a schedule for Plaintiff to submit an invoice of costs and fees incurred associated with the obtaining of court intervention and the granting of the motion to compel post-judgment discovery.

The filing of a notice of appeal does not strip a trial court of jurisdiction to resolve post-judgment motions or to enforce or administer sanctions for the non-compliance with its post-judgment orders. Defendants' conduct has clearly been sanctionable per Rule 37 and this Court still has authority and jurisdiction to issue sanctions per Rule 37. Furthermore, the Defendants have not moved to stay execution of the judgment and there is no evidence they have offered to post a supersedeas bond in the amount of the judgment and thus they are not entitled to a stay.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Attorney for Plaintiff James Everett Shelton*

Dated: June 29, 2020

---

[3] Plaintiff believes it is frivolous for a party that has already lost on the merits to move for a preliminary injunction seeing as one of the factors for being granted a preliminary injunction is the likelihood of the moving party prevailing on the merits. It is difficult to prevail on the merits when one has already lost on the merits and the case is effectively closed and over except as to post-judgment motions. Defendants, when they moved for the preliminary injunction, tellingly cited no cases or proposition of law for a preliminary injunction being available as an equitable remedy to a moving party which had already lost on the merits of the underlying action.

# Certificate of Service

I, Bryan Anthony Reo, do hereby certify and affirm that a true and accurate copy of the foregoing document was submitted to the Court's Electronic Filing System on June 29, 2020, which should serve said document upon all attorneys of record for the instant civil action:

/s/ BRYAN ANTHONY REO

**REO LAW LLC**
By:  Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for Plaintiff James Shelton*