**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **JAMES EVERETT SHELTON**, |
| *Plaintiff,* |
| v. |
| **FCS CAPITAL LLC, et al.**, |
| *Defendants.* |

**Case No.  2:18-cv-03723-JDW**

## MEMORANDUM

This is the third time that James Everett Shelton has had to come to Court about Defendants' refusal to respond to discovery in aid of execution. For the third time, the Court's conclusion is the same: Defendants have to respond, without objection. Because Defendants have refused to honor the Court's prior orders, the Court will impose sanctions on them and require them to pay the attorneys' fees that Mr. Shelton has incurred in pursuit of discovery. It will also impose a contempt sanction on them of $100/day until they comply with the Court's Order that they respond to discovery in aid of execution.

## BACKGROUND

Mr. Shelton asserted violations of the Telephone Consumer Protection Act in this case. On October 8, 2019, Mr. Shelton filed a summary judgment motion. Defendants did not respond to the motion, for reasons that the Court has laid out elsewhere. *See Jacovetti Law, P.C. v. Shelton*, Case No. 2:20-cv-00163-JDW, 2020 WL 1491320, at *1-2 (E.D.Pa. Mar. 27, 2020). On December 11, 2019, the Court granted Mr. Shelton's motion. On December 13, 2019, the Court entered a $54,000 judgment for Mr. Shelton.

On January 27, 2020, Defendants moved for reconsideration of the Court's summary judgment decision. The Court denied that motion. In April 2020, Mr. Shelton served discovery in aid of execution. On April 1, 2020, he served requests for production, and on April 2, 2020, he served interrogatories. Defendants did not object to or respond to that discovery in the required 30 days. On May 25, 2020, after conferring with Defendant's counsel, Mr. Shelton filed a motion to compel. The motion attached emails demonstrating that Defendants had not responded to the discovery requests that they received. Pursuant to Local Rule of Civil Procedure 26.1(g), the Court granted that motion the next day and ordered Defendants to respond to the discovery without objection.

Defendants did not respond to the discovery, though. On June 1, 2020, Defendants filed a motion for reconsideration of both the summary judgment decision and the order compelling responses to the discovery in aid of execution. They also filed a motion for preliminary injunction, seeking to halt discovery in aid of execution. The Court denied both motions on June 17, 2020. Defendants still did not respond to discovery. On June 29, 2020, they appealed the Court's decision on the second reconsideration motion, including as to summary judgment and discovery in aid of execution. Defendants did not move for a stay of the Court's Order, however.

Also on June 29, 2020, Mr. Shelton filed a motion for sanctions per Rule 37 and a motion for civil contempt. Defendants filed a response on July 15, 2020. The Court held a hearing on July 17, 2020.

## ANALYSIS

### I.    JURISDICTION

As a general rule, an appeal divests a district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, district courts retain jurisdiction to

resolve issues about discovery in aid of execution where the judgment is not superseded. *See Louis Dreyfus Commodities Suisse, SA v. Fin. Software Sys., Inc.*, Civ. A. No. 14-5995, 2017 WL 2903150, at * 1, n.2 (E.D.Pa. July 7, 2017); *Printing & Paper Trades Aux. Workers v. Cuneo E. Press, Inc. of Pa.*, 72 F.R.D. 588, 590 n.1 (E.D.Pa. 1976); *see also N.L.R.B. v. Cincinnati Bronze, Inc.*, 920 F.2d 585, 588 (6th Cir. 1987); 20 Moore's Fed. Practice § 303.32(2)(b)(vi) ("Until the district court's judgment is superseded or stayed, the judgment is fully in effect and the district court retains authority to enforce the judgment.").

At the hearing on these motions, Defendants argued that because they have appealed the Court's denial of reconsideration on the motion to compel, jurisdiction over discovery in aid of execution rests with the Court of Appeals. But when the Court denied the reconsideration motion, it left in place its order requiring Defendants to answer the discovery. Defendants' appeal did not change that fact. If they wanted to stay discovery, they needed to seek a stay of the Court's order. And they had to do that in this Court in the first instance, not in the Court of Appeals. *See* Fed. R. App. P. 8(a). The Court therefore concludes that it has continuing jurisdiction to oversee discovery in aid of execution and to enforce its own orders.

## II.     RULE 37 SANCTIONS

Federal Rule of Civil Procedure 37(a)(5) requires a court to award reasonable expenses, including attorneys' fees, if it grants a discovery motion, unless the parties did not confer, the nondisclosure was substantially justified, or other circumstances make an award of fees unjust. "Substantially justified" means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure requirement." *See Junker v. Medical Components, Inc.*, Civ. A. No. 13-4606, 2020 WL 13082999,

at * 2 (E.D.Pa. Mar. 19, 2020). Rule 37(b)(2) provides that, where a party does not comply with a discovery order, a court may "issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

The Court concludes that Defendants' refusal to respond to discovery requires the entry of sanctions. The Court granted a motion to compel, and it reiterated its position when it denied the reconsideration motion. Defendants chose not to comply with the Court's Order. They have not shown that any of the exceptions under Rule 37(a)(5) applies. The parties conferred. Defendants' nondisclosure was not justified, let alone substantially justified. The Court entered judgment against Defendants, Rule 69 authorizes Mr. Shelton to take discovery in aid of execution, and he did so. While Defendants might have had a basis to object to some of the discovery requests in whole or part, they failed to make those objections in the 30 days that Rules 33 and 34 require. They therefore waived those objections. *See* Fed. R. Civ. P. 33(b)(4); *Harris v. PV Holding Corp.*, Civ A. No. 09-1568, 2009 WL 2600415, at *1 (E.D.Pa. Aug. 20, 2009); *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D.Pa. 1999).

Defendants have not identified any other circumstances that would make a sanctions award unjust. In particular, Defendants' appeal of the reconsideration decision does not qualify. If Defendants wanted a stay of the Court's Order, they had two options: (1) they could ask for a stay under Fed. R. App. P. 8; or (2) they could post a bond and stay all enforcement of the judgment under Fed. R. Civ. P. 62. They did neither. Their failure to pursue rights that the Rules grant to them negates any possibility that their appeal created a special circumstance.

Under the circumstances, the Court will require Defendants to pay Mr. Shelton's expenses incurred getting Defendants to comply with the discovery. That will include the time to prepare the motion to compel, the time to respond to the portions of the reconsideration motion that relate to discovery, and the time to prepare and argue these motions. It will also include time spent

meeting-and-conferring about these disputes and time spent preparing a fee petition. Although Mr. Shelton has provided some information to the Court, the Court directs that he file a fee petition that includes all time and expenses incurred.

## III.   CONTEMPT

"Contempt" means "disregard for, or disobedience of, the orders or commands of a public authority either legislative or judicial." *United States v. Baker Funeral Home, Ltd.*, 196 F. Supp.3d 530, 548 (E.D.Pa. 2016) (quote omitted). Civil contempt sanctions are "remedial in nature and designed to coerce compliance with a court or der or to compensate the injured party." *Id.* (citing *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990)). Even when civil sanctions coerce, they are designed to aid the complainant through ensuring that the contemnor adheres to the court's order. *See id.* (citing *Latrobe Steel Co. v. United Steelworkers of Am.*, 545 F.2d 1336, 1343 (3d Cir. 1976)).

A party seeking a civil contempt order must establish that (1) a valid order existed, (2) the person at issue had knowledge of the order, and (3) the person at issue disobeyed the order. *See John T. ex rel. Paul T. v. Del. County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). These elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt.  A court should not grant a contempt citation if there is a ground to doubt the wrongfulness of the party's conduct. *See Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995). Willfulness is not an element of contempt, nor does evidence of good faith bar a conclusion that a defendant acted in contempt. *See Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994).

Here, the facts establishing Defendants' contempt are not in dispute. The Court issued two valid orders, one compelling Defendants to respond to discovery and one denying the

reconsideration motion. Defendants were aware of those orders. Indeed, they could not have moved for reconsideration if they were not aware of the order compelling their responses, and they could not have appealed if they were not aware of the reconsideration decision. Yet they did not comply. They are therefore in contempt.

Defendants have offered three primary responses, but none justifies their conduct. First, they complain that the Court should not have granted the motion to compel without giving them a chance to respond to the motion. But Local Rule 26.1(g) is clear that courts can grant motions to compel "summarily" if the motion shows that a party has not responded to discovery. *See* L.R. Civ. P. 26.1(g). When Mr. Shelton filed the motion to compel, he put before the Court information showing that Defendants received discovery responses, that their response date and come and gone, and that they had not responded. That showing triggered Rule 26.1(g). In any event, disagreement with a court's decision is not a basis to refuse to comply.

Second, Defendants pointed to their appeal of the Court's order. Again, an appeal does not justify refusal to comply with a court order in the absence of a stay. If it did, stays would be unnecessary. Even if the Court believed Defendants that they were confused, it would not matter. Defendants' good faith is not a defense. And, in this case, the Court considers Defendants' position objectively unreasonable. The Federal Rules spell out the procedure for discovery in aid of execution, they specify how a party can stop execution pending an appeal, and they explain the process to get a stay of a ruling pending appeal. None of this was a mystery. Defendants and their counsel just did not take the time to figure them out.

Third, Defendants complain that the discovery was objectionable and that they intended to object. But Defendants waived the objections by not making timely objections. Incredibly, Defendants' counsel claimed at the hearing that he did not know that the failure to object would

result in a waiver. That position, too, is objectively unreasonable. The Federal Rules of Civil Procedure say it, as do legions of cases, including the ones cited above. Defendants plan to object at some indeterminate point in the future is not a basis for their failure to comply with the Court's Order.

The sanctions that the Court will impose will compensate Plaintiffs for the expenses they incurred. There is no need to pile on for that time. But a contempt sanction is appropriate to bring Defendants into compliance with the Court's Order. The Court will therefore fine Defendants $100 per day, from the date of this decision until they either post a bond pursuant to Rule 62 or comply with the Court's Order on the motion to compel.

## CONCLUSION

Defendants cannot pick and choose whether they want to comply with the Court's Order. They will have their chance to voice disagreement with the Court's decisions on appeal. In the meantime, if they want to stay execution of the judgment against them, they have to follow the Rules. Their repeated failure to comply with the Court's orders means that sanctions and a finding of contempt are appropriate. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: July 21, 2020