**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES SHELTON** | Case No. 2:18-cv-03723 |
| | Hon. JOSHUA D. WOLSON |
| Plaintiff, | |
| v. | |
| **FCS CAPITAL LLC et al.** | |
| Defendant. | |

**REO LAW, LLC**
By: Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Shelton*

---

### PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS TO POST-JUDGMENT DISCOVERY AND FOR DEFENDANTS TO BE SANCTIONED

---

Plaintiff and Judgment Creditor, James Everett Shelton, *by and through the undersigned counsel,* hereby bring the following Motion to Determine the Sufficiency of Defendants' Answers to Post-Judgment Discovery Requests and for Sanctions, and in support of his Motion avers as follows:

1. The Court entered judgment in favor of Plaintiff and against Defendants in the amount of $54,000.00 on December 11, 2019.

2. On April 1, 2020, Plaintiff's counsel served Defendants with post-judgment discovery requests, consisting of interrogatories and requests for production of documents in aid of execution. ECF No. 52.

3. The Court granted Plaintiff's Renewed Motion to Compel Post-Judgment Discovery on May 26, 2020, and entered an Order requiring Defendants to respond fully and completely, without objections, to Plaintiff's post-judgment discovery requests on or before June 1, 2020. ECF No. 55.

4. Defendants filed a Motion for Reconsideration of the Court's May 26, 2020 Order. ECF No. 56.

5. Defendants' Motion for Reconsideration was denied on June 17, 2020. ECF No. 61.

6. Defendants filed a Notice of Appeal of the denial of its Motion for Reconsideration on June 29, 2020. ECF No. 63.

7. Since Defendants failed to comply with the Court's May 26, 2020 Order, Plaintiff filed motions for contempt and for sanctions pursuant to Rule 37 on June 29, 2020.

8. The Court held a hearing on July 17, 2020, wherein the Court found it retained jurisdiction to enforce its post-judgment discovery order in aid of execution, despite the fact that Defendants appealed the Court's decision to the Third Circuit.

9. On July 21, 2020, the Court entered an Order finding Defendants in Contempt of Court, fining them $100.00 per day they failed to comply with the Court's May 26, 2020 Order compelling discovery in aid of execution, and awarding Plaintiff his attorney's fees incurred therein pursuant to Rule 37. See ECF No. 73.

10. On July 23, 2020 at 6:36 PM, Defendants submitted their responses to the Post-Judgment Interrogatories in Aid of Execution (attached as Exhibit B to the Renewed Motion to Compel,

ECF No. 54-2), however, both Defendants (Emil Yashayev and Barry Shargel) failed to make full and complete responses to the Interrogatories, without objection, as required by the Court's Order of May 26, 2020. See Exhibit 1- Email From Defense Counsel, a true and correct copy of Attorney Thomas's email to Plaintiff's counsel submitting discovery responses. See also Exhibit 9- Interrogatories to Yashayev and Exhibit 10- Interrogatories to Shargel.

11. Attached to the Defense Counsel's July 23, 2020 e-mail at 6:36 PM were twenty (20) PDF attachments, eighteen (18) of which were business bank statements for a checking account in the name of FCS Capital LLC at JPMorgan Chase Bank, N.A. ("Chase").

12. The remaining two (2) PDFs attached, titled "Barry Shargel Questions.pdf" and "Emil Yashayev Questions", contained Defendants' responses to Plaintiff's post-judgment interrogatories in aid of execution. A true and correct copy of Emil Yashayev's answers to interrogatories in aid of execution is attached as Exhibit 2- A true and correct copy of Barry Shargel's answers to interrogatories is attached as Exhibit 3 to this Motion[1].

13. ***However, Defendants Emil Yashayev and Barry Shargel produced zero responsive documents, relating to themselves individually, to Plaintiff's requests for production of documents in aid of execution*!**

14. Defendants failed to respond fully and completely to the Interrogatories attached as Exhibit B to the Renewed Motion to Compel (ECF No. 54-2), as required by the Court's May 26, 2020 Order (ECF No. 55).

### **Interrogatory Deficiencies**

---

[1] It should be noted that Defendants initially failed to swear that their responses were true and correct under penalty of perjury, as required by 28 U.S.C. § 1746. At the request of Plaintiff, Defendants subsequently provided a notary block wherein they notarized a written declaration under penalty of perjury that their responses were true and correct.

15. Defendant Emil Yashayev responded to Interrogatory 1 which requested basic personal information about the Defendant, but Defendant did not provide his date of birth, telephone number, or social security number.

16. Defendant Barry Shargel responded to Interrogatory 14, stating that he is self-employed with FCS Capital LLC, but does not state his average gross and net annual earnings.

17. Defendant Barry Shargel responded to Interrogatory 14, also stating he is self-employed (with FCS Capital LLC) and stated "No income as of now due to the global pandemic" but he did not state his average gross and net annual earnings.

18. Interrogatory 15 asks Defendants if they are associated with a business or professional partnership or joint venture. Defendants both answered "Not available at this time", which makes no sense because this is either a "Yes" or "No" question, and if "Yes", Defendants need to provide further details.

19. Interrogatory 16 asks about corporations in which Defendant(s) are principle owner(s). Defendants responded "Not available at this time".

20. Defendant Emil Yashayev responded to Interrogatory 17 "N/A" regarding what his gross taxable income was as shown by his federal income tax returns for the years 2016-2019. It is unclear from this response if Yashayev did not file federal income tax returns for these years, or if he is really claiming he earned no taxable income during these years.

21. Defendant Emil Yashayev responded to Interrogatory 19 which asks about Defendant's residence, and Defendant responded he is alone in his house, but does not provide the address of the house he is referring to.

22. Interrogatory 20 asks for Defendants' landlords' name and address(es), and this information was not provided by either Defendant. Furthermore, Defendant Emil Yashayev

states he does not pay rent, and Plaintiff would like to know who is allowing Defendant to reside at their house rent-free.

23. Defendants both responded "N/A" to Interrogatories 25 and 26 regarding owning or leasing motor vehicles. This response should be a "Yes" or "No" answer.

24. Defendants responded to Interrogatory 28, but neither Defendant disclosed owning any items worth more than $100.00. This information is crucial to Plaintiff's ability to recover on the judgment balance, but Defendants' disingenuous response prevents Plaintiff from doing so.

25. Defendant Emil Yashayev responded to Interrogatory 31 which requested information relating to any financial institutions where Defendant maintains checking, savings, or other depository accounts, stating that he "only [has] a checking account currently I have less than $100 in it". But Yashayev provides no additional details about the account such as the name of the bank, account number, bank statements, etc. This information is crucial to Plaintiff's ability to recover on the judgment balance.

26. Defendant Barry Shargel responded to interrogatory 31 stating he has an account at TD Bank, but provides no additional information such as account number, current balance, etc. and provided no bank statements. This information is crucial to Plaintiff's ability to recover on the judgment balance.

27. Defendants responded to Interrogatory 42 "N/A" regarding whether or not Defendants have any insurance policies against loss or damage to property (i.e. auto insurance). This seems to be a disingenuous response, because in order to operate a motor vehicle, a person is required by law to maintain valid auto insurance.

28. Interrogatory 62 asks if Defendants have any credit cards. Neither Defendant disclosed anything, which Plaintiff believes is a disingenuous response.

**Attempts to Meet and Confer Regarding Deficiencies**

29. On July 24, 2020 at 11:05 AM, Plaintiff's counsel e-mailed Defendants' counsel, identifying each of the deficiencies described above, requesting that Defendants address these deficiencies immediately. See Exhibit 4 Email to Josh Thomas Regarding Deficiency.

30. Eleven (11) minutes later, at 11:16 AM on July 24, 2020, Attorney Thomas responded to undersigned counsel's e-mail, stating that he would discuss the deficiencies with his clients on Monday [July 27, 2020] in good faith, prepare any responses, and have them to undersigned counsel by Wednesday, July 29th. See Exhibit 5- Email Response From Thomas Denying Deficiency.

31. On July 27, 2020 at approximately 11:00 AM, Plaintiff's counsel spoke with Attorney Thomas via telephone.

32. On July 27, 2020 at 2:26 PM, Plaintiff's counsel e-mailed Attorney Thomas, confirming the content of counsel's telephone conversation.

> "This is just to confirm the content of the conversation we had earlier today around 11:00 am EST wherein we agreed as follows.
>
> You will be conferring with your clients no later than Thursday to inquire with them regarding individual tax returns, individual bank statements, and information on individual credit cards, individual vehicles, individual rental/lease/real estate arrangements, and the other deficiencies that were detailed in the prior email on Friday July 24, 2020.
>
> We will expect and anticipate production of documents over the 14 days following your upcoming 7/30/2020 Thursday conferring with your clients. While not discussed on the phone call, but rather here and now, we will expect and anticipate production by 8/13/2020 at 5:00 pm EST. In essence, we are giving you a 14 day extension from 7/30/2020 to 8/13/2020."
>
> See Exhibit 6- Email to Thomas After Phone Call.

33. Notably, Plaintiff's counsel did not tell Attorney Thomas that he would be sending "follow-up questions" or "new discovery requests" to Defendants, as the previous discovery requests were clear and self-explanatory.

34. Defendants failed to supplement any of their discovery requests by August 13, 2020. On August 14, 2020, Attorney Thomas wrote to Plaintiff's counsel, stating that he could not use Plaintiff's counsel's prior e-mail [of July 24, 2020 at 11:05 AM] to discuss the identified deficiencies with his clients, because "it was not structured in such a way that I could go through new questions with my clients and make subsequent discovery requests. Without those new requests, I cannot perform my update discussion with my client today." See Exhibit 7- Email from Thomas Claiming Inability to Process.

35. On Monday, August 17, 2020, Plaintiff's counsel and Attorney Thomas had yet another telephone conversation, during which Plaintiff's counsel flatly told Attorney Thomas that no follow-up or "clarified" discovery requests from Plaintiff were forthcoming, and that Plaintiff regards the discovery requests as self-explanatory.

36. At Defense Counsel's request, Plaintiff's counsel re-sent his e-mail of July 24, 2020 at 11:05 AM to Defense Counsel, laying out each of the discovery deficiencies. See- Exhibit 8 Email Chain [showing majority of emails between both Plaintiff's Counsel and Defense Counsel, with the note that the email chain is not intuitive nor particularly easy to follow given the nature of replying to emails and initiating new emails over a period of approximately 45 days]

37. To date, Defendants have failed to supplement their responses, despite the fact that over one (1) month has now elapsed, with Plaintiff giving Defendants every opportunity to cooperate in good-faith.

## Relief Requested

38.     Based upon Defendants Emil Yashayev's and Barry Shargel's failure to comply with the Court's May 26, 2020 Order and failure to fully respond to the Post-Judgment interrogatories in aid of execution, Plaintiff files this Motion to Determine Sufficiency and asks the Court to determine that Defendants' discovery responses to the interrogatories mentioned above were insufficient.

39.     Based upon Defendants Emil Yashayev's and Barry Shargel's failure to comply with the Court's May 26, 2020 Order, Plaintiff seeks sanctions in the form of attorney's fees incurred pursuant to Rule 37(b)(2)(A)(vii) and/or Rule 37(b)(2)(C).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order directing the Defendants to fully and accurately respond to Plaintiff's Post-Judgment Interrogatories in aid of execution, and to produce all responsive documents to Plaintiff's requests for production in aid of execution, and seeks sanctions against Defendants for their failure to comply with the Court's Order of May 26, 2020, and for any further such relief as the Court deems appropriate.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo

Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for Plaintiff James Everett Shelton*

Dated:  August 27, 2020

## **CERTIFICATE OF SERVICE**

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on August 27, 2020, I submitted the foregoing to the Clerk of Court's Electronic Filing System, which should automatically provide notification to all attorneys of record that said filing has been submitted.

Dated: August 27, 2020

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Attorney for James Everett Shelton*