**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES EVERETT SHELTON**, *Plaintiff,* v. **FCS CAPITAL LLC, et al.**, *Defendants.* | Case No.  2:18-cv-03723-JDW |

## ORDER

**AND NOW**, this 1st day of September, 2020, upon consideration of Plaintiff's Motion to Determine the Sufficiency of Defendants' Answers to Post-Judgment Discovery and for Defendants to be Sanctioned (ECF No. 76), the Court notes as follows.

1. The Court ordered Defendants to respond to discovery in aid of execution, without objection, in an Order dated May 26, 2020 (ECF No. 54).

2. On June 17, 2020, the Court denied a motion to reconsider that Order (ECF No. 60).

3. Defendants have not moved to stay the Court's Orders compelling responses to discovery in aid of execution.

4. On July 17, 2020, the Court held a hearing to consider motions for sanctions and for contempt because Defendants had not responded to the discovery in aid of execution.

5. On July 21, 2020, the Court granted both motions (ECF No. 73).

6. On July 24, 2020, Defendants asserted to the Court that they responded to the discovery and that they considered the responses complete (ECF No. 74).

7. Defendants Barry Shargel and Emil Yashayev have submitted interrogatory responses that are, at best, short-winded, though they appear to the Court to be incomplete or inaccurate.

8. At this juncture, the Court cannot determine whether the responses are incomplete or merely terse. Although the Court could conduct a hearing to try to make a determination, such a hearing would be an inefficient use of Court resources.

9. Plaintiff has the option of taking Mr. Shargel's and Mr. Yashayev's deposition pursuant to Fed. R. Civ. P. 69. The most efficient way to proceed is for Plaintiff to take those depositions and determine whether any interrogatory answers were materially incomplete. If so, then Plaintiff can renew this Motion and seek fees both for the Motion and for the need to conduct a deposition to obtain information that he should have received in response to interrogatories.

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Determine the Sufficiency of Defendants' Answers to Post-Judgment Discovery and for Defendants to be Sanctioned (ECF No. 76) is **DENIED WITHOUT PREJUDICE**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.