IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SHELTON**<br><br>Plaintiff,<br>v.<br>**FCS CAPITAL LLC et al.**<br><br><br>Defendant. | Case No. 2:18-cv-03723<br><br>Hon. JOSHUA D. WOLSON |

**REO LAW, LLC**
By:  Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney for James Shelton*

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFENDANTS TO BE SANCTIONED FOR NON-PRODUCTION OF DOCUMENTS PER THE COURT'S ORDER

---

**A. Issues Presented:**

1. Should the Defendants be sanctioned pursuant to Rule 37 for their failure to respond to Plaintiff's requests for production, as per the Court's Order of May 26, 2020?

Suggested Answer: *Yes*.

2. Should the Court warn Defendants that their continued failure to comply with the Order of May 26, 2020 may result in additional sanctions and/or a finding of Contempt of Court?

Suggested Answer: *Yes.*

**B. Procedural Posture**

1

On or about April 1, 2020, Plaintiff served Defendants with Post-Judgment Requests for Production of Documents in Aid of Execution. Defendant did not respond to the Post Judgment Discovery requests, which resulted in Plaintiff filing a motion to compel. This Court GRANTED Plaintiff's Renewed Motion to Compel on May 26, 2020 and ordered Defendants to "respond, without objection, to the Interrogatories attached as Exhibit B to the Motion (ECF No. 54-2) and the Requests for Production attached as Exhibit C to the Motion (ECF No. 54-3) on or before June 1, 2020." See ECF No. 55.

On July 21, 2020, Defendants were found to be in Contempt of this Court's May 26, 2020 Order after a hearing held on July 17, 2020. Defendants were ordered to pay a fine into the Court's Registry in the amount of $100.00 per day they remained in non-compliance with the Court's May 26, 2020 Order. Defendants have failed to pay any money into the Court's Registry. In an attempt to circumvent, undermine, and defeat the ongoing contempt penalty and to undermine and feign compliance with the order compelling post-judgment discovery and the magnitude of the Rule 37 sanction granted, Defendants, through Counsel, filed a document [ECF No. 74] entitled "Certification of Joshua L. Thomas Regarding Discovery Responses" containing knowingly false statements in an attempt to avoid having to produce any responsive documents and to avoid incurring any penalty arising therefrom.

This document states, among other thing, "As of yesterday, July 23, 2020, all of the outstanding responses and been sent to the attorney for Plaintiff. (see Exhibit A)." which was stated at a time when Defendants and their counsel knew full well that virtually all requested documents were still outstanding, and had not been produced as of July 23, 2020. Indeed, as of the date of the filing of this motion, Defendants still have not produced the requested documents despite multiple attempts to resolve the issue via meet and confer involving numerous e-mails, a phone conference

between Plaintiff's Counsel and Defense Counsel on July 27, 2020, and an additional conference involving Plaintiff's Counsel, Plaintiff himself, and Defense Counsel on August 17, 2020.

On June 23, 2020 Defendants responded [albeit tersely and inaccurately] to the Interrogatories[1]. Defendants also produced Chase Bank statements for an account in the name of FCS Capital LLC. However, Defendants Yashayev and Shargel did not provide written responses to Plaintiff's requests for production, and Shargel and Yashayev produced no documents relating to themselves individually.

The document requested from Shargel and Yashayev individually are crucial to aid in the recovery of Plaintiff's judgment. Especially important are the following documents: Defendants' personal bank statements and cancelled checks (Doc. Request No. 1), Employer Identification Numbers ("EIN") for any and all businesses for which Defendants have an interest (Doc. Request No. 7), vehicle registration certificates (Doc. Request No. 9), payroll stubs (Doc. Request No. 12), personal income tax returns (Doc. Request No. 13), documents evidencing any mutual funds and/or shares of stocks owned by Defendants (Doc. Requests Nos. 16-17), lease agreements (Doc. Request No. 26), life insurance policies (Doc. Request No. 28-29), loan applications (Doc. Request No. 36), income sources (Doc. Request No. 61), and personal credit card statements (Doc. Request No. 62).

Indeed, Defendants did not even submit written responses to Plaintiff's requests for production, indicating that they either would produce responsive documents, or that no such documents exist. Plaintiff believes Defendants are refusing to produce these documents because

---

[1] The Court recently denied Plaintiff's Motion to Determine Sufficiency of Defendant's Post-Judgment Interrogatory Responses on September 1, 2020, albeit without prejudice. This Motion does not address the issue of deficient or inaccurate interrogatories response. This Motion is purely brought to address Defendants' failure to produce documents as ordered by the Court.

they will assist in the collection of the judgment, which Defendants have done everything in their power to resist paying. Defendants' failure to respond to the requests for production has prejudiced Plaintiff's ability to collect and execute upon the judgment.

### C. Relief Requested.

Based upon the nature of the discovery and the Defendants' intentional failure to provide documents relating to Defendants' assets and income, Plaintiff seeks another Order compelling Defendants to respond, fully and completely, without objection to the Requests for Production (ECF No. 54-3) within ten (10) days. Plaintiff further seeks sanctions under Fed.R.Civ.P. 37(b)(2)(A)(vii) and Fed.R.Civ.P. 37(b)(2)(C), to compensate Plaintiff for his attorney's fees and costs incurred herein in an amount to be determined by the Court, after a fee petition by Plaintiff. Finally, Plaintiff asks the Court to issue a warning to Defendants that their continued failure to comply with the Court's Orders of May 26, 2020 and July 21, 2020 may result in further sanctions and/or an order of Contempt of Court.

Fed.R.Civ.P. 37(b)(2)(A)(vii) allows the Court to treat as a contempt of court the failure to obey any order except an order to submit to a physical or mental evaluation. Plaintiff requests the Court find Defendants in Contempt (again) for their blatant failure to comply with the Court's May 26, 2020 Order.

Fed.R.Civ.P. 37(b)(2)(C) provides:

> *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

As Defendants have once again disobeyed an Order of the Court, Plaintiff seeks payment of his attorney's fees and costs incurred attempting to get Defendants to comply, meeting and conferring with Defendants' counsel, and in preparing and presenting this Motion. Defendants' failure to comply with the Court's May 26, 2020 Order is obvious, and there is no excuse. Plaintiff has been exemplary in his patience, giving Defendants every chance to cooperate and comply in good-faith. It is the Defendants, however, that have not acted in good-faith. Defendants have engaged in obstructive and dilatory conduct, doing everything in their power to avoid collection of the judgment. Plaintiff, however, will not give up enforcement efforts until the judgment is fully paid or a bond posted. Plaintiff therefore asks the Court to grant his Motion, order Defendants to pay Plaintiff's attorney's fees and costs, and warn Defendants that continued failure to comply with Court Orders may result in further sanctions and/or a finding of Contempt, upon application to the Court by Plaintiff, for hearing and good cause shown.

Plaintiff believes that at this stage the Court should give the Defendants an order to show cause in person as to why they should not be held in contempt for persistent non-compliance with the Court's previous orders. Defendants should have the choice of showing up at a show cause hearing and either providing all outstanding responsive documents or being held in contempt and punished as this Court deems fit and appropriate in light of the circumstances. Plaintiff is frankly tired of having to repeatedly come before the Court and impose upon the Court's time and make use of scarce judicial resources, to say nothing of the Plaintiff's time and resources, to get the Court to intervene again and again in what should be a simple and straightforward matter of post-judgment discovery. Plaintiff has no desire to continue to impose upon this Court, but Plaintiff is determined to collect on a duly rendered valid judgment and

collect in full. The choice of "produce the documents previously ordered produced or be held in direct contempt" will probably [or at least hopefully] shake the Defendants out of their intransigent complacency and cause them to take this matter seriously.

                                          RESPECTFULLY SUBMITTED,

                                          /s/ BRYAN ANTHONY REO_____

Dated: September 4, 2020        **REO LAW LLC**
                                          By:  Bryan Anthony Reo (#0097470)
                                          P.O. Box 5100
                                          Mentor, OH 44061
                                          (Business): (216) 505-0811
                                          (Mobile): (440) 313-5893
                                          (E):  Reo@ReoLaw.org
                                          *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on September 4, 2020, I submitted the foregoing to the Clerk of Court's Electronic Filing System, which should automatically provide notification to all attorneys of record that said filing has been submitted.

Dated: September 4, 2020

                                        /s/ Bryan A. Reo
                                        Bryan A. Reo, Esq.
                                        P.O. Box 5100
                                        Mentor, OH 44061
                                        (T): (216) 505-0811
                                        (E): reo@reolaw.org
                                        *Attorney for James Everett Shelton*