## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON<br>    Plaintiff | No.  2:18-cv-03723-NIQA |
| v. | |
| FCS CAPITAL LLC, ET AL.<br>    Defendants | |

## OPPOSITION TO THE MOTION FOR SANCTIONS AND MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY AND STAY FURTHER COLLECTION EFFORTS

Defendants, by and through the undersigned counsel, hereby bring the following motion for protective order and stay and oppose the motion for sanctions improperly filed on September 4, 2020 and state as follows:

1. As previously stated on July 24, 2020, All discovery responses were submitted to opposing counsel. (See Exhibit A).

2. What followed was a back and forth, where there were accusations made by Plaintiff's counsel, and Plaintiff directly, regarding the sufficiency of those claims. (See Exhibit B Email exchanges).

3. I stated, on numerous occasions, starting on July 24, 2020, that the additional requests, claimed to be "deficiencies" could not be responded to as merely a list of issues, and that **if** they were submitted as questions, we could simply respond to them as supplemental discovery responses. (See Exhibit B Email exchanges).

4. This was repeated again July 30, 2020, and our willingness to work together on resolving the perceived deficiencies.

5. My response was not only acknowledged by opposing counsel, but one of the perceived deficiencies requested, an updated signature page was soon sent out by him the same day, after acknowledging what I stated was needed. (See Exhibit B Email exchanges – specifically July 30, 2020 exchange).

6. That page was returned on August 3, 2020.

7. Then, after what appeared to be continued Good Faith on the part of Plaintiff, devolved again on August 14, 2020. (See Exhibit B Email exchanges – specifically August 14, 2020 exchange).

8. There was a discussion on August 17, 2020, and the same deficiencies were sent, with the intent to work on them and get the responses back to them by the end of the week, and that no collection efforts would be made during that time.

9. However, it became apparent that Plaintiff had not been working on good faith and behind the scenes, was already using the information sent him, by filing with the state court **the next day** to start collection efforts, contrary to that discussion. (See Exhibit C).

10. To make it worse, he claimed "service" would be made by sending it to my office, when he did not have permission from me to do so, nor that I would accept service for this new pleading.

11. However, nothing was sent to my office regarding this document, and instead, a lien was placed on Defendant's account for the entire judgment. (See Exhibit D).

12. At no point did I, nor my clients, receive notice of this collection effort, until September 21, 2020, when I received the **regular mail** notice, that included the writ of execution only; a month after the lien had been placed. (See Exhibit E and F).

13. Additionally, a judgment was just entered yesterday in the state court, without proper notice or a chance to defend, for Plaintiff against Defendants for part of the judgment. (See Exhibit C).

14. A few days after the collection effort was initiated, on August 27, 2020 a "MOTION for Sanctions AND TO DETERMINE SUFFICIENCY OF DEFENDANTS' ANSWERS TO POST-JUDGMENT DISCOVERY" was filed.

15. It was sua sponte denied on September 1, 2020.

16. In that order, the court stated a deposition should be ordered prior to a new motion for sanctions being filed, specifically saying "Plaintiff has the option of taking Mr. Shargel's and Mr. Yashayev's deposition pursuant to Fed. R. Civ. P. 69. The most efficient way to proceed is for Plaintiff to take those depositions and determine whether any interrogatory answers were materially incomplete."

17. After that time, the court stated a motion could be filed, if it was deemed necessary.

18. Rather than comply with this order, Plaintiff simply filed a new motion on September 4, 2020, alleging essentially the same facts.

19. Interestingly, in **neither** motion, was the collection effort mentioned at all, nor was the alleged service upon my office, which did not occur until a month after the lien was put in place.

20. The reason for this obvious; that Plaintiff was trying to hide this fact, while it continue to alleged it needed further discovery, and to try and accrue more attorneys fees which they are not entitled to.

21. All of this, is while there is an appeal ongoing at docket 20-2357, with briefing already scheduled and almost done.

22. As such, at this time, we move the court to deny Plaintiff's improper motion, and grant a protective order from further collection efforts and grant a stay pursuant Fed. R. App. P. 8(a) on further actions, given the bad faith actions already taken by Plaintiff in this matter.

Date: _September 24, 2020_                                   By:_/s/ Joshua L. Thomas_____
                                                                                Joshua L. Thomas, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES EVERETT SHELTON<br>     Plaintiff<br><br>v.<br><br>FCS CAPITAL LLC, ET AL.<br>     Defendants | No.  2:18-cv-03723-NIQA |

**BRIEF IN OPPOSITION TO THE MOTION FOR SANCTIONS AND IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY AND STAY FURTHER COLLECTION EFFORTS**

Plaintiff's motions again utterly lack merit and in this case, they were untimely filed as this court lacks jurisdiction to hear them. Even if they were not, and could actually be heard by the court at this time, they are still baseless, and procedurally improper.

I.    MATERIAL FACTS AND RELEVANT PROCEDURAL POSTURE

As previously stated on July 24, 2020, All discovery responses were submitted to opposing counsel. (See Exhibit A). What followed was a back and forth, where there were accusations made by Plaintiff's counsel, and Plaintiff directly, regarding the sufficiency of those claims. (See Exhibit B Email exchanges).I stated, on numerous occasions, starting on July 24, 2020, that the additional requests, claimed to be "deficiencies" could not be responded to as merely a list of issues, and that **if** they were submitted as questions, we could simply respond to them as supplemental discovery responses. (See Exhibit B Email exchanges). This was repeated again July 30, 2020, and our willingness to work together on resolving the perceived deficiencies. My response was not only acknowledged by opposing counsel, but one of the perceived deficiencies requested, an updated signature page was soon sent out by him the same

day, after acknowledging what I stated was needed. (See Exhibit B Email exchanges – specifically July 30, 2020 exchange). That page was returned on August 3, 2020.

Then, after what appeared to be continued Good Faith on the part of Plaintiff, devolved again on August 14, 2020. (See Exhibit B Email exchanges – specifically August 14, 2020 exchange). There was a discussion on August 17, 2020, and the same deficiencies were sent, with the intent to work on them and get the responses back to them by the end of the week, and that no collection efforts would be made during that time.

However, it became apparent that Plaintiff had not been working on good faith and behind the scenes, was already using the information sent him, by filing with the state court **the next day** to start collection efforts, contrary to that discussion. (See Exhibit C). To make it worse, he claimed "service" would be made by sending it to my office, when he did not have permission from me to do so, nor that I would accept service for this new pleading.  However, nothing was sent to my office regarding this document, and instead, a lien was placed on Defendant's account for the entire judgment. (See Exhibit D). At no point did I, nor my clients, receive notice of this collection effort, until September 21, 2020, when I received the **regular mail** notice, that included the writ of execution only; a month after the lien had been placed. (See Exhibit E and F). Additionally, a judgment was just entered yesterday in the state court, without proper notice or a chance to defend, for Plaintiff against Defendants for part of the judgment. (See Exhibit C).

A few days after the collection effort was initiated, on August 27, 2020 a "MOTION for Sanctions AND TO DETERMINE SUFFICIENCY OF DEFENDANTS' ANSWERS TO POST-JUDGMENT DISCOVERY" was filed. It was sua sponte denied on September 1, 2020.  In that order, the court stated a deposition should be ordered prior to a new motion for sanctions being

filed, specifically saying "Plaintiff has the option of taking Mr. Shargel's and Mr. Yashayev's deposition pursuant to Fed. R. Civ. P. 69. The most efficient way to proceed is for Plaintiff to take those depositions and determine whether any interrogatory answers were materially incomplete." After that time, the court stated a motion could be filed, if it was deemed necessary. Rather than comply with this order, Plaintiff simply filed a new motion on September 4, 2020, alleging essentially the same facts. Interestingly, in **neither** motion, was the collection effort mentioned at all, nor was the alleged service upon my office, which did not occur until a month after the lien was put in place. The reason for this obvious; that Plaintiff was trying to hide this fact, while it continue to alleged it needed further discovery, and to try and accrue more attorneys fees which they are not entitled to. All of this, is while there is an appeal ongoing at docket 20-2357,  with briefing already scheduled and almost done.

II.     LEGAL ARGUMENTS

    A. A Protective Order And Stay Should Be Granted

In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that "good cause" exists for the order of protection. Fed.R.Civ.P. 26(c); *Smith v. Bic Corp.*, 869 F.2d 194, 199 (3d Cir. 1989). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). " In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process. Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* 105 Harv.L.Rev. 427, 432-33 (1991). The balancing conducted in the discovery context should be applied by courts when

considering whether to grant confidentiality orders at any stage of litigation, including settlement: [T]he court . . . must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. … Courts also have a great deal of flexibility in crafting the contents of protective orders to minimize the negative consequences of disclosure and serve the public interest simultaneously. *Id.* at 433-35 (footnotes omitted).

Among the United States Courts of Appeals alone there are varying tests and conflicting views on what constitutes "good cause" and the factors that should be considered in making the determination to issue a protective order. *See, e.g., Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001); *U.S. v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994). Unifying these differing applications of the "good cause" standard is the absence of bright lines. The standard exists on a continuum, from pre-trial to post-trial, with each stage of the litigation raising competing interests and incongruent concerns. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). Yet, once that material is filed in support of a dispositive motion or as a part of a party's case in chief, it is fundamental to the public's right of access to the courts that the evidence is open to view. Pa. Const., Art. I, §§ 7, 11; *see also* U.S. Const. Amends. I, XIV

In this case, there is good cause, as the injury is clear; Plaintiff has already put a lien on Defendants' account, and already taken a substantial sum, and has a lien in place on Defendants' account for the entire amount of the judgment. Further, he did so with no notice to the parties, or notice to the court, seeming to operate on two different levels, one with the state court pursuit, and the other in court, attempting to cover up the state court efforts until it was too late to undo them. They have done so in an improper matter as well. By filing with the state court, an alleging service

when there was none, Plaintiff violated numerous federal and state rules. First, and most obviously, there was no service even attempted on defendants and second, these actions were a clear violation of rules in place to avoid these exact actions from occurring. Pa.R.C.P. rule 236(a)(2) states, "any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment." Further, Pa.R.C.P. 2958.1(a) states, "A written notice substantially in the form prescribed by Rule 2964 shall be served on the defendant at least thirty days prior to the filing of the praecipe for a writ of execution."

Additionally a "foreign judgment" is defined in the Act as "any judgment, decree, or order of a court of the United States **or of any other court requiring the payment of money** which is entitled to full faith and credit in this Commonwealth." 42 Pa.C.S. § 4306(f). A foreign judgment is entitled to full faith and credit in Pennsylvania so long as "there was jurisdiction by the court which originally awarded the judgment, *see Stambaugh v. Stambaugh,* 458 Pa. 147, 329 A.2d 483 (1974), **and the defendant had an opportunity to appear and defend**, *see Morris Lapidus Associates v. Airportels, Inc.,* 240 Pa.Super. 80, 361 A.2d 660 (1976)." *Everson v. Everson,* 494 Pa. 348, 361, 431 A.2d 889, 895-896 (1981)**. The courts in Pennsylvania will refuse to give full faith and credit to a foreign judgment if it was obtained in derogation of a basic, due process right of the defendant.** *Hanson v. Denckla,* 357 U.S. 235, 255, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283, 1298 (1958).

Pursuant to 42 Pa.C.S. § 4306(c)(1), "at the time of the filing of the foreign judgment, the judgment creditor or his attorney shall make and file with the office of the clerk of the court of common pleas an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor. In addition, such affidavit shall include a statement that the foreign judgment is valid, enforceable and unsatisfied." Pursuant to 42 Pa.C.S. §

4306(d) **"if the judgment debtor shows the court of common pleas that an appeal from the foreign judgment is pending or will be taken,** … **the court shall stay enforcement of the foreign judgment until the appeal is concluded**".

In this case, these rules were flagrantly violated. There was **no** attempt to serve defendants in this matter. At **no time** were Defendants sent any of this paperwork or even the complaint. Instead the only "notice" they got was when the money was removed from their account, and a "notice" was sent to their attorney weeks after the fact, in a manner that clearly was not intended by these rules. Additionally, there is nothing showing Plaintiff showed that this was under appeal to the state court, as the rules require, and as such, they violated the rules in that manner as well.

As such, we now again request a stay of further collection efforts be put in place, pursuant Fed. R. App. P. 8(a)(1) which states, "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal;… or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." That is exactly what we are now requesting. That, in conjunction with 42 Pa.C.S. § 4306(d), we are requesting a stay from this court, pending the outcome of the appeal. As this court is aware, the appeal is moving forward quickly, as briefing is already scheduled, so the stay would not be for long. Additionally, given Plaintiff **already has a lien for the entire judgment amount** on defendant's account **and** a judgment from the court for such, no further lien should be necessary at this time, even if they were procured improperly.

> B. <u>Further Discovery Should Not Be Permitted And Sanctions Denied In Light Of Plaintiff's Bad Faith</u>

Discovery under Federal Rule of Civil Procedure Rule 26(b)(1) must be "relevant" and

"proportional" to the case's needs. Fed. R. Civ. P. 26(b)(1). Rule 69 discovery "'must be calculated to assist in collecting on a judgment.'" *Haiying Xi v. Shengchun Lu*, --- F. App'x ----, No. 18-3541, 2020 WL 751819 (3d Cir. Feb. 14, 2020) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). "Information that could not possibly lead to executable assets" is not relevant. *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 144 (2014). Also, the Court may limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Federal Rule of Civil Procedure 37(a)(5) requires a court to award reasonable expenses, including attorneys' fees, if it grants a discovery motion, unless the parties did not confer, the nondisclosure was substantially justified, or other circumstances make an award of fees unjust. "Substantially justified" means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosurerequirement." *See Junker v. Medical Components, Inc.*, Civ. A. No. 13-4606, 2020 WL 13082999, at * 2 (E.D.Pa. Mar. 19, 2020). Rule 37(b)(2) provides that, where a party does not comply with adiscovery order, a court may "issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).

In this case, Defendants again object to the post-judgment discovery given that there is already a lien, for the entire amount, on Defendants' account. Further discovery would not be needed to continue this process, and as such, Plaintiff is not entitled to any further information at this time. Additionally, sanctions should be denied to PLaintiff, and further, defendants should be entitled to sanctions in the form of attorneys fees and costs for these frivolous motion, that fails to properly comply with the court's order and completely ignores the efforts that were already undertaken in the state matter. If the court wants to give any appearance of justice, it should hold

Plaintiff accountable for this egregious cover up attempt, and misrepresentation through omission, and should be forced to pay attorneys fees costs accordingly.

Date: September 24, 2020              By: /s/ Joshua L. Thomas
                                                                Joshua L. Thomas, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOVETTI LAW, P.C. et al.<br>PLAINTIFFS,<br><br>V.<br><br>JAMES EVERETT SHELTON, et al.<br>DEFENDANTS. | CIVIL ACTION NO.: 2:20-cv-00163-JDW<br><br>*Civil Action* |

## CERTIFICATE OF SERVICE

    I, Joshua L. Thomas, Esq., do hereby certify that service of a true and correct copy of the attached pleadings, and attachments thereto, was delivered by first class mail and/or electronic filing to the below named interested parties.

<u>Party</u>
Bryan A. Reo, Esq. P.O. Box 5100 Mentor, OH 44061


Date: <u>September 24, 2020</u>          By: <u>/s/ Joshua L. Thomas</u>
                                                       Joshua L. Thomas, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMES EVERETT SHELTON
    Plaintiff

v.

FCS CAPITAL LLC, ET AL.
    Defendants

No.    2:18-cv-03723-JDW

**ORDER**

    It is hereby ordered by the court, that Plaintiff's motion is DENIED in its entirety, and Defendant's Motion is GRANTED; this case is STAYED and a protective order from any further collection efforts is now in place, effective immediately until the appeal is complete.

_____

J.