IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SHELTON**<br><br>Plaintiff,<br>v.<br>**FCS CAPITAL LLC et al.**<br><br>Defendant. | Case No. 2:18-cv-03723<br><br>Hon. JOSHUA D. WOLSON |

**REO LAW, LLC**
By: Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Shelton*

## MEMORANDUM OF LAW:

Plaintiff hereby respectfully files this memorandum of law in support of his Motion for

Contempt against Defendants Barry Shargel and Emil Yashayev for failure to comply with this

Court's September 1, 2020 Order.

### I.   MATTER BEFORE THE COURT

Plaintiff/Judgment Creditor James Everett Shelton's Motion to Hold Defendants in Contempt.

### II.   STATEMENT OF QUESTION INVOLVED

    **a.**  Should Defendants/Judgment Debtors Barry Shargel and Emil Yashayev be held in contempt of court for failure to obey the Court's September 1, 2020.

    *Proposed Answer: YES*

1

    b.  Should Defendants/Judgment Debtors Barry Shargel and Emil Yashayev be required to pay Plaintiff's attorney fees and costs incurred in bringing the instant Motion for Contempt?

    *Proposed Answer: YES*

    c.  Should Defendants/Judgment Debtors Barry Shargel and Emil Yashayev be ordered to either pay the total amount of $7,029.08 to Plaintiff within fourteen (14) days, or appear for a Show Cause hearing?

    *Proposed Answer: YES*

## II.   Legal Argument

There is no question that Plaintiff can meet his burden here of establishing that Defendants are in contempt of this Honorable Court's September 1, 2020 Oder.

Proof of contempt requires a movant to demonstrate "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak*, 595 F. 3d at 485 (internal quotation omitted); *Roe*; 919 F. 2d at 871. These elements "must be proven by 'clear and convincing' evidence, and ambiguities must be resolved in the favor of the party charged with contempt." *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3rd Cir. 2003). Although courts should hesitate to adjudge a defendant in contempt when " 'there is ground to doubt the wrongfulness of the conduct,'" *Robin Woods Inc. v. Woods,* 28 F.3d 396, 399 (3rd Cir. 1994) (quoting *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974 (3rd Cir. 1982)), an alleged contemnor's behavior need not be willful in order to contravene the appliable decree, *John T.*, 318 F. 3d at 552; *Harley-Davidson*, 19 F.3d at 148-49. In other words, "good faith is not a defense to civil contempt." *Robin Woods*, 28 F.3d at 399.

*F.T.C. v. Lane Labs- USA, Inc*., 624 F.3d 575, 582 (3rd Cir. 2010).

Here, all three prongs are beyond dispute. A valid court order exists (September 1, ECF No. 77). Defendants received notice via the Court's ECF system to their counsel of record, Joshua L. Thomas, Esquire. Plaintiff also provided a copy of the Court's Order to Defense Counsel via USPS regular mail and via e-mail. Defendants have demonstrated disobedience of this order and as of the date of this filing, Defendants have not requested an extension of time to comply, have not

stated that they intend to cooperate, and have not indicated in any manner that they will comply in the future.

Accordingly, there can be no dispute that all three (3) factors have been met, and Defendants Shargel and Yashayev are both individually in contempt for willfully disobeying this Court's Order. Defendants have not obtained a stay of the September 1, 2020 Order. Such conduct shows a willful disregard of this Court's process. It is respectfully submitted that an Order of contempt against Defendants Shargel and Yashayev is warranted under the circumstances.

### b. *Requested Relief*.

Fed.R.Civ.P. 37(b)(2)(A) sets forth certain sanctions which the Court may Order where a party fails to obey a discovery Order. These include:

> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The fact that final judgment in this action has been issued does not affect this Court's power to hold Defendants in contempt. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456 (1990) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."), *citing United States v. Mine Workers,* 330 U.S. 258, 294, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947) ("Violations of an order are punishable as criminal contempt even though… the basic action has become moot").

Here, Defendants failed to obey this Court's September 1, 2020 Order and are clearly in contempt. In *U.S. v. Harris*, 582 F.3d 512, 514-15 (3rd Cir. 2009), the Court discussed the nature of civil contempt penalties:

> Civil contempt orders are intended to be coercive or compensatory in nature, and do not require, *inter alia,* a jury trial. Rather, civil contempt is imposed by the judge upon a finding that one has failed to comply with a valid court order. *See Shillitani v. United States,* 384 U.S. 364, 370-71, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966) ("The conditional nature of the imprisonment based entirely upon the contemnor's continued defiance justifies holding civil contempt proceedings absent the safeguards of indictment and jury, provided that the usual due process requirements are met.") (internal citations and quotations omitted); *Bagwell,* 512 U.S. at 827, 114 S. Ct. 2552 ("[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are *515 considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.").
>
> With civil contempt, the contemnor will be released subject to compliance with some condition. He is thus understood, in a by-now familiar observation, to "carr[y] the keys of his prison in his own pocket." *Bagwell,* 512 U.S. at 828, 114 S. Ct. 2552 (internal citations and quotations omitted). At the same time, the civil contempt power is regarded as "uniquely ... liable to abuse" because such "proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct." *Id.* at 831, 114 S. Ct. 2552 (internal citations and quotations omitted).

A previous finding of Contempt against the Defendants on July 21, 2020 was not sufficient to convince Defendants to comply with this Court's Order of May 26, 2020. Indeed, Plaintiff has been forced to file yet another Motion for Sanctions (ECF No. 79) against Defendants for their failure to produce documents in aid of execution, as required by this Court's May 26, 2020 Order (ECF No. 55). Defendants have consistently resisted payment of this judgment. Plaintiff requests an Order requiring Defendants to either pay $7,029.08 within fourteen (14) days to Plaintiff or appear for a Show Cause hearing.

### III.   Conclusion

4

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an Order granting his Motion holding Defendants in contempt; require Defendants to pay Plaintiff's attorney's fees for bringing this motion, and for further such relief as his Court deems just and appropriate.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | /s/ BRYAN ANTHONY REO_____ |
| Dated: September 25, 2020 | **REO LAW LLC**<br>By: Bryan Anthony Reo (#0097470)<br>P.O. Box 5100<br>Mentor, OH 44061<br>(Business): (216) 505-0811<br>(Mobile): (440) 313-5893<br>(E): Reo@ReoLaw.org |

## **CERTIFICATE OF SERVICE**

I, Bryan A. Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on September 25, 2020, I submitted Plaintiff's Motion for Contempt, Declaration of Counsel, Memorandum of Law in support, Exhibits, and Proposed Order to the Court's Electronic Filing System, which should automatically provide notification to all attorneys of record that said filing has been submitted.

Dated: September 25, 2020

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Attorney for James Everett Shelton*