IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON,<br><br>*Plaintiff,*<br><br>v.<br><br>FCS CAPITAL LLC, et al.,<br><br>*Defendants.* | Case No.  2:18-cv-03723-JDW |
| JACOVETTI LAW, P.C., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>JAMES EVERETT SHELTON, *et al.*,<br><br>*Defendants.* | Case No. 2:20-cv-00163-JDW |

## ORDER

**AND  NOW,** this 9th day of October, 2020, upon review of the docket in these matters, including the Notice of Non-Compliance With Sanctions Order Dated March 27, 2020 (Case No. 2:20-cv-163, ECF No. 68), the Joint Motion For Rule To Show Case (Case No. 2:18-cv-3723, ECF No. 103), and the *Ex Parte* Reply To Motion For Contempt (Case No. 2:18-cv-3723, ECF No. 104), the Court has determined that an evidentiary hearing is needed to resolve all questions of compliance with its Orders. The Court intends to command attendance at the hearing by, and to take testimony from, at a minimum, the following individuals: (a) Joshua Thomas; (b) Emil Yashayev; (c) Barry Shargel; and (d) Robert Jacovetti. The Court will expect all parties to these actions to attend the hearing.

At the hearing, the Court will consider the following:

1.	Whether Joshua Thomas complied with the Court's sanctions order (ECF No. 29) in Case No. 2:20-cv-163;

2.	Whether Joshua Thomas obtained the consent of Emil Yashayev, Barry Shargel, and FCS Capital to include them as named plaintiffs in Case No. 2:20-cv-163; and

3.	Whether Joshua Thomas provided timely information to FCS Capital and Messrs. Yashayev and Shargel about the status of proceedings in Case No. 2:18-cv-3723, including informing them of the Court's summary judgment decision and entry of judgment, informing them of their obligations to respond to discovery in aid of execution and the Court's Orders concerning that discovery, and informing them about proceedings in the Third Circuit.

The purpose of the hearing is to determine whether the Court should impose sanctions pursuant to Fed. R. Civ. P. 11, 16(f), 26(g), or 37(b)-(d), 28 U.S.C. § 1927, or the Court's inherent authority.

The Court intends to conduct the hearing in person, with all parties and necessary individuals attending in person, subject to appropriate health and safety protocols, including wearing of masks, limiting the number of people in the courtroom, and maintaining appropriate social distance.  However, the Court will consider conducting the hearing virtually, via videoconference, if all parties consent via stipulation filed on the docket on or before October 14, 2020.  Failure to file such a stipulation will lead to the Court issuing an order scheduling the hearing at a date and time convenient for the Court.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.