IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON | : |
| | : Case No. 2:18-cv-03723-JDW |
| | : |
| | : |
| v. | : |
| | : |
| FCS CAPITAL ET AL. | : |

JOINT SUPPLEMENT TO MOTION FOR RULE TO SHOW CAUSE

1. During the hearing of October 15, 2020 [ECF 109], this Honorable Court indicated that without further authority, the Court was without power to order Joshua L. Thomas, Esquire to disclose his malpractice carrier.

2. This Supplement therefore follows.

3. Pursuant to Rule 1.4(c) of the Pennsylvania Rules of Professional Conduct, "A lawyer in private practice shall inform a new client in writing if the lawyer does not have professional liability insurance of at least $100,000 per occurrence and $300,000 in the aggregate per year, subject to commercially reasonable deductibles, retention or co-insurance, and shall inform existing clients in writing at any time the lawyer's professional liability insurance drops below either of those amounts or the lawyer's professional liability insurance is terminated. A lawyer shall maintain a record of these disclosures for six years after the termination of the representation of a client."

4. Pursuant to Rule 1.4(a)(4) of the Pennsylvania Rules of Professional Conduct, a lawyer must "promptly comply with reasonable requests for information" made by the client.

5. Comment 7 of Rule 1.4 of the Pennsylvania Rules of Professional Conduct indicates that "A lawyer may not withhold information to serve the lawyer's own interests or convenience or the interests or convenience of another person."

6. Rule IV(B) of the Attorney Rules of Conduct for the Eastern District of Pennsylvania, adopted in Local Rule 83.6, states that:

"Acts or omissions by an attorney admitted to practice before this court, individually or in concert with any other person or persons, which violate the Rules of Professional Conduct adopted by this Court shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of any attorney-client relationship.

The Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania, as amended from time to time by that state court, except as otherwise provided by specific Rule of this Court after consideration of comments by representatives of bar associations within the state, except that prior court approval as a condition to the issuance of a subpoena addressed to an attorney in any criminal proceeding, including a grand jury, shall not be required."

7. As Rule 1.4(c) in its current form was not adopted until 2017, no litigation has yet ensued based on it, however, violations of the Professional Rules of Professional Conduct are well within the parameters of what is sanctionable behavior by a District Court Judge. Cf. Loftus v. Southeastern Pennsylvania Transp. Auth., 8 F. Supp. 2d 458 (E.D. Pa. 1999).

8. Further, it is in Mr. Thomas' own best interest to open a claim, as it has been held in Post v. St. Paul Traveler's Insurance, 589 F. Supp. 2d 766 (E.D. Pa. 2009) that a malpractice carrier's duty to defend extends to sanctions hearings.

9. It is therefore respectfully requested that this Honorable Court enter an Order compelling disclosure, to Mr. Reo and Mr. Artom-Ginzburg, his declaration sheet for his policy of malpractice insurance.

Respectfully submitted,

_____/s_____
LIONEL ARTOM-GINZBURG, ESQUIRE
For Defendants
PA Attorney ID#88644
Law Offices of Lionel Artom-Ginzburg
The Franklin
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
(215) 925-2915
(267)-930-3934 FAX
lionel@artom-ginzburg.com

                                                                                                                            /s_____
BRYAN ANTHONY REO, ESQUIRE
For Plaintiff
OH Attorney ID#0097470
REO LAW LLC
P.O. Box 5100
Mentor, Ohio 44061
(216) 505-0811
reo@reolaw.org