IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON | : |
| | : Case No. 2:18-cv-03723-JDW |
| | : |
| | : |
| v. | : |
| | : |
| FCS CAPITAL ET AL. | : RESPONSE TO FEE PETITION |

RESPONSE TO FEE PETITION [ECF 101]

During the extensive hearing on November 4, 2020 [ECF 115], this Honorable Court heard, at length, from two different sets of clients of Mr. Thomas', how Thomas failed to communicate with his clients, failed to provide them with material ordered to be produced to them by the Court, including post-judgment interrogatories, as well as Thomas' falsehoods both to clients and to the Court itself.

> *"Federal Rule of Civil Procedure 37 (b) authorizes sanctions for failure to comply with discovery orders. The District Court may bar the disobedient party from introducing certain evidence, or it may direct that certain facts shall be "taken to be established for the purposes of the action. . . ." The Rule also permits the trial court to strike claims from the pleadings, and even to "dismiss the action . . . or render a judgment by default against the disobedient party." See <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U. S. 639 (1976) (per curiam); <u>Dellums v. Powell</u>, 184 U. S. App. D. C. 339, 566 F. 2d 231 (1977). Both parties and counsel may be held personally liable for expenses, "including attorney's fees," caused by the failure to comply with discovery orders.* [fn 10] *Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." <u>National Hockey League v. Metropolitan Hockey Club, supra</u>, at 643."* <u>Roadway Express, Inc. v. Piper</u>, 447 US 752, 763-64 (1980).

Specific and explicit testimony from both Mr. Shargel and Mr. Yashayev stated that they had requested to Mr. Thomas that they appear at the October 2, 2020 hearing, and that Mr. Thomas had not only not provided them with the Zoom link, but that the <u>undersigned counsel</u>, not Mr. Thomas was the one who informed them that the hearing had gone on in their absence. Had they appeared at the hearing and been questioned by Mr. Reo, there would be no basis for the Fee Petition now at issue. That they were not present is entirely due to Mr. Thomas.

It is unfortunate that Mr. Reo was forced to expend time in forcing Mr. Thomas to comply with the Court's Orders. However, Mr. Thomas' <u>clients</u> also spent time and money in an attempt to get Thomas to do his job. It is part of the reason that a malpractice action has been filed against him in 20-cv-5580-CJK. Mr. Reo has already been awarded more than $7,000 in attorney's fees due to Mr. Thomas' inactivity in this case [ECF 77], which were attributable jointly and severally to both attorney and client. Mr. Shargel and Mr. Yashayev, as well as their still-not-operating LLC, have suffered enough due to Mr. Thomas' Bartleby the Scrivener methods of practicing litigation. Rule 37(b)(2)(C) states that a Court may withhold an award of sanctions if "other circumstances make an award of expenses unjust." The undersigned counsel respectfully suggests that, with Mr. Thomas having withdrawn as counsel, leaving his clients with a $54,000 judgment and $7,029.08 in attorney's fees already due, these are just those "other circumstances." It is respectfully requested that the Fee Petition be denied.

                                                  Respectfully submitted,

                                         _____/s_____
                                         LIONEL ARTOM-GINZBURG, ESQUIRE
                                         PA Attorney ID#88644
                                         Law Offices of Lionel Artom-Ginzburg
                                         The Franklin
                                         834 Chestnut Street, Suite 206
                                         Philadelphia, PA 19107
                                         (215) 925-2915
                                         (267)-930-3934 FAX
                                         lionel@artom-ginzburg.com

November 19, 2020

IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

JAMES EVERETT SHELTON            :
                                 : Case No. 2:18-cv-03723-JDW
                                 :
                                 :
v.                               :
                                 :
FCS CAPITAL ET AL.               :

CERTIFICATE OF SERVICE

I, Lionel Artom-Ginzburg, Esquire, do state that I served the preceding Response to Petition for Fees Pursuant to Rule 37 upon Bryan Reo, Esquire, by the CM/ECF system of the Eastern District of Pennsylvania.

_____/s_____
LIONEL ARTOM-GINZBURG, ESQUIRE
PA Attorney ID#88644
Law Offices of Lionel Artom-Ginzburg
The Franklin
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
(215) 925-2915
(267)-930-3934 FAX
lionel@artom-ginzburg.com

November 19, 2020